UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                                                        Chapter 11


ORION HEALTHCORP, INC.,[1]                                  Case No.: **18-71748 (AST)**
                                                                                   (Jointly Administered)


                             Debtors.

-----------------------------------------------------------x

HOWARD M. EHRENBERG IN HIS
CAPACITY AS LIQUIDATING TRUSTEE
OF ORION HEALTHCORP, INC, ET. AL.,                  Adv. Pro. No.: **20-08052-(AST)**

                             Plaintiff,


               v.


ABRUZZI INVESTMENTS, LL.C. and
JOHN PETROZZA,

                             Defendants.

-----------------------------------------------------------x

## DECLARATION OF JOSEPH Z. AMSEL, ESQ. IN SUPPORT OF APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS ABRUZZI INVESTMENTS, LL.C. AND JOHN PETROZZA

Joseph Z. Amsel, of the firm of the Law Offices of Joseph Z. Amsel, PLLC (the

"Firm"), attorneys for the above-captioned defendant's, pursuant to 28 U.S.C. § 1746, and

Local Bankruptcy Rule 2090-1(d) declares under penalty of perjury as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1

1.      I am the attorney of record for the defendants, ABRUZZI INVESTMENTS, LL.C. and JOHN PETROZZA, ("Defendants") and I am making this declaration in support of my Application to Withdraw as Attorney of Record for Defendants.  I have personal knowledge of the facts set forth herein, except as to those facts that are stated upon information and belief, and as to those facts, I believe them to be true.

## GENERAL BACKGROUND

2.      This case was commenced by the filing of a complaint with the Clerk of the Court for the Eastern District of New York on March 14, 2020 by the attorneys for the Liquidating Trustee for the above estate, PACHULSKI STANG ZIEHL & JONES LLP.

3.      Defendant retained my office, the Law Offices of Joseph Z. Amsel, Esq., when the due date to file an answer in this case had already elapsed.  Nonetheless, in an effort to avoid a default against Defendant, as soon as I was retained, I obtained the consent of plaintiff's attorney to extend the time for Defendants to answer.  Thereafter on May 15, 2020, I filed on behalf of Defendants an answer in this case (ECF Doc. 5).

## POSTURE OF THE CASE

4.      On June 22, 2020, this Court issued an initial scheduling order (ECF Doc. 7) setting August 21, 2020 as the deadline for the parties to submit a joint discovery plan.  There are also discovery demands from Plaintiff, which are outstanding.  Plaintiff's counsel has consented to giving Defendants time to answer these discovery demands until July 30, 2020, with the understanding that I will be making this motion in the interim.  Additionally, the parties had previously set July 16th, 2020 as a date to meet and confer regarding a joint discovery plan, though

that meeting will be delayed pending the disposition of this motion.  Finally, pursuant to the Court's scheduling order, a pretrial conference is scheduled for September 21, 2020, at 11:00 a.m.

### FACTS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

5.      While the attorney-client privilege prohibits me from being more specific as to the precise reasons why I can no longer represent Defendants, I sincerely believe that I can no longer continue my representation in this matter based on several of the grounds for withdrawal set forth in Rule 1.16(c) of the New York State Rules of Professional Conduct.  Specifically, there are several fundamental disagreements between myself and Defendants about how this matter should be handled and there is an outstanding balance for fees that are owed to me.

6.      At this relatively early stage in the case, withdrawal can be accomplished without any material adverse effect on the interests of Defendant or to the Plaintiff.  Plaintiff's counsel has graciously agreed to provide Defendants with an extension until July 30, 2020 on all discovery demands that have previously been served on Defendants, during which he understands that I will be moving to withdraw as counsel.  Furthermore, given the Court's deadline for a joint discovery plan on August 21, 2020, there should be ample time for a new attorney to be retained by Defendants and to become acclimated with this case, which I can still assist with in doing.  Thus, incoming counsel should still be able to meet the Court's discovery deadlines set forth in its order dated June 22, 2020.

7.      Without waiving any privilege, I have discussed my withdrawal in this matter with my client and he has consented to my withdrawal on behalf of both named Defendants in

this matter and will not be opposing it.  I have also stressed the importance, given the Court's discovery order, of him finding new counsel as soon as possible.

8.      This withdrawal is not designed to achieve or to harm any strategic goals of any party or to cause undue delay in this matter.  Indeed, as set forth above, I believe that this withdrawal and the entrance of a new attorney can reasonably be accomplished without any unnecessary delay.

## RELIEF REQUESTED

9.      Based on the forgoing, I am seeking an order pursuant to Rule 2090-1(d) ("Rule 2090-1(d)") of the Local Bankruptcy Rules for the Eastern Districts of New York granting me leave to withdraw as counsel of record for Defendants.

10.      Rule 2090-1(d) provides:

> An attorney who has (i) filed a bankruptcy case on behalf of a debtor, (ii) been authorized to be retained or (iii) has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee.  An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

11.      It is respectfully submitted that the foregoing facts constitute "satisfactory reasons" for this Court's approval of my withdrawal as counsel in this case.

12.      First, it is well settled under Rule 1.4 of the Local Rules of the Eastern Districts of New York (the District Court's equivalent to Rule 2090-1(d)), that a client's failure to pay legal fees constitute "satisfactory reasons" for withdrawal of counsel. *Team Obsolete. Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 164, 165-66 (E.D.N.Y. 2006).  As set forth above, the Defendants have failed to stay current with paying my legal fees.

13.     In the Sixth Circuit's decision in *Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009), the Court noted, "while these rules stop short of guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Id*. at 538.

14.     In addition, without waiving any privilege, as set forth above, there are fundamental differences between myself on my clients in how this matter should be handled that constitute acceptable grounds for withdrawal under Rule 1.16(c) of the New York State Rules of Professional Conduct.

15.     Therefore, I respectfully request to be granted leave to withdraw as counsel for Defendants in this matter.

## NO PRIOR REQUEST

16.     No prior application has been made by me for the relief sought herein.

WHEREFORE, the Firm respectfully requests the entry of an Order granting the relief requested for which no previous request has been made, and that the Court grant such other and further relief it deems just and proper.

Dated: New York, New York
      July 10, 2020

<div style="margin-left:45%">

Respectfully submitted,
Law Office of Joseph Z. Amsel

By: */s/ Joseph Z. Amsel*
Joseph Z. Amsel, Esq.
43 West 43rd Street, Suite 265
New York, NY 10036
Tel: (888) 558-7425
JZAmsel@AmselLaw.com

</div>

## CERTIFICATE OF SERVICE

1.  I, Joseph Z. Amsel, do hereby certify that on the 10th day of July, 2020, I caused to be served a copy of the DECLARATION OF JOSEPH Z. AMSEL, ESQ. IN SUPPORT OF APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS ABRUZZI INVESTMENTS, LL.C. AND JOHN PETROZZA, filed herewith to be served by this Court's CM/ECF System on all parties to this adversary proceeding.

2.  I further certify that I caused to be served a copy of said papers via electronic mail to the last known email address for Defendants, which I have recently used to communicate with said Defendants, as well as by sending a copy of said papers via certified mail to the last known address of Defendant, which I have no reason to believe has recently changed.

*/s/ Joseph Z. Amsel*
Joseph Z. Amsel, Esq.
43 West 43rd Street, Suite 265
New York, NY 10036
Tel: (888) 558-7425
JZAmsel@AmselLaw.com