UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC. [1] | Case No. 18-71748 (AST) |
| | (Jointly Administered) |
| Debtors. | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, | |
| Defendants. | |

## RESPONSE AND LIMITED OPPOSITION OF PLAINTIFF, HOWARD M. EHRENBERG, TO APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS ABRUZZI INVESTMENTS L.L.C. AND JOHN PETROZZA AND MEMORANDUM IN SUPPORT OF THE MOTION

Plaintiff, Howard M. Ehrenberg, Liquidating Trustee of Orion Healthcorp., *et al.* (the "Plaintiff"), hereby submits his response and limited opposition to the Declaration (the "Declaration") of Joseph Z. Amsel, Esq. in support of Application to Withdraw as Attorney of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). . The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Record (the "Application") for Defendants, Abruzzi Investments, LLC and John Petrozza (collectively the "Defendants") [Dkt. No. 10] and the Supplemental Declaration of Joseph Z. Amsel, Esq. (the "Supplemental Declaration") [Dkt. No. 11].  In support of this response the Plaintiff respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a), and this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

## Factual Background

3. On March 16, 2018, each of the Debtors except New York Network Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code and NYNM commenced its voluntary petition on July 5, 2018, seeking the entry of an Order for Relief under Chapter 11 of Title 11, United States Code (therein after, the "Bankruptcy Code").  The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

4. On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").  The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action, of the Debtors.

5. On March 14, 2020, Plaintiff filed its Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; and (2) Recovery of Avoided Transfers and Objection to Claim Nos. 10063 and 10064 (the "Complaint") (Dkt. No. 1), which seeks to avoid and recover from Defendant preferential transfers in the total amount of $250,000. By agreement, Plaintiff extended the date for Defendants to answer the complaint to May 15, 2020. (See Declaration of J. Nolan, ¶3).

6. The Defendants filed an answer to the Complaint on May 15, 2020 (the "Answer") (Dkt. No. 5). Btzalel Hirschhorn, Esq., outside counsel to the Law Offices of Joseph Z. Amsel. (hereinafter "Amsel") appears on the Answer as sole counsel for the Defendant.

7. On June 1, 2020, Plaintiff served his *Request for Production of Documents to Defendant Abruzzi Investments, LLC, and to Defendant John Petrozza*. On June 2, 2020, Plaintiff served Interrogatories *to Defendant Abruzzi Investments, LLC, and to Defendant John Petrozza, and Request for Admissions to Defendant Abruzzi Investments, LLC.* Counsel for the Defendants requested an extension on two occasions, the second request based upon his intent to withdraw and to allow new counsel the opportunity to address. The last extension expired on July 30, 2020. (See Declaration of J. Nolan, ¶4. To date Plaintiff has not received written responses or documents to written discovery from either defendant. (See, Declaration of J. Nolan, ¶4).

8. The Application seeking authority to withdraw as counsel for the Defendants, was filed on July 10, 2020 [Dkt. No. 10]. The Supplemental Declaration was filed on August 21, 2020 [Dkt. No. 11].

**Argument**

9. A party other than one specified in section 1201 of this chapter, may prosecute or defend a civil action in person or by attorney, except that a corporation or voluntary

association shall appear by attorney. N.Y. C.P.L.R. 321(a). In addition, federal courts have interpreted 28 U.S.C. § 1654 to require a corporation to be represented by counsel in a pending litigation matter. See James v. Daley, 406 F.Supp. 645, 648 (D.Del. 1976).

10.  Counsel Joseph Amsel advised on July 8, 2020 that he intended to withdraw as counsel. He promptly moved to withdraw on July 10, 2020. However, two months later, the Defendants still have not retained counsel. The withdrawal of Amsel as counsel will, in all probability, leave the Defendants without counsel and non-responsive.

11.  The Plaintiff opposes the Application to the extent the granting of the Application would leave the Defendants without benefit of counsel. Deadlines would continue to fall by the wayside and this matter would be further delayed.

12.  To the extent that the Court is inclined to grant the Application, any such granting of the Application should be conditioned upon the appearance of replacement counsel within ten (10) days of entry of the order granting the Application and further conditioned that, should counsel fail to formally appear, the Defendants' Answer be automatically stricken on the eleventh day. The Defendants have had over two months to retain counsel and the delay is without justification.

**Conclusion**

For the reasons set forth herein, Plaintiff respectfully asks the Court to condition any grant of relief requested in the Application so as to require that the Defendants retain new counsel within ten (10) days upon penalty of having the Answer stricken.

Dated:  September 2, 2020   PACHULSKI STANG ZIEHL & JONES LLP

  */s/ Jeffrey P. Nolan*
  Ilan D. Scharf
  Jeffrey P. Nolan (Admitted *pro hac vice*)
  10100 Santa Monica Blvd., 13th Floor
  Los Angeles, California 90067

Telephone: (310) 277-6910
Facsimile: (310) 201-0760

*Counsel for Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al.*