UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 8-18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 8-20-8052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, | |
| Defendant(s) | |

## CASE MANAGEMENT AND DISCOVERY PLAN

In order to promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "Adversary Proceeding"), the parties submit the following schedule to apply to the Adversary Proceeding. This Discovery Plan is submitted in compliance with the Initial Scheduling Order issued by the Court on June 22, 2020, and in accordance with Fed. R. Civ. P. 16(b) and 26(f).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than November 6, 2020.

2. Not later than November 6, 2020, the parties will meet and confer regarding documents maintained in electronic format. Plaintiff identifies the issue of the Debtors' servers, some of which have been coded into a searchable format while others which would require additional time and expenditures. The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

3. All <u>fact</u> discovery shall be completed no later than March 15, 2021.

4. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules"). The parties anticipate discovery on the subject transfers, product and services rendered, and the surrounding business dealings.

5. Expert discovery

    a. All <u>expert</u> discovery shall be completed no later than May 22, 2021.

    b. No later than March 22, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter.

6.     Mediation

If the parties desire and agree to mediate their dispute(s) at any time during the pendency of this adversary proceeding, they shall jointly file a stipulation (the "Stipulation") with the Court

7.     Motions

    a.     All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto *(see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery *(see* paragraph 3 hereof).

8.     Trial

    a.     Trial in this matter is scheduled for _____, 2021. The proposed Joint Pretrial Order shall be prepared and submitted on or before_____, 2021. Plaintiff's trial estimate is one day. Defendant's trial estimate is one day.

9.     This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: October 23, 2020

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attorneys for Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al* | **Giuliano Law, PC**<br>Counsel to Abruzzi Investments, LLC and John Petrozza |
| By: */s/ Jeffrey P. Nolan*<br>  Ilan D. Scharf, Esq.<br>  Jeffery P. Nolan, Esq., (Pro Hac Vice)<br>  780 Third Avenue, 34th Floor<br>  New York, NY 10017<br>  Tel: (212) 561-7700<br>  Email: ischarf@pszjlaw.com | By: */s/ Anthony F. Giuliano*<br>  Anthony F. Giuliano, Esq.<br>  445 Broadhallow Road, Suite 25<br>  Melville, New York 11747<br>  Tel: (516) 792-9800<br>  Email: afg@pryormandelup.com |

**SO ORDERED:**