

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

Jeffrey P. Nolan September 3, 2021 jnolan@pszjlaw.com

The Honorable Alan S. Trust
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re: **In re: Orion HealthCorp, Inc., et al.**
**Howard Ehrenberg v. Abruzzi, John Petrozza, et al**
**Adv. Proc. No. 20-08052-AST**

Dear Judge Trust:

Pursuant to 7056-1(a), Howard Ehrenberg, as the duly appointed Trustee, and Plaintiff in the above referenced adversary, moves the court for a pre-motion conference as part of his request to file a motion for summary judgment. Given the moderate amount at issue and the simple fact pattern, the Trustee believes the legal issue is capable of resolution following the close of expert discovery on November 1, 2021. The basis to move for summary judgment is as follows:

On the evening of May 24, 2017, Paul Parmar, the Debtors' officer and controlling shareholder ("Parmar"), directed Mitchell Greene at Robinson Brog to immediately forward $250,000 to Parmar's good friend, John Petrozza and his solely controlled investment vehicle Abruzzi Investments, LLC, from the Debtor's IOLA account held at Robinson Brog (the "IOLA Account"). No business purpose was stated for the transaction. It is undisputed that Abruzzi Investments, LLC, and Mr. Petrozza performed no services or business for the Debtor.

On May 25, 2017, $250,000 was wired (the "Transfer") from the IOLA Account which Parmar utilized as he alone deemed appropriate. Defendant claims the Transfer was a personal loan between friends which he returned.

On June 29, 2017, Defendants wired $250,000 to Sunshine Star, LLC. Sunshine Star, LLC. was created days earlier by Parmar, with his girlfriend, Elena Sartison, acting as the account holder. Sartison was owed $250,000 from Parmar as a result of an assault by Parmar and their alleged settlement.



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

On October 16, 2017, the Sunshine Star, LLC bank account was closed.

Plaintiff alleges causes of action for intentional and constructive fraudulent conveyance under state and federal law. Pursuant to an intentional fraud theory, DCL Section §276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. DEBT. & CRED. LAW §276; *Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 658 (Bankr. E.D.N.Y. 2008) [I]t is well accepted that intent to hinder or delay creditors is sufficient, and intent to defraud need not be proven." Id citing to *In re MarketXT. Holdings Corp*., 376 B.R. 390 at 403 (citing *Shapiro v. Wilgus*, 287 U.S. 348, 354, 53 S. Ct. 142, 77 L. Ed. 355 (1932)). Here, the Transfer occurred within two years of the filing the Petition, involved the concealment and diversion of the Debtor's funds through an IOLA account for an officer of the Debtor's personal benefit. Sunshine Star, LLC, was created for an improper purpose.

A constructively fraudulent transfer is one in which the debtor, voluntarily or involuntarily, conveyed to a creditor or other person property for which the debtor received less than "reasonably equivalent value…" No intent of wrongdoing is required. William L. Norton, III and Roger G. Jones, Norton Creditors Possessive Rights Handbook, §11:6, (November 2003). Transfers made to benefit third parties are not made for "fair" consideration under the bankruptcy code. *Christian & Porter Aluminum Co.*, 584 F.2d 326, 337 (9th Cir. 1978) (a general assignment of a debtor's property must be considered fraudulent if not made solely for the benefit of creditors). It is not disputed that Defendants gave no value and satisfied no antecedent debt owed to the Debtor. Even under the Defendants' alternative explanation (a personal loan) the Trustee is entitled to a judgment as a matter of law. While Plaintiff has produced an expert report to demonstrate the Debtor was insolvent as of the date of the Transfer, it is undisputed that a judgment creditor existed as of December 2015, which creditor remained unpaid as of the filing of the Petition. If fair consideration is lacking for the Transfer and a judgment creditor exists who remains unsatisfied, the Transfer is fraudulent per se pursuant to NY DCL §273-a (the insolvency of the Debtor being irrelevant to a finding of liability).

The issue is properly addressed on summary judgment.

PACHULSKI
STANG
ZIEHL
JONES
LAW OFFICES

The Honorable Alan S. Trust
September 3, 2021
Page 3

Very truly yours,

Jeffrey P. Nolan

JPN:rlm

cc: Anthony F. Giuliano, Esq. (Via ECF)
(Counsel for Defendant, John Petrozza; Abruzzi Investments)

DOCS_LA:339561.4 65004/003