UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, | |
| Defendants. | |

**JOINT STATEMENT OF UNCONTROVERTED
FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; AND**

**PLAINTIFF'S SEPARATE STATEMENT OF ADDITIONAL
UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Comes now, the Parties, and submit the agreed on Joint Separate Statement of Uncontroverted Facts with respect to Plaintiff's Motion for Summary Judgment;

## I. JOINT STATEMENT OF UNCONTROVERTED FACTS

| | Statement of Fact | Evidentiary Support |
|---|---|---|
| 1. | The Debtors were a consolidated enterprise of several companies aggregated through a series of acquisitions which operated in the healthcare sector primarily in revenue and practice management for physician practices. | Stipulated Fact. |
| 2. | Defendant John Petrozza is an individual residing in the State of Florida and who owns the Marina located at 225 Ellis Street, Staten Island, NY. | Stipulated Fact. |
| 3. | Defendant Abruzzi Investments, LLC is a Limited Liability Corporation that has no employees, officers or directors but is managed by Defendant Petrozza for the sole purpose of investing his monies. | Stipulated Fact. |
| 4. | In 2015 or 2016 Defendant Petrozza thought of Mr. Parmar as a very close friend who socialized at Mr. Parmar's residence. | Stipulated Fact. |
| 5. | In June 2013, Defendants believed they were investing $4MM in Constellation Health Investment which allegedly had an ownership interest in the Debtor Orion. | Stipulated Fact. |
| 6. | On July 3, 2018, Defendant Abruzzi Investments, LLC filed claim no. 10062 in the bankruptcy case, identifying itself as a shareholder (common stock) of Constellation Healthcare Technologies, Inc. | Stipulated Fact. |

| **Statement of Fact** | **Evidentiary Support** |
|---|---|
| 7. On July 3, 2018, Defendant Abruzzi Investments, LLC filed claim no. 10063 on July 3, 2018, asserting it held a 49% member interest in Constellation Healthcare Technologies, Inc. | Stipulated Fact. |
| 8. FTI Consulting, Inc. ("FTI") was appointed in September 2017 to conduct a forensic examination of the Debtors' business following questions raised as to CHT's financial condition. | Stipulated Fact. |
| 9. Timothy J. Dragelin served as the Debtors' CEO and CRO shortly after the resignation of executives Parmar, and termination of Sam Zaharis, and Ravi Chivukula on September 29, 2017, and through the filing of the Petition, restructuring and sale of the Debtors' assets. | Stipulated Fact. |
| 10. On September, 16, 2015, the Debtor CHT acquired *Phoenix Health, LLC* for 14.0 million, and acquired its business. However, Phoenix had no business, assets or employees and was a fictitious entity. | Stipulated Fact. |
| 11. On September, 18, 2015, the Debtor CHT acquired *Northstar Acquisition, LLC* for 18.0 million, and acquired its business. However, Northstar had no business, assets or employees and was a fictitious entity. | Stipulated Fact. |
| 12. On February 10, 2016, CHT acquired MDRX Medical Billing, LLC ("MDRX") for 28MM. | Stipulated Fact. |
| 13. MDRX had no assets, employees, conducted no business and was a sham transaction with fake revenue. | Stipulated Fact. |

| Statement of Fact | Evidentiary Support |
|---|---|
| 14. | In November 2016, as part of the Go-Private Transaction, Defendant Petrozza met with Parmar and the Board of Directors and approved the Go-Private Transaction so they could all make a gazillion dollars. | Stipulated Fact. |
| 15. | The Operating Agreement of Lexington Landmark Services, LLC identifies Defendant Petrozza as the 100% owner member. | Stipulated Fact. |
| 16. | As far as Petrozza knew, Lexington Landmark Services, LLC did not exist as a legitimate business, Petrozza's signature was forged, and he never gave Robinson Brog authority to receive monies on behalf of such entity. | Stipulated Fact. |
| 17. | As far as Petrozza knew, the documents filed with the IRS on behalf of Lexington Landmark Services, LLC in December 2016 were for a bogus company. | Stipulated Fact. |
| 18. | On January 30, 2017, approximately $46,000,000 that resulted from the Go-Private transaction was transferred into the Debtor's IOLA account at the firm of Robinson Brog and listed under a caption that reads "Constellation Health/CHT Closing". | Stipulated Fact. |
| 19. | BOFA is the largest creditor in the bankruptcy case with an outstanding secured claim in the amount of $158,200,710.89. | Stipulated Fact. |
| 20. | In accordance with the Bankruptcy Court's Order dated, June 26, 2018, Robinson Brog was ordered to turn over the IOLA account statement for escrow funds held on behalf of the Debtors and the non-debtor entities listed on exhibit A to the Order. | Stipulated Fact. |
| 21. | On June 28, 2018, the unredacted Robinson Brog IOLA Quick Report was produced that | Stipulated Fact. |

| | **Statement of Fact** | **Evidentiary Support** |
|---|---|---|
| | shows $4MM deposited from Abruzzi Investments, LLC. | |
| 22. | Defendant Petrozza testified that on May 24, 2017, he asked Paul Parmar for a personal loan of $200,000 to lease a house and cannot explain why the sum disbursed was $250,000. | Stipulated Fact. |
| 23. | Petrozza was not certain why he received $200,000 from Parmar via Wingman Health Corp. | Stipulated Fact. |
| 24. | On June 28, 2017, $250,000 was liquidated from an Investment Account of Abruzzi Investments, LLC and forwarded to Defendants' checking account. | Stipulated Fact. |
| 25. | On June 29, 2017, Defendant Abruzzi Investments, LLC, wired $250,000 to Sunshine Star, LLC. | Stipulated Fact. |
| 26. | Defendant Petrozza and Abruzzi performed no service for the Debtor. | Stipulated Fact. |
| 27. | According to Petrozza, he needed the money quickly for his move to Florida and there was no documentation for the loan as in the past they were made by a handshake. | Stipulated Fact. |
| 28. | Defendants are not aware whether the funds sent to Sunshine Star LLC benefitted the Debtors. | Stipulated Fact. |
| 29. | Petrozza suspected in January 2017 that Parmar was having financial issues and could not pay his bills. | Stipulated Fact. |
| 30. | Defendant Petrozza was struggling for cash at the time of the Transfer and had no liquidity. | Stipulated Fact. |

| **Statement of Fact** | **Evidentiary Support** |
|---|---|
| 31. On December 16, 2015, the Southern District Court of Texas issued a Judgment in the amount of $194,185, against the Debtor Orion Healthcorp, Inc. in favor of former employees Jack McBride and Alan Nottingham for unpaid deferred compensation. The Judgment was filed as a proof of claim in Case No. 8-18-71748, and assigned claim no. 10001. The filed claim remains unsatisfied. | Stipulated Fact. |
| 32. On March 9, 2016, a lawsuit was initiated in the Supreme Court of the State of New York by Criterions, LLC, against the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc. | Stipulated Fact. |
| 33. Judgment was entered on November 30, 2017, against the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc. in the amount of $77,767.26. | Stipulated Fact. |
| 34. On March 23, 2018, a Suggestion of Bankruptcy was filed by the Debtors Physician Practice Plus, LLC and Constellation Healthcare Technologies, Inc Supreme Court of the State of New York. | Stipulated Fact. |
| 35. Defendant Petrozza asserts he was an investor at the time of the go-private transaction as he wanted to grow his investment of $4MM to $16-24 MM. | Stipulated Fact. |

Comes now, Plaintiff, and submits his Separate Statement of Additional Uncontroverted Facts with respect to Plaintiff's Motion for Summary Judgment. Defendants do not stipulate to the following facts:

## II. PLAINTIFF'S ADDITIONAL SEPARATE STATEMENT OF FACT

| | | |
|---|---|---|
| 36. | On February 19, 2016, $5,058,408.81, was transferred out of the Debtor Constellation Healthcare Technologies, Inc, bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of Edith Wong ("Affidavit of E. Wong"), ¶5, referencing, February 2016 M&T Bank Statement, attached as Exhibit A to the Affidavit. |
| 37. | On August 10, 2016, $12,740,000 was transferred out of the Debtor Constellation Healthcare Technologies, Inc, bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of E. Wong, ¶5, referencing, August 2016 M&T Bank Statement, attached as Exhibit B to the Affidavit. |
| 38. | On March 10, 2017, $5,590,000 was transferred out of the Debtor Orion HealthCorp. Inc., bank account to the IOLA account at the firm of Robinson Brog. | See, Affidavit of E. Wong, ¶6, referencing March 2017, JP Morgan Chase Bank Statement, attached as Exhibit C to the Affidavit. |
| 39. | For the fiscal year 2014, 23 million dollars borrowed by Orion was deposited and appeared in the IOLA account which debt was reflected in the audited Consolidated Financial Statements of the Debtors as "net proceeds from long term debt". | See, Affidavit of Frank Lazzara ("Affidavit of F. Lazzara"), ¶7, referencing 2014 Audited Consolidated Financial Statement, attached as Exhibit 2 to the Affidavit. |
| 40. | The Escrow Account balance in the IOLA account for year ending 2016 of $7,280,279.00 was reflected in the CHT general ledger balance as $7,255,363.00 which comprised nearly all of the cash balance reported on CHT's balance sheet in its audited financials for the year ended December 31, 2016. | See, Affidavit of F. Lazzara, ¶8, referencing CHT general ledger, CHT balance sheet and Audited Financials for 2016, attached as Exhibits 5, 6 and 7 to the Affidavit |
| 41. | Escrow statements found as attachments to email communications from April 2016 to September 2017 indicate that the IOLA Account provided by Robinson Brog during routine reporting consisted of a cumulative report containing all account activity to the Debtors' | See Affidavit of F. Lazzara, ¶6, referencing E-mail dated September 27, 2017, and IOLA Account statement attached as Exhibit 1 to the Affidavit. |

| | | |
|---|---|---|
| | former senior management on a consolidated basis and did not differentiate between debtor and non-debtors. | |
| 42. | At the end of 2016, the IOLA account funds were used to pay Robinson Brog legal fees for Debtor, including as incurred for the Go-Private Transaction. | See, Affidavit of F. Lazzara, ¶9, referencing December 22, 2016 email and Billing Memorandum, attached as Exhibits 3 and 4 to the Affidavit. |
| 43. | Despite making a number of acquisitions in 2016, the Debtor was unable to generate additional revenue and in fact generated less revenue than 2015, which illustrates the fictitious nature of the acquisitions by Orion. | See, Affidavit of Jeffrey P. Nolan ("Affidavit of J. Nolan"), ¶5, referencing Expert Report of Craig Jacobsen, ¶47, p. 12, attached as Exhibit 4 to the Affidavit. |
| 44. | Robinson Brog incorporated Lexington Landmark Services, LLC, on November 17, 2016. | See, Affidavit of J Nolan, ¶3, referencing Certificate of Formation, Depo. of J. Petrozza, PET Ex. 7; attached as Exhibit 2 to the Affidavit;<br><br>See, Affidavit of E. Wong referencing Ehren-Abruzzi 000030; attached as Exhibit D to the Affidavit. |
| 45. | Pulsar Adance [sic] Care, LLC was created pursuant to the Operating Agreement on November 17, 2016, and which identifies Salil Sharma, Parmar's brother-in-law, as the 100% owner member. | See, Affidavit of J. Nolan, ¶3, referencing Operating Agreement attached as Exhibit 2, to the Affidavit, and Deposition of Petrozza, pg. 84, 3-20 attached as Exhibit 2 to the Affidavit.<br><br>See, Affidavit of E. Wong referencing Ehren-Abruzzi 00040-45; attached as Exhibit F to the Affidavit; |
| 46. | Sam Zaharis indicated he would need to have authority to open bank accounts for the differing legal entities to receive the Go-Private monies. | See, Affidavit of E. Wong referencing Email dated January 23, 2017, PET Ex. 11; Ehren-Abruzzi 000030; attached as Exhibit G to the Affidavit. |
| 47. | Without operational bank accounts, Robinson Brog indicated they would receive proceeds from the privatization transaction. | See, Affidavit of E. Wong referencing Correspondence from Robinson Brog dated January 25, 2017, and letters of consent for each company to Martin Lilly; Ehren-Abruzzi 000030-39 attached |

| | | as Exhibit H to the Affidavit. |
|---|---|---|
| 48. | Axis Medical Services, LLC, Lexington Landmark Services, LLC, and Pulsar Advanced Care, LLC, all located at the same address in Hazlet, NJ, were assigned Employer identification numbers by the IRS on the same day, December 5, 2016. | See, Affidavit of E. Wong referencing Correspondence dated December 5, 2016, from the Internal Revenue Service, attached as Exhibit I to the Affidavit. |
| 49. | Axis Medical Services, LLC and Vega Advanced Care, LLC were bogus companies set up under the name of Mr. Vardi for the Go-Private Transaction. | See, Affidavit of J. Nolan referencing Depo. of Petrozza, pp. 135-136, lns. 18-6; Attached as Exhibit 2 to the Affidavit. |
| 50. | Vega Advanced Care, LLC, located at the same address in Hazlet, NJ, was assigned Employer identification number by the IRS on December 12, 2016. | See, Affidavit of E. Wong referencing Correspondence dated December 12, 2016, from the Internal Revenue Service, attached as Exhibit J to the Affidavit. |
| 51. | Pursuant to the Credit Agreement, Bank of America ("BOFA") advanced to the Debtors $130,000,000 in debt to fund the Go-Private Transaction. | See, Affidavit of E. Wong referencing Credit Agreement, dated January 30, 2017 among Bank of America and the Borrowers; attached as Exhibit K to the Affidavit. |
| 52. | The Credit Agreement with BOFA was executed by all of the Debtors and was secured by all of the Debtors' assets. | See, Affidavit of E. Wong referencing Note and Pledge Agreement dated January 30, 2017 among Bank of America and the Borrowers; attached as Exhibit L to the Affidavit. |
| 53. | On May 24, 2017, at 8:39 pm, Parmar directed Mitchell Greene at Robinson Brog to wire $250,000 from the Robinson Brog IOLA account to Defendant Abruzzi Investments, LLC. | See, Affidavit of E. Wong referencing Email dated May 24, 2017, Ehren-Abruzzi 000018; attached as Exhibit M to the Affidavit. |
| 54. | Parmar directed Robinson Brog to take from any escrow. | See, Email dated May 24, 2017, from Paul Parmar; attached to the Affidavit of E. Wong as Exhibit M. |
| 55. | On May 25, 2017, Robinson Brog confirmed to Paul Parmar and Sam Zaharis at Constellation the debit and wire of $250,000 from the IOLA | See, Affidavit of E. Wong referencing Email dated May 25, 2017, Ehren-Abruzzi 000019; attached as Exhibit N to |

|     | account. | the Affidavit. |
| --- | --- | --- |
| 56. | At the request of Paul Parmar, his girlfriend Elena Sartison opened a bank account at M&T Bank for Sunshine Star LLC, with an address of 16 Colts Gait Lane, Colts Neck NJ. | See, Affidavit of Elena Sartison; referencing Ex B, Bank Statement for Sunshine Star, LLC, for the period August 1, 2017 to August 31, 2017 attached to the Affidavit. |
| 57. | The Debtor's books and records evidence no antecedent debt owed to Sunshine Star, LLC and satisfied as a result of the June 29, 2017 transaction. | See, Affidavit of F. Lazzara, ¶ 11. |
| 58. | The Debtor's books and records evidence no antecedent debt owed to Petrozza and/or Abruzzi Investments, LLC between January 1, 2017 and December 31, 2017. | See, Affidavit of F. Lazzara, ¶ 11. |
| 59. | The account at M&T Bank for Sunshine Star, LLC was closed on October 16, 2017. | See, Affidavit of J. Nolan referencing M&T Bank Statement, Abruzzi M&T 000007-08; attached as Exhibit 5 to the Affidavit. |
| 60. | The Debtor's records evidence no antecedent debt satisfied concurrently with the diversion of the $250,000. | See, Affidavit of F. Lazzara, ¶11. |

Dated:  February 22, 2022         PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ Jeffrey P. Nolan*
     Ilan D. Scharf, Esq.
     Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
     PACHULSKI STANG ZIEHL & JONES LLP
     780 Third Avenue, 34th Floor
     New York, New York 10017
     Telephone:    (212) 561-7700
     Facsimile:     (212) 561-7777

     Counsel for the Plaintiff,
     Howard M. Ehrenberg in his capacity as
     Liquidating Trustee of Orion Healthcorp, Inc., *et al*.

Dated:  February 22, 2022        GIULIANO LAW. P.C.

                                                By:   */s/ Anthony Giuliano*
                                                       Anthony Giuliano, Esq
                                                       7445 Broadhollow Rd., Suite 25
                                                       Melville, New York 11747
                                                       Telephone:     (516) 792-9800

                                                       Counsel for the Defendants