UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.[1] | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, | |
| Defendant(s) | |

**DECLARATION OF FRANK A. LAZZARA IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

DOCS_LA:340543.5 65004/003

I, FRANK A. LAZZARA, being duly sworn, deposes and says: I, Frank A. Lazzara, make this Declaration in support of Plaintiff's Motion for Summary Judgment or, In The Alternative, Summary Adjudication in the above referenced adversary. I make this declaration based on (a) my personal knowledge, (b) my review of relevant documents and information concerning the Debtors' operations, (c) my opinions based upon my experience and knowledge of the Debtors' historically reported financial operations and financial conditions, or (d) information provided to me by management, advisors, employees or other representatives of the Debtors.

1.  I was a Managing Director in the Forensic and Litigation Consulting practice of FTI Consulting, Inc. ("FTI"). I am currently a Managing Director in the Global Investigations practice at J.S. Held LLC. I am a Certified Public Accountant ("CPA") in the state of New York, a Certified Fraud Examiner ("CFE"), and am Certified in Financial Forensics ("CFF") by the American Institute of Certified Public Accountants ("AICPA"). I have more than 30 years of experience in accounting, auditing, controllership and forensics.

2.  In September 2017, FTI was retained in connection with multiple investigative, advisory, and restructuring tasks regarding Constellation Healthcare Technologies, Inc., Orion Healthcorp., et al. ("CHT"). I led a team of FTI professionals (the "FTI Investigations Team") who, in conjunction with CHT's counsel, began an investigation into the then-current and historically reported financial condition of the Debtor. Beginning September 29, 2017, computer forensics professionals from the FTI Investigations Team directed the collection of CHT's electronically stored information ("ESI") from servers maintained by CHT and its subsidiaries.

3. Included within such acquired ESI were the Office 365 mailboxes of CHT's former CEO, Parmjit "Paul" Parmar ("Parmar"), and CHT's former CFO, Sam Zaharis ("Zaharis"), in addition to CHT's financial systems, accounting records, bank statements, accounts payable, receivables, vendor, customer files and financial systems. The FTI Investigations Team searched and reviewed the financial records, e-mails, and accounts payable information with regard to past operations of the Debtors.

4. FTI also conducted various forensic analyses in an effort to identify and corroborate the payment of certain accounts going forward. As such, I am personally familiar with the Debtors' book and records and the historical communications that were committed to e-mail. I continue to assist the plaintiff, Howard M. Ehrenberg, in his capacity as the Liquidating Trustee of Orion Healthcorp, Inc. *et al.* (the "Liquidating Trustee" or "Plaintiff"), in the conduct of investigative tasks.

5. In its review of the Debtors' books and records, the FTI Investigations Team discovered an email communication, dated as of September 27, 2017, from A. Mitchell Greene, a managing partner at Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), to Zaharis, the former CFO of the Debtors (the "September 27, 2017 E-mail"), with an attached ledger of the IOLA activity in the account maintained by Robinson Brog at Wells Fargo Bank, N.A. (the "IOLA Account" or "IOLA"). A true and correct copy of the covering email and attachment are attached herein as Exhibit 1.

6. IOLA statements found as attachments to email communications from April 2016 to September 2017 indicate that the IOLA Account was reported and maintained in a single file and sent to the executives of the Debtors, namely Parmar, Zaharis and Ravi Chivukula. In other words, the IOLA statements that were provided by Robinson Brog during

the ordinary course of business consisted of a cumulative report containing all account activity; reported to the Debtors' former senior management on a consolidated basis; and did not differentiate between Debtor and non-Debtor transactions. For example, on July 28, 2017, Adam Greene sends "current escrow runs" that include all Debtor and non-Debtor activity to Parmar and Zaharis, which he forwards to Zaharis again on September 27, 2017. (See E-mail dated September 27, 2017, and IOLA Account statement a true and correct copy of which is attached hereto as Exhibit 1)

7. For the fiscal year ended December 31, 2014, $23.1 million dollars borrowed by Orion through a facility with RCC Commercial, Inc. was deposited into and appears in the IOLA account statement activity[2], dated 4/1/2014. This inflow of cash was reflected in the 2014 audited Consolidated Financial Statements of the Debtors Constellation Healthcare Technologies and Subsidiaries as "net proceeds from long term debt" within the "Cash flows from financing activities:" section of the Consolidated Statement of Cash Flows[3]. (See 2014 Audited Consolidated Financial Statements, a true and correct copy of which is attached hereto as Exhibit 2)

8. A comparison of the year-end balances reported in the IOLA Account with those reported in CHT's general ledger shows that for the year-end December 31, 2016, the IOLA Account balance was nearly equal to the amount recorded in the Debtors' records, thus indicating that the funds on deposit were reported and treated as Debtor funds. The IOLA Account balance was $7,280,279 and the CHT general ledger balance was $7,255,363. (See July 17, 2017 IOLA Running Balance analysis and CHT Escrow General Ledger excerpt, a true and

---

[2] There are two entries noted in the amounts of $13.1 million and $10 million with entries in the "Name " field reading RCC Commercial Inc. and Whitehorse Fin Warehouse Collection, respectively
[3] According to Note 11 "Line of Credit And Long-Term Debt" to the 2016 audited financials, (Exhibit 5), the unpaid balance of this facility reported on the Consolidated Balance Sheet was $20,958,879 at 12/31/2016

correct copy of which is attached hereto as Exhibits 5 and 6). The IOLA Account balance comprised of nearly all of the $8,614,254 cash balance reported on CHT's balance sheet in its audited financials for the year ended December 31, 2016. (See CHT Audited Financials for 2016, a true and correct copy of which is attached hereto as Exhibit 7).

9. The IOLA account was utilized to pay obligations of the Debtors. On December 22, 2016, Zaharis emailed Robinson Brog and indicated $668,000 could be taken from the IOLA account to pay all legal fees and expenses for 2016. The invoices in 2016 included legal fees for the merger/go-private transaction. (See December 22, 2016 email and Billing Memorandum, a true and correct copy of which is attached hereto as Exhibits 3 and 4).

10. Robinson Brog received the distribution of over $46 million related to a go-private merger transaction involving the Debtors that closed in January 2017 ("Go-Private Transaction"). These funds raised through the Go-Private Transaction were initially sent to Robinson Brog for certain Parmar-controlled entities and deposited into the IOLA Account. Thereafter, the $46 million received on 2/3/2017 is denoted as distributed (i.e., "wire out" appears in the 'Memo' field of the successive withdrawal entries) within the IOLA account report however, the entries recorded within the 'Name' field for outflows after 2/3/2017 do not correspond with the names of the alleged entities instructing the deposit of the $46 million into IOLA.

11. As part of the forensic analysis of the Debtors' books and records between January 1, 2017 and December 31, 2017, I have seen no evidence of invoices for product or services rendered to the Debtors by John Petrozza and/or Abruzzi Investments, LLC. or Sunshine Star, LLC. Further, there is a lack of any documentation, invoices or journal entries evidencing an antecedent debt satisfied as a result of the payment of $250,000 on or about May 25, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 day of February, 2022, at New York City, N.Y.

_____
Frank A. Lazzara

SWORN TO AND SUBSCRIBED before me this
18 day of February, 2022

_____

ANGELA M. SPECIALE
Notary Public - State of New York
No. 01SP6390180
Qualified in Richmond County
My Commission Expires: 04/08/2023