UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA | |
| Defendants. | |

## REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

In connection with its Motion for Summary Judgment or in the Alternative Summary Adjudication, Plaintiff Howard M. Ehrenberg, Liquidating Trustee of Orion Healthcorp, Inc. ("Plaintiff"), hereby requests this Court take judicial notice of the attached documents pursuant to Rule 201 of the Federal Rules of Evidence.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Fed. R. Evid. 201(b) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A court may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) *Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceedings). A court may also take judicial notice of matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir.2001).

Plaintiff requests this Court take judicial notice of the following document:

1.      Declaration Of Timothy J. Dragelin In Support Of Chapter 11 Petitions And First Day Motions, filed March 13, 2018; United States Bankruptcy Court, Eastern District of New York; In re Orion Healthcorp., Inc. Case No. 18-71748 (AST); **Exhibit 1.**

2.      On December 16, 2015, the Southern District Court of Texas issued a Judgment in the amount of $194,185, against the Debtor, Orion Healthcorp, Inc. in favor of former employees Jack McBride and Alan Nottingham for unpaid deferred compensation. The Judgment was filed as a proof of claim in Case 8-18-71748(AST), and assigned claim no. 10001, a true and correct copy of which is attached hereto as **Exhibit 2**.

3.      On March 9, 2016, Criterion filed a complaint in the Supreme Court of the State of New York against the Debtors Physicians Practice Plus LLC, and Constellation Healthcare Technologies Inc., Index No. 601569/2016, File No. 22249. A true and correct copy of the Verified Complaint is attached hereto as **Exhibit 3**.

4.  On November 30, 2017, a judgment was issued in the amount of $77,767.26 as against the Debtors Physicians Practice Plus LLC, and Constellation Healthcare Technologies Inc. A true and correct copy of the Judgment is attached hereto as **Exhibit 4**.

5.  On March 23, 2018, a Suggestion of Bankruptcy was filed in the state court proceedings and the debt scheduled in the Debtors' bankruptcy cases, a copy which is attached hereto as **Exhibit 5.**

6.  On July 3, 2018, Defendant Abruzzi Investments, LLC filed claim no. 10062 in the bankruptcy case, identifying itself as a shareholder (common stock) of Constellation Healthcare Technologies, Inc., a copy which is attached hereto as **Exhibit 6.**

7.  On July 3, 2018, Defendant Abruzzi Investments, LLC filed claim no. 10063, asserting it held a 49% member interest in Constellation Healthcare Technologies, Inc., a copy which is attached hereto as **Exhibit 7.**

8.  Schedule #748000190, in the Debtor Case No. 8:18-71748-AST is in favor of BOFA with an outstanding secured claim in the amount of $158,200,710.89, a copy which is attached hereto as **Exhibit 8.**

9.  The Bankruptcy Court's *Order on Motion Pursuant to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Green Genovese & Gluck P.C.,* [Dkt. No. 336], dated, June 26, 2018, in the Debtor Case No. 8:18-71748-AST requiring Robinson Brog to turn over the IOLA account statement for escrow funds held on behalf of the Debtors and the non-debtor entities listed on exhibit A to the Order, a copy of which is attached hereto as **Exhibit 9.**

Dated: New York, New York
       February __, 2022

       */s/ Jeffrey P. Nolan*
       Ilan D. Scharf, Esq.
       Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
       PACHULSKI STANG ZIEHL & JONES LLP
       780 Third Avenue, 34th Floor
       New York, New York 10017
       Telephone:   (212) 561-7700
       Facsimile:    (212) 561-7777

       Counsel for the Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*.