# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------X

CRITERIONS, LLC,

Plaintiff,

-against-

VISIENT CORP. D/B/A PORTECK CORPORATION, PHYSICIANS PRACTICE PLUS LLC D/B/A PORTECK CORPORATION, ARVIND WALIA D/B/A PORTECK CORPORATION, CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.,

Defendants.
--------------------------------------------------------------X

Index No.:
File No.: 22249

**SUMMONS**

Place of Venue is the Plaintiff's Place of Business:
18 Genevieve Place
Great Neck, NY 11021

To the above named Defendants:

YOU ARE HEREBY SUMMONED to appear in the SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NASSAU at the office of the Clerk of said Court at 100 Supreme Court Drive, Mineola, New York , in the COUNTY OF NASSAU, within the time provided by law as noted below and to file answer to the below complaint with the clerk: upon failure to answer, judgment will be taken against you by default in the sum of $61,490.00 plus interest from February 1, 2015, together with the costs and disbursements of this action.

Dated: March 9, 2016
Port Chester, New York

Kavulich & Associates, P.C.
By: Matthew Kasper, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

Defendants' Addresses:

VISIENT CORP.
c/o Arvind Walia
3 Farmwood Lane
Upper Brookville, NY 11545

Arvind Walia
27 Kettlepond Road
Jericho, NY 11753

PHYSICIANS PRACTICE PLUS LLC
300 Jericho Quadrangle, Suite 320
Jericho, NY 11753

Constellation Healthcare Technologies, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Note: The law provides that: (a) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If the summons is served by any means other than personal delivery to you within the City of New York, you must appear and answer within THIRTY days after proof of service thereof is filed with the Clerk of this Court.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
CRITERIONS, LLC,

Plaintiff,

-against-

VISIENT CORP. D/B/A PORTECK CORPORATION, PHYSICIANS PRACTICE PLUS LLC D/B/A PORTECK CORPORATION, ARVIND WALIA D/B/A PORTECK CORPORATION, CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.

Defendants.
----------------------------------------------------------------X

Index No.:
File No.: 22249

**VERIFIED COMPLAINT**

Plaintiff, CRITERIONS, LLC, by its attorneys, Kavulich & Associates, P.C., as and for its Complaint alleges:

**THE PARTIES**

1. Plaintiff, CRITERIONS, LLC (hereinafter "Plaintiff"), is a domestic limited liability corporation.

2. Defendants, VISIENT CORP. D/B/A PORTECK CORPORATION (hereinafter collectively "Defendants"), is upon information and belief, a domestic business corporation.

3. Defendants, PHYSICIANS PRACTICE PLUS LLC D/B/A PORTECK CORPORATION (hereinafter collectively "Defendants"), is upon information and belief, a domestic business limited liability corporation.

4. Defendants, CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. (hereinafter collectively "Defendants"), is upon information and belief, a Delaware corporation.

5. Defendants, ARVIND WALIA D/B/A PORTECK CORPORATION (hereinafter collectively "Defendants"), is upon information and belief, an individual residing in the State or New York.

**BACKGROUND**

6. On or about August, 20, 2001, Complex Corporation and Presgar Imaging, LC &/or BAB Radiology executed a software license & Support Agreement.

7. Thereafter, the agreement was assigned to Defendants with Plaintiff Criterions, LLC. as a party thereto.

8. Said products and services were offered by Plaintiff and accepted by Defendants pursuant to the aforementioned agreement at an agreed value of $61,490.00.

9. Contemporaneous with said tender, Plaintiff provided corresponding invoices to Defendants concerning the same, the terms of which were accepted by Defendants without any protest or objection thereto.

10. Defendants has represented to Plaintiff that no payments will be forthcoming.

11. Accordingly, there exists an unpaid balance of $61,490.00 which is currently due and owing from Defendants to Plaintiff.

12. To date, and despite Plaintiff's demand, said unpaid balance has not been satisfied by any source.

13. On or about March 17, 2015, Defendants PHYSICIANS PRACTICE PLUS LLC D/B/A PORTECK CORPORATION was acquired by CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. together with all debts, assets, and liabilities.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(Breach of Contract)

14. Plaintiff repeats the foregoing allegations as if fully set forth herein.

15. By failing to satisfy said unpaid balance of $61,490.00, Defendants have breached the terms of its agreement with Plaintiff as represented by the invoices, correspondence, and other documents associated with the underlying transactions.

16. Defendants' breach of said agreement caused harm to Plaintiff.

17. Consequently, Plaintiff demands judgment in the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015.

**AS AND FOR THE SECOND CAUSE OF ACTION**
(Goods Sold and Delivered)

18. Plaintiff repeats the foregoing allegations as if fully set forth herein.

19. Pursuant to CPLR § 3016(f), Defendants owe Plaintiff for goods sold and delivered represented by invoices issued to Defendants in the total amount of $61,490.00.

20. Consequently, Plaintiff demands judgment in the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015.

**AS AND FOR THE THIRD CAUSE OF ACTION**
(Account Stated)

21. Plaintiff repeats the foregoing allegations as if fully set forth herein.

22. Plaintiff provided Defendants with a true and complete account in the amount of $61,490.00 to which Defendants have made no objection.

23. Consequently, Plaintiff demands judgment in the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
(Unjust Enrichment)

24. Plaintiff repeats the foregoing allegations as if fully set forth herein.

25. Defendants accepted the goods delivered to it by Plaintiff, and upon information and belief, resold the same to its customers for which it received or expects to receive payment.

26. As a result, Defendants derived a substantial benefit from the goods delivered to it by Plaintiff for which Plaintiff has not been paid.

27. Therefore, Defendants have been unjustly enriched in the amount of not less than $61,490.00 at the expense of Plaintiff.

28. Consequently, Plaintiff demands judgment in the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
(Quantum Meruit)

29. Plaintiff repeats the foregoing allegations as if fully set forth herein.

30. Plaintiff delivered said goods to Defendants in good faith and with the expectation of being paid by Defendants.

31. The fair and reasonable value of said goods received by Defendants from Plaintiff but not paid for by Defendants is at least $61,490.00.

32. Consequently, Plaintiff demands judgment in the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A money judgment upon the First, Second, Third, Fourth, and Fifth Causes of Action for the sum of $61,490.00 plus interest at the statutory rate of 9% per annum from February 1, 2015;

b. Together with costs and disbursements of this action; and

c. For such other and further relief as the Court deems just and proper.

Dated: March 9, 2016
Port Chester, New York

Kavulich & Associates, P.C.
By: Matthew Kasper, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

## VERIFICATION

State of New York )
) ss
COUNTY OF NASSAU )

Rajeev Mathur, being duly sworn deposes and says:

I am the Vice President of the Plaintiff CRITERIONS, LLC I have read this Complaint and know the contents thereof to be true to my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Sworn to before me this
8TH day of March, 2016

Notary Public

Rajeev Mathur

LISA SCHOEN
Notary Public, State of New York
No. 01SC5025487
Qualified in Nassau County
Commission Expires May 09 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:
File No.: 22249

---------------------------------------------------------------X

CRITERIONS, LLC,

Plaintiff,

-against-

VISIENT CORP. D/B/A PORTECK CORPORATION, PHYSICIANS PRACTICE PLUS LLC D/B/A PORTECK CORPORATION, ARVIND WALIA D/B/A PORTECK CORPORATION, CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.

Defendants.

---------------------------------------------------------------X

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of the Section.

For information about electronic filing, including access to Section 202.5-bb, consult the website of the New York State Courts Electronic Filing System ("NYSCEF") at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@ecourts.state.ny.us.

Dated: March 9, 2016
Port Chester, New York

Kavulich & Associates, P.C.
By: Matthew D. Kasper, Esq.
181 Westchester Ave., Suite 500-C
Port Chester, NY 10573
(914) 355-2074

Defendants' Addresses:

VISIENT CORP.
c/o Arvind Walia
3 Farmwood Lane
Upper Brookville, NY 11545

Arvind Walia
27 Kettlepond Road
Jericho, NY 11753

PHYSICIANS PRACTICE PLUS LLC
300 Jericho Quadrangle, Suite 320
Jericho, NY 11753

Constellation Healthcare Technologies, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801