Ilan D. Scharf
Jeffrey P. Nolan (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------- :
                                                :
In re:                                          : Chapter 11
                                                :
ORION HEALTHCORP, INC.¹                         : Case No. 18-71748 (AST)
                          Debtors.              :
                                                : (Jointly Administered)
                                                :
----------------------------------------------- :
                                                :
HOWARD M. EHRENBERG IN HIS CAPACITY             :
AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP,     : Adv. Pro. No. 20-_____ (AST)
INC., ET AL.,                                   :
                          Plaintiff,            :
                                                :
v.                                              :
                                                :
ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA,     :
                                                :
                          Defendants.           :
                                                :
----------------------------------------------- :

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). . The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF: (1) FRAUDULENT TRANSFERS; AND (2) RECOVERY
OF AVOIDED TRANSFERS AND OBJECTION TO CLAIM NOS. 10063 & 10064**

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., (the "Plaintiff" or the "Liquidating Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, as and for its *Complaint for Avoidance and Recovery of Fraudulent Transfers and Recovery of Avoided Transfers And Objection To Claim Nos. 10063 & 10064* (the "Complaint") against the above-captioned defendants (the "Defendant"), alleges as follows:

**NATURE OF THIS ACTION**

1.      Plaintiff is the Liquidating Trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc. and certain of their affiliates.

2.      Defendant, Abruzzi Investments, L.L.C. ("Abruzzi Investments") is a limited liability corporation formed in accordance with the laws of the State of Delaware and with its principal place of business at 4 Moore Street, Staten Island, NY 10306.

3.      Defendant, John Petrozza ("Petrozza") is a resident of the State of New York.  Upon information and belief, Petrozza resides or resided at 4 Moore Street, Staten Island, NY 10306, and is the managing member of Abruzzi Investments.  Plaintiff is informed and believes and thereon alleges that at all times mentioned herein there existed a unity of interest in ownership between Defendant, Petrozza and Defendant, Abruzzi Investments such that the individuality and separateness between them ceased and that Defendant, Abruzzi Investments is the alter ego of Defendant, Petrozza, in that, among other things: (a) Defendant Abruzzi

controlled, dominated, managed and operated Defendant Abruzzi Investments as his alter ego;

(b) Defendant Abruzzi makes all decisions pertaining to Defendant Abruzzi; (c) there has been a

failure to comply with or observe the formalities of corporate formation and/or operation; (d)

Defendant Abruzzi Investments was so inadequately capitalized as to not be able to carry out its

intended businesses and to pay its debts and obligation as they fell due; and (e) that the

individuality of said entity should be disregarded pursuant to the doctrine of piercing the

corporate veil.

## STANDING

4.      On March 16, 2018, each of the Debtors except New York Network

Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy

Court for the Eastern District of New York (the "Bankruptcy Court")under chapter 11 of the

Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018.   The Debtors'

cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

5.      On February 26, 2019, the Honorable Alan S. Trust, United States

Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation

Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation

(the "Plan").

6.      The Plan provides, among other things, for the formation of the

Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date s that

term is defined in the Plan to oversee distributions to holders of Allowed Claims and Allowed

Interests and to pursue retained Causes of Action of the Debtor's Estates. The Effective Date

occurred on March 1, 2019.

7.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action, of the Debtors.

## JURISDICTION AND VENUE

8.     The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

9.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

10.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

12.     This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 544, 548, 550, and 551 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

13.     The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

14.     Parmjit Parmar, a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar and Zaharis served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.

15.     On or about 2018, Parmar, Zaharis, and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtor.  Operating through the various operating companies of the Debtor, Parmar, Zaharis, and Chivukula diverted funds to enrich themselves, their friends, family and associates.  Parmar, Zaharis, and Chivukula

also diverted monies of the Debtor into off-balance sheet bank accounts which they alone could monitor and control.

16.    On or about November 16, 2016, Parmar, and Zaharis determined it was necessary to create a shell company as part of a scheme to divert and redirect monies of the Debtor for their own personal benefit, or the benefit of others at their direction.  On November 17, 2016, Lexington Landmark Services, LLC ("Lexington") was incorporated by Parmar, Zaharis and the Defendant.  Lexington had no stated business purpose, no relationship to the Debtor, was not capitalized, and operated with no employees or formal operations.  Defendant Petrozza, acting as the 100% owner or member of Lexington, signed the Operating Agreement on November 17, 2016, one day following the determination by Parmar and Zaharis that they needed to create an entity from scratch to assist their diversion of funds.  Upon information and belief, Defendant Petrozza was a friend and colleague of Parmar and assisted in material ways to the formation and creation of Lexington.

17.    On or about May 24, 2017, Parmar directed the Debtor to wire transfer $250,000 to Defendant.

18.    The proposed transaction had no stated business purpose related to the operations of the Debtor and was directed by Parmar in a manner such that the Transfer and its purpose would be concealed.

19.    The following morning on May 25, 2017, the Debtor wire transferred $250,000 (the "Transfer") from an off-balance sheet bank account to Defendant Abruzzi Investments, LLC. as directed by Petrozza and as set forth in particularity on the attached Exhibit "A".

20.     On or about July 3, 2018, Defendant, John Petrozza, filed a proof of claim wherein Defendant asserted it was a creditor of the Debtors and had an unliquidated claim against the Debtor CHT (Claim no. 10062). On July 3, 2018, Defendant filed an amended claim (Claim no. 10063).  On July 3, 2018, Defendant filed a Proof of Interest, without supporting documents (collectively Claim Nos. 10062, 10063 and proof of interest are referenced herein as the "Claims" which are attached hereto as Exhibit "B").

## FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Intentionally Fraudulent Transfers-
11 U.S.C. § 548; NY Debt & Cred L § 276)**

21.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

22.     The Defendant received the Transfer totaling $250,000 from the Debtors as identified with specificity on Exhibit "A."

23.     At all relevant times, including the dates of the Transfer, the Debtors were insolvent.

24.     The Debtors received no value in exchange for the Transfer.

25.     When the Defendant received the Transfer, they had full knowledge of Parmar's efforts to redirect funds for his personal use, the lack of business purpose associated with Transfer by the Debtor and/or the fraudulent scheme orchestrated by Parmar in having the Debtor's funds redirected to third parties.

26.     Plaintiff seeks a judgment against Defendant for the value of any and all fraudulent transfers, including the Transfer in the amount of $250,000.00.

27.     Accordingly, the Transfer is avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and

may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is

entitled to an order and judgment under 11 U.S.C. § 544 that the Transfers be avoided.

## SECOND CLAIM FOR RELIEF

### (To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L § § 273-275, et seq.)

28.     Plaintiff realleges and incorporates by reference each and every allegation

in the above paragraphs, as though fully set forth herein.

29.     Plaintiff is informed and believes, and thereon asserts that at all relevant

times, the Debtors:  (a) were insolvent, or became insolvent as a result of each Transfer; (b) was

engaged in or was about to engage in a business or a transaction for which their remaining assets

were unreasonably small in relation to the business or transaction; or (c) intended to incur, or

believed or reasonably should have believed that they would incur, debts beyond its ability to

pay as they became due.

30.     Plaintiff is informed and believes, and thereon asserts, that Defendant did

not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for

obligations incurred for the Transfer. As a result, the Debtors paid and received in value nothing

from Defendant.

31.     At all relevant times, the Transfer was avoidable pursuant to 11 U.S.C. §

548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that each of

the Fraudulent Transfers is avoided.

## THIRD CLAIM FOR RELIEF

### (For Recovery of Property -- 11 U.S.C. § 544, 550 and NY Debt & Cred L)

32.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

33.     As the Defendant is the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a)

34.     As alleged above, Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 548.  As Defendant is the initial, immediate or mediate transferee of the Transfer, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfer under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

## FOURTH CLAIM FOR RELIEF

### (Preservation of Transfers -- 11 U.S.C. § 551)

35.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

36.     The Transfer is property of the Debtors' estates.

37.     The Transfer, or the value thereof, are and should be preserved for the benefit of the Debtors' estates, pursuant to section 551 of the Bankruptcy Code.

## FIFTH CLAIM FOR RELIEF

### (Objection to Claims)

38.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

39.     After a thorough review of the Debtors' Books and Records and Claim Nos. 10062, 10063, and the Proof of Interest,  the Trustee has determined that Claim No. 10062,

10063 and the Proof of Interest do not comply with the Bankruptcy Rules, are without evidentiary support, and are contradicted by the Debtors' books and records.

40.     As alleged above, each Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 548 of the Bankruptcy Code, which is recoverable pursuant to Bankruptcy Code section 550.

41.     As a result of the above, Plaintiff moves to strike the Claim Nos. 10062, 10063, and the Proof of Interest or alternatively, pursuant to Bankruptcy Code section 502(d), Claim No. 10062, 10063 and the Proof of Interest must be disallowed unless and until Defendant pays to the Plaintiff an amount equal to each fraudulent Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     For a determination that the Transfer are avoidable fraudulent transfers under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Section 273-276 of NY Debt & Cred L, *et seq,*, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 & 551 of the Bankruptcy Code;

b.     A determination that the Transfer was a fraudulent conveyance pursuant to sections NY Debt & Cred L. § 273, 274, and 275, and that Plaintiff is entitled to recover the Transfer, or the value thereof, under applicable New York state law;

c.     A determination that Claim Nos. 10062, 10063, and the Proof of Interest are invalid and be stricken;

d.     Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

        e.       For such other and further relief as the Court may deem just and

proper.

Dated: New York, New York
       March 14, 2020


                                                              _/s/ Ilan D. Scharf_
                                                            Ilan D. Scharf, Esquire
     Jeffrey P. Nolan, Esquire
     PACHULSKI STANG ZIEHL & JONES LLP
     780 Third Avenue, 36th Floor
     New York, New York 10017
     Telephone:    (212) 561-7700
     Facsimile:     (212) 561-7777

     Counsel for the Plaintiff,
     Howard M. Ehrenberg in his capacity
     as Liquidating Trustee of Orion Healthcorp, Inc.,
     et al.,

**SERVICE LIST**

JOHN PETROZZA
7305 BELLE MEADE ISLAND DRIVE
MIAMI, FL 33138

ABRUZZI INVESTMENTS, LLC
ATTN: JOHN PETROZZA, MANAGING MEMBER
7305 BELLE MEADE ISLAND DRIVE
MIAMI, FL 33138

ABRUZZI INVESTMENTS, LLC
REGISTERED AGENT; CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

ABRUZZI INVESTMENTS, LLC
ATTN; MANAGING MEMBER
4 MOORE STREET,
STATEN ISLAND, NY 10306

# EXHIBIT A

11:15 AM
03/30/19
Accrual Basis

**Wells Fargo - IOLA (Non-Interest)**
**Account QuickReport**
All Transactions

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Check | 03/29/2017 | DMwire | Advosit Investments LLC | wire out | | Wells Fargo-IOLA | 210,000.00 | | 8,103,944.26 |

# EXHIBIT B

| United States Bankruptcy Court for the Eastern District of New York | | |
|---|---|---|
| **Name of Debtor:** Constellation Healthcare Technologies, Inc. | **For Court Use Only** | |
| | Claim Number: | 0000010062 |
| **Case Number:** 18-71749 | File Date: | 07/03/2018 17:29:07 |

# Proof of Claim

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/16

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Abruzzi Investment LLC

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   Abruzzi Investment LLC | Name _____ |
| Address   Abruzzi Investments LLC | Address _____ |
| 225 Ellis Street | _____ |
| City   Staten Island | City _____ |
| State   NY          ZIP Code  10307 | State _____  ZIP Code _____ |
| Country (if international): _____ | Country (if international): _____ |
| Phone:   917-536-7841 | Phone: _____ |
| Email:   Lisa@lisabasich.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>          MM / DD / YYYY | _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Shareholder (common stock)

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this Proof of Claim.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
| --- | --- |

<table>
<tr><td>

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

</td><td>

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*John Petrozza*           07/03/2018 17:29:07

Signature                            Date

Provide the name and contact information of the person completing and signing this claim:

Name    John Petrozza

Address  7305 BELLE MEADE ISLAND DRIVE

City    Miami

State   FL               Zip 33138

Country (in international)  United States

Phone  9172958948

Email  Lisa@petrozzagroup.com

</td></tr>
</table>

| United States Bankruptcy Court for the Eastern District of New York | | |
|---|---|---|
| **Name of Debtor:** Constellation Healthcare Technologies, Inc. | **For Court Use Only** | |
| | Claim Number: | 0000010063 |
| **Case Number:** 18-71749 | File Date: | 07/03/2018 17:40:34 |

# Proof of Claim

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/16

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Abruzzi Investment LLC

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name Abruzzi Investment LLC | Name _____ |
| Address Abruzzi Investments LLC | Address _____ |
| 225 Ellis Street | _____ |
| | _____ |
| City Staten Island | City _____ |
| State NY   ZIP Code 10307 | State _____   ZIP Code _____ |
| Country (if international): _____ | Country (if international): _____ |
| Phone: 917-536-7841 | Phone: _____ |
| Email: Lisa@lisabasich.com | Email: _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) 0000010062 | Who made the earlier filing? |
| Filed on ___7/3/2018 5:29:07 PM___ | |
| MM / DD / YYYY | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

\_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_

**7. How much is the claim?**

$ _____ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Shareholder (common stock)
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.
Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this Proof of Claim.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:**    **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*John Petrozza*                                             07/03/2018 17:40:34

Signature                                                         Date

Provide the name and contact information of the person completing and signing this claim:

Name        John Petrozza

Address     7305 BELLE MEADE ISLAND DRIVE

City        Miami

State       FL                                    Zip    33138

Country (if international)    United States

Phone       9172958948

Email       Lisa@petrozzagroup.com

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | PROOF OF INTEREST |
|---|---|

**Name of Debtor:**

CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.

**Case Number:**

18-71749 (AST)

**1.    Name of holder of the Equity Security Interest** (The person or entity holding an Equity Security Interest in the Debtor. Referred to hereinafter as the "Interest Holder"):

ABRUZZI INVESTMENTS LLC

☐ Check box if you are aware that anyone else has filed a proof of interest relating to your interest. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or the Debtors in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the Debtors.

Name and address where notices should be sent

Abruzzi Investments LLC
225 Elm Street
Staten Island New York 10307
Telephone Number (   )

NOTE: This form SHOULD NOT be used to make a claim against the Debtor for money owed. A separate Proof of Claim form should be used for that purpose. This form should only be used to assert an Equity Security Interest in the Debtor. An Equity Security Interest is any right arising from any capital stock and any equity security in the Debtor. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated "stock" or similar security, (b) an interest of a limited partner in a limited partnership, or (c) a warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which Interest Holder identifies Debtor:

Check here if this claim:
☐    replaces a previously filed Proof of Interest    dated:
☐    amends a previously filed Proof of Interest    dated:

**2.    Name and Address of any person or entity that is the record holder for the Equity Security Interest asserted in this Proof of Interest:**

**3.    Date Equity Security Interest was acquired:**

Telephone Number (   )

**4.    Total amount of member Interest: Up to 49%**

**5.    Certificate number(s):**

**6.    Type of Equity Interest:**
Please indicate the type of Equity Interest you hold  Membership

**7.    Supporting Documents:** *Attach copies of supporting documents*, such as stock certificates, option agreements, warrants, etc. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.

**8.    Signature:**

I declare under penalty of perjury that the information provided in this proof of interest is true and correct to the best of my knowledge, information and reasonable belief.

THIS SPACE FOR COURT USE ONLY

DATE

7/3/18

SIGN and print the name and title, if any, of the Interest Holder or other person authorized to file this proof of interest (attach copy of power of attorney, if any):

*John Petrozza, Managing Member*

[00943755.DOCX:2 ]

Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571

{00943755.DOCX:2 }