**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                                               Chapter 11

ORION HEALTHCORP, INC.,[1]                                      Case No.: **18-71748 (AST)**

                                                                            (Jointly Administered)

                           Debtors.
-----------------------------------------------------------x
HOWARD M. EHRENBERG IN HIS CAPACITY
AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP,
INC, ET. AL.,                                                                      Adv. Pro. No.: **20-08052-(AST)**

                           Plaintiff,

                    v.                                                                                              **ANSWER**

ABRUZZI INVESTMENTS, LL.C.; JOHN PETROZZA,

                           Defendants.
-------------------------------------------------------------x

Defendants, ABRUZZI INVESTMENTS, LL.C.; JOHN PETROZZA, by and through his attorney the Law Offices of Joseph Z. Amsel, as and for their Answer to the Complaint dated March 14, 2020 ("the "Complaint"), of HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC, ET. AL.; states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1

1. Admits the allegations in Paragraph "1" of the Complaint only to the extent of acknowledging that Plaintiff has been appointed as Liquidating Trustee but makes no admission as to the propriety of this appointment.

2. Denies each and every allegation in paragraphs "2 and 3" of the Complaint.

3. Admits the allegations in paragraphs "4, 5, 6, and 7" only to the extent of acknowledging the procedural history of this action but makes no admission as to any legal conclusions alleged and respectfully refers all conclusions of law to the Court.

4. Admits the allegations in paragraphs "8 - 11" of the Complaint and consents to entry of a final order or judgment by the Bankruptcy Court.

5. Defendant denies the allegations in paragraph "12" of the Complaint and respectfully refers all questions of law to the Court.

6. At this time Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs "13, 14, and 15" of the Complaint.

7. Denies the allegations in paragraph "16" of the Complaint.

8. At this time, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs "17 & 18" of the Complaint as to actions allegedly taken by Parmar and respectfully refers all questions of law to the Honorable Court.

9. Defendant denies the allegation in paragraph "19" of the Complaint.

10. Admits the allegations in paragraph "20" of the Complaint only to the extent of acknowledging that Defendants filed the claims and respectfully refers all legal conclusions and questions of law to the Honorable Court.

11. Defendants answer paragraph "21" of the Complaint by repeating and restating all responses set forth in each preceding paragraph of the Answer as though set forth fully herein.

12. Defendants deny the allegations in paragraph "22" of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph "23" of the Complaint.

14. Defendants deny the allegations in paragraphs "24 & 25" of the Complaint.

15. Paragraphs "26 & 27" contain legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraphs "26 & 27" of the Complaint.

16. Answering paragraph "28" of the Complaint, Defendant repeats, reiterates and realleges each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph "29."

18. Defendant denies the allegations in paragraph "30" of the Complaint.

19. Paragraph "31" contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraph "31" of the Complaint.

20. Answering paragraph "32" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

21. Paragraphs "33 & 34" contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraph "33 & 34" of the Complaint.

22. Answering paragraph "35" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

23. Paragraphs "36 & 37" contain legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraphs "36 & 37" of the Complaint.

24. Answering paragraph "38" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, admission and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

25. Paragraphs "39, 40, & 41" contain legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraphs "39, 40 & 41" of the Complaint.

26. Defendant denies each and every allegation contained in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Plaintiff has failed to state a legally cognizable claim against the Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Plaintiff has failed to allege sufficient facts to state any cause of action herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Defendants did not receive the Transfers alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. To the extent either Defendants may have received the alleged transfers, such transfers were made in the ordinary course of business according to ordinary business terms.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. Any payments or transfers by the Debtor to the Defendants were intended as a contemporaneous exchange for new value, and to the extent Defendants may have received said transfers, said transfers were in fact were substantially contemporaneous, and thus, conferred a benefit to the Debtor.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. Any payments or transfers by the Debtor to the Defendant were for value given.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. To the extent Defendants may have received any of the alleged transfers, the transfers were reasonably equivalent value in exchange for any claimed transfer.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

34. At the time the Debtors allegedly paid the Defendants, as alleged in the Complaint, the Debtors were not insolvent; not engaged in business or a transaction for which any property remaining with the Debtors was unreasonably small capital at the time of, or as a result of, the transfers; the Debtors did not intend to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

35. Defendants alleged receipt of the alleged transfer did not enable it to receive more than it would have recovered in the Chapter 7 proceeding in the absence of the alleged transfer.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. Defendants did not have actual knowledge of the bankruptcy filing.

### AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37. Each of Plaintiff's causes of action are barred by the doctrine of waiver, laches, and equitable estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38. Defendants did not receive the amounts alleged in the Complaints.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39. Any alleged Transfers were taken for value in good faith and without knowledge of the voidability of the alleged Transfers.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40. Avoidance of alleged Transfers will not benefit the Estate.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41. Defendant demands the right to a jury trial.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

42. An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

43. Defendant Petrozza did not receive any of the alleged transfers

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiffs fail to state claim or allege sufficient supporting facts for piercing the corporate veil.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

45. Plaintiff fails to allege fraud with particularity.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

46. The amounts alleged in the Complaint, to the extent received by either Defendants, were already repaid in full.

**AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred by the statute of limitations.

**AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE**

48. Liquidating Trustee was improperly appointed and thus lacks standing to bring the instant action.

**AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE**

49. Defendants were not properly served with the Summons and Complaint.

**AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE**

50. Defendants reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation.

## **COUNTERCLAIM**

1. Plaintiff knew or should have known that the amounts claimed in the Complaint, to the extent received by Defendants were repaid in full. With actual or constructive knowledge of these facts Plaintiff nevertheless proceeded to bring this action which lacked any factual basis. Accordingly, Defendants request costs for this action and attorney's fees for defending this action.

**WHEREFORE,** Defendants respectfully request that the Court grant the following relief against the Plaintiff:

A. Dismissal of the Complaint with prejudice; and

B. Such other and further relief as this Court may deem just and proper.

Dated:  Queens, New York
            May 15, 2020

                                           **/s/ Btzalel Hirschhorn**
                                           Btzalel Hirschhorn, Esq.
                                           Outside counsel to the Law Offices of Joseph Z. Amsel
                                           Joseph Z. Amsel, Esq.
                                           43 West 43rd Street, Suite 265
                                           New York, NY 10036
                                           (888)-558-7425
                                           jzamsel@amsellaw.com
                                           Bhirschhorn@hirschhornesq.com
                                           Counsels for Defendants