**Objection Deadline: April 15, 2022**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.[1] | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, | |
| Defendants. | |

## NOTICE OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' (I) MOTION FOR SUMMARY JUDGMENT; AND (II) MOTIONS TO STRIKE AND FOR DEFAULT JUDGMENT

**PLEASE TAKE NOTICE THAT** Plaintiff, Howard M. Ehrenberg in his capacity as

Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, (the "Plaintiff" or the "Liquidating Trustee"),

by and through his attorneys, hereby files *Plaintiff's Motion to Strike Defendants' (I) Motion For*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

*Summary Judgment; and (II) Motions To Strike And For Default Judgment* (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT** that a telephonic hearing (the "Hearing") to consider the relief requested in the Motion will be held before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge for the Eastern District of New York, Courtroom 960, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Bankruptcy Court"), on **April 27, 2022, at 10:30 a.m.** (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that, in order to attend the Hearing, in accordance with the Bankruptcy Court's rules and procedures, all parties are required to register for the Hearing at least two (2) business days in advance of the Hearing by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.  The Court's relevant rules and procedures for attending the Hearing are set forth more fully at https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

**PLEASE TAKE FURTHER NOTICE THAT** that any responses or objections ("Objections") to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for Eastern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, shall be filed with the Bankruptcy Court electronically in accordance with General Order 559 (the "General Order") (which can be found at www.nyeb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system, and shall be served upon counsel for the Plaintiff, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017-2024 (Attn.: Jeffrey P. Nolan, Esq.), no later than **April 15, 2022** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES TO THE MOTION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY ENTER THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated:  March 25, 2022

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

  */s/ Jeffrey P. Nolan*
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777

Counsel For Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al*.

**Objection Deadline: April 15, 2022**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.[2] | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, |  |
| v. |  |
| ABRUZZI INVESTMENTS, LLC; JOHN PETROZZA, |  |
| Defendants. |  |

---

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
### (I) MOTION FOR SUMMARY JUDGMENT; AND
### <u>(II) MOTIONS TO STRIKE AND FOR DEFAULT JUDGMENT</u>

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al.*, (the "Plaintiff" or the "Liquidating Trustee"), hereby moves (the "Motion") for the entry of an order substantially in the form annexed as **Exhibit A** (the "Proposed Order"), striking

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

all references to, and argument based on the Defendants' requests for summary judgment and default judgment contained in the (i) Defendants' *Motion For Summary Judgment; Default Judgment; to Strike; and Opposition to Plaintiff's Motion For Default Judgment;* (ii) *Brief in Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendants' Motion For Summary Judgment; Default Judgment; and to Strike* [Dkt No. 45] (collectively, the "Defendants' Motion for Summary Judgment"), (iii) *Declaration In Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendants' Motion For Summary Judgment, Default Judgment and Motion to Strike* of Anthony F. Giuliano [Dkt. No. 46] (the "Giuliano Declaration"); (iv) the unsigned *Declaration In Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendants' Motion For Summary Judgment, Default Judgment and Motion to Strike* of John Petrozza [Dkt. No. 47] (the "Petrozza Declaration"); (v) the unsigned *Declaration In Opposition to Plaintiff's Motion For Summary Judgment and in Support of Defendants' Motion For Summary Judgment, Default Judgment and Motion to Strike* of Lisa Basich [Dkt. No. 48] (the "Basich Declaration")  as highlighted on **Exhibits B - E** attached hereto.

This Motion is made pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable herein pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7012-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Bankruptcy Rules"), and section 105 of title 11 of the United States Code (the "Bankruptcy Code").  In support of the Motion, Plaintiff respectfully represents as follows:

**PRELIMINARY STATEMENT**[3]

1. Defendants' counsel was included and agreed to a briefing schedule for the filing of any motions for summary judgment (the "Briefing Schedule"). Plaintiff took the laboring oar to prepare the Briefing Schedule. When counsel for the Defendants indicated that he needed more time due to a family emergency, Plaintiff prepared an amended Briefing Schedule. [Dkt no. 36] Each Briefing Schedule was prepared with and served on the Court's ECF filing system. There is no reasonable dispute that the Summary Judgment Briefing Schedule was reasonable and agreed to by the parties. The decision by Defendant Petrozza and his counsel to simply ignore the Briefing Schedule as what he now labels as "mere suggestions" is both shocking and disappointing. (See E-mail chain dated March 14-15, 2022, attached hereto as **Exhibit F;** Declaration of J. Nolan, Exhibit 2). Defendants' conduct simply increases the costs to litigate a moderate size avoidance claim which fact pattern was narrowed and presented to the Court in the Pre-motion conference. The strategic goal to confuse and obfuscate is untimely.

**JURISDICTION**

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(2) and 1409(d). The predicates for the relief requested herein are Rule 12 of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rule 7012 of the Bankruptcy Rules, Rule 7012-1 of the Local Bankruptcy Rules, and section 105 of the Bankruptcy Code.

---

[3] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

6

**STATEMENT OF FACTS**

3. Plaintiff filed the complaint (the "Complaint") against John Petrozza ("Defendant Petrozza") and Abruzzi Investments, LLC (collectively, the "Defendants") in this action on March 14, 2020 [Dkt. No. 1]. The Complaint sought to recover alleged fraudulent transfers under applicable provisions of the Bankruptcy Code and New York Debt and Creditor Law. Pursuant to Rule 7012 of the Bankruptcy Rules, the deadline to answer or otherwise respond to the Complaint was April 15, 2020.

4. On April 17, 2020, two (2) days after the deadline to answer or otherwise respond to the Complaint, opposing counsel Joseph Amsel requested additional time to file a responsive pleading. Plaintiff indicated the filing was untimely, but he would agree to extend the time to "file an Answer to 30 days." (See E-mail dated April 17, 2020, attached hereto as **Exhibit G;** Declaration of J. Nolan, Exhibit 3)

5. On May 15, 2020, the Defendants filed their "Answer" [Dkt. No. 5]. Nowhere in the caption did counsel for the Defendants indicate that he was filing a Cross-Complaint or Counterclaim. In fact, the alleged counter-claim is not a cause of action, but instead a request for attorney's fees and costs. The alleged counter-claim, as preceded by 24 affirmative defenses, has not been the source of any discussion or discovery in the case.

6. On or about August 21, 2020, counsel for the Defendants moved to withdraw as counsel. [Dkt No. 11] On September 2, 2020, Plaintiff filed a Response and Limited Opposition. [Dkt No. 12 & 13] On October 20, 2020, Defendant retained new counsel. [Dkt No. 18]. The Pretrial Conference was adjourned to January 21, 2021. [Dkt No. 20].

7. On November 3, 2020, Plaintiff served his Rule 26 Disclosures identifying witnesses and damages. Civil Rule 26(a)(1)(A)(iii) requires "a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying

as under Rule 34 the documents or other evidentiary material…bearing on the nature and extent of injuries suffered". Defendant did not and has not made a Rule 26 Disclosures in the adversary or produced damages or evidentiary material to support their alleged counter-claim or cause of action. (See Declaration of J. Nolan, §3)

8. A Case Management and Discovery Plan was filed on December 11, 2020 [Dkt No. 21. On June 16, 2021, the Court issued a Case Management and Discovery Plan (the "Scheduling Order"). [Dkt No. 26]

9. On September 3, 2021, Plaintiff filed his Request to File a Motion for Summary Judgment pursuant to Local Bankruptcy Rule 7056-1(a). The Request identified to the Court and parties the facts and basis to move for summary judgment. The Defendants did not file a similar letter nor have they ever identified a basis for moving for summary judgment. Plaintiff received permission from the Court to file a motion for summary judgment or summary adjudication. [Dkt No. 27]. Fact and expert discovery is closed.

10. A Pre-Trial Conference was held on November 16, 2021.

11. On December 16, 2021, Plaintiff filed a letter setting forth the parties' proposed briefing schedule (the "Briefing Schedule") for *any* Motion(s) for Summary Judgment [Dkt. 32]. Counsel for the Defendants requested an extension of the Briefing Schedule due to a family emergency. On January 25, 2022, Plaintiff filed a letter [Dkt. 36] setting forth the parties' agreement to an amendment to the Briefing Schedule as follows:

|  | Original Date | Continued Date |
|---|---|---|
| Agreement on Joint Statement of Facts | January 21, 2022 | February 11, 2022 |
| Deadline to file Motions For Summary Judgment and any Additional Separate Statement of Facts | January 31, 2022 | February 22, 2022 |

|  | Original Date | Continued Date |
|---|---|---|
| Deadline to file Opposition(s) | February 22, 2022 | March 15, 2022 |
| Deadline to File Reply in support of Motion(s) | March 8, 2022 | March 29, 2022 |

12. Pursuant to the Briefing Schedule, the Liquidating Trustee timely filed his *Motion For Summary Judgment Or, In The Alternative, Summary Adjudication* and related filings on February 22, 2022 [Dkts. 37-43]. The Defendants did not.

13. In the latest of a series of maneuvers by the Defendants, Defendants' counsel sent an e-mail to Plaintiff's counsel on March 14, 2022 asking "[h]ow much time do you want to oppose my motion for summary judgment[?]" Plaintiff's counsel informed Defendants' counsel that he "d[id] not consent to filing an Opposition and calling it a Motion" and reminded him that motions for summary Judgment were due on February 22, 2022. **Exhibit F;** Declaration of J. Nolan, Exhibit 2.

14. On March 15, 2022, Defendants filed the Defendants' Motion for Summary Judgment and set the response deadline for March 25, 2022, ten (10) days after the Defendants' Motion for Summary Judgment was filed.

15. Defendants' also included in the title a Motion to Strike and a Motion for Default Judgment which was referenced only in the title and without facts or a memorandum of points and authorities. [Dkt. No 45]

**RELIEF REQUESTED**

16. By this Motion, Plaintiff: (i) seeks entry of the Proposed Order, in substantially the form attached hereto as **Exhibit A** (a) striking all references to, and argument based on the Defendants' requests for summary judgment and default judgment contained in the Defendants' Motion For Summary Judgment, the Giuliano Declaration, the Petrozza Declaration, and the

Basich Declaration as highlighted on **Exhibits B - E** attached hereto; and (b) granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF

**A.  The Bankruptcy Court Has Inherent Authority to Strike Down Abusive Litigation Tactics Involving Gamesmanship and Improper Litigation Tactics.**

17. A bankruptcy court is allowed to exercise its inherent power under section 105(a) to sanction or strike pleadings when a party has acted in bad faith. Here, Defendants desire to ask for extensions and then ignore agreements to gain an advantage is unfortunate and simply magnifies the costs to the Trustee.

18. As set forth by the court in *In re Ambotiene, 316 B.R. 25, 34* (Bankr. E.D.N.Y. 2004):

> "Section 105(a) of the Bankruptcy Code states that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105 recognizes the Court's inherent power to maintain order in the courts, to punish inappropriate behavior, and to discipline attorneys when necessary. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1995) ("if in the informed discretion of the court, neither the statutes nor the Rules are up to the task, the court may safely [**18] rely on its inherent power*."); Jones v. Bank of Santa Fe (In re Courtesy Inns)*, 40 F.3d 1084, 1089 (10th Cir. 1994) (bankruptcy courts have inherent power recognized by Supreme Court in Chambers); 1 COLLIER ON BANKRUPTCY P 8.07[1] (15th ed. rev. 2004). See also *In re* [*36] *Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004) ("the power conferred by § 105(a) is one to implement rather than override"). As this Circuit has found, Section 105(a) allows courts to manage their dockets and afford appropriate relief where necessary. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (quoting 2 COLLIER ON BANKRUPTCY at 105-5 to-7 (15th ed. 1999))." Cited with approval in *Kramer v. Mahia (In re Khan)*, 488 B.R. 515, 527-528 (Bankr. E.D.N.Y, 2013).
>
> Sanctions are appropriate under Section 1927 where "'[an] attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Cohoes*, 931 F.2d at 230 (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), *cert. denied sub nom. Cnty. of Suffolk v. Graseck*, 480 U.S. 918, 107 S. Ct. 1373, 94 L. Ed. 2d 689 (1987)). *See Best Payphones, Inc. v. Manhattan Telecomms. Corp. (In re Best Payphones, Inc.)*, 450 F. App'x 8, at *14 (2d Cir. 2011). [**25] In a sanctions motion under Section 1927, the burden of proof is on the moving party. *Intelli-Check, Inc. v. Tricom Card Techs., Inc.*, 2005 U.S. Dist. LEXIS 38196, 2005 WL 3533153, at *11 (E.D.N.Y. Dec. 22, 2005). *Id* at 529.

10

19. A court may sanction a party who has engaged in bad faith behavior over the course of a case. *In re BCB Contr. Servs., LLC, 2021 Bankr. LEXIS 2552*, (Bankr. Ariz. 2021); (Stanley acted in bad faith by initiating this chapter 7 proceeding for the improper purpose of gaining a tactical advantage against Khoshbin in the State Court Action and through his reckless misstatements of fact in the Schedules and Statements) No sanctions are requested in the present Motion, but the effort to manufacture issues and create new deadlines is entirely improper and simply attempts to obfuscate the issues and the Motion For Summary Judgment by the Trustee in the present adversary.

**B. Defendants' Untimely Summary Judgment Motion Asserting As A New Basis A Claim In A Pleading That Was Filed Untimely Is More Evidence Of The Gamesmanship At Play By Defendants.**

20. The Defendants did not timely respond to the Complaint within the 30 days outlined in the Summons, as the response deadline had expired. Although extensions before expiration of the time period may be "with or without motion or notice," any *post* deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (US, 1990) The Local Bankruptcy Rules mirror the aforementioned rule clarifying that Petrozza needed to file a motion with the Court and did not.[4] Defendants did not file a motion to extend time to file a counter-claim just as they did not file a motion with the Court to extend the time frame to allow Defendants to

---

[4] Local Bankruptcy Rule 7012-1 expressly states that "[t]he deadline to plead or move in response to a complaint or other pleading in an adversary proceeding may be extended for a period of up to 30 days by stipulation of the parties docketed with the Court or, for a longer period of time, by order of the Court or further stipulation of the parties that has been so-ordered by the Court. Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding or a stipulation seeking entry of an order approving such extension shall be filed with the Court prior to the expiration of the deadline to be extended. Any deadline extended pursuant to this rule shall not affect any other deadlines set forth in any scheduling order entered by the Court."

11

file a motion for summary judgment. Rather, Defendants simply filed a pleading and included untimely claims. The Default Judgment filed within the Brief In Opposition To Plaintiff's Motion For Summary Judgment, Default Judgment and "To Strike" do not even reference what they seek to strike.

**C.    The Defendants' Motion For Summary Judgment, In Its Entirety, Should Be Stricken From the Record.**

21.    The Defendants' Motion for Summary Judgment, in its entirety, should be stricken from the record under Local Bankruptcy Rule 9013-1. Local Bankruptcy Rule 9013-1 states that a "motion shall be in writing, unless made during a hearing, and shall specify the rules and statutory provisions upon which it is based and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law, and the factual grounds for relief. Failure to provide this information may be grounds to strike the motion from the calendar or deny the motion." The amalgamation of new claims and theories, without a supporting brief and exhibits, are procedurally improper, untimely filed without permission of the Court or the Federal Rules, and properly subject to strike.

## CONCLUSION

22.    Instead of preparing his Reply Brief in support of his Motion For Summary Judgment [Dkt No. 37-43], which motion he timely met and conferred and requested the Court's permission to file, counsel for the Liquidating Trustee must file the present Motion and incur the costs and time to address a pleading filed without points and authorities and evidentiary support.

12

**WHEREFORE**, the Liquidating Trustee requests that this Court: (i) enter the Proposed Order, in substantially the form attached hereto as **Exhibit A** granting the relief requested herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  March 25, 2022  Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

 /s/ Jeffrey P. Nolan
Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. *(admitted pro hac vice)*
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Counsel For Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al*.