# EXHIBIT C

Anthony F. Giuliano, Esq.
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
445 Broadhollow Road, Ste. 25
Melville. New York 11747
<u>afg@glpcny.com</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., et al., | Case No. 18-71789 (AST) |
| | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------------- x

| | |
|---|---|
| Howard M. Ehrenberg in his capacity as Liquidating : Trustee of Orion Healthcorp, Inc., et al., CHT : Holdco, LLC, and CC Capital CHT Holdco LLC, | |
| Plaintiffs, | Adv. Pro. No. 20-08052 |
| v. | |
| Abruzzi Investments, LLC; John Petrozza | |
| Defendants. | |

-------------------------------------------------------------------------- x

**DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DEFAULT JUDGMENT; AND MOTION TO STRIKE**

I, Anthony F. Giuliano, declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746 as follows:

1.     I am an attorney duly licensed to practice before all courts in the State of New York. I am a partner with the law firm of Giuliano Law, PC, counsel for the

Defendants. The facts stated herein are of my own personal knowledge or made known to be from a review of the files and pleading in this action which are maintained in the ordinary course of business. If called as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Plaintiff filed the complaint (the "Complaint") commencing this adversary proceeding on March 14, 2020. A copy of the Complaint is annexed hereto as Exhibit "A".

3.      On May 5, 2020, Defendants filed an answer (the "Answer") to the Complaint and asserted a counterclaim against the Plaintiff. A copy of the Answer is annexed hereto as Exhibit "B".

4.      The Plaintiff never filed an answer or otherwise moved with respect to the counterclaim. A copy of the Docket Report is annexed hereto as Exhibit "C".

5.      On July 24, 2018, Plaintiff conducted a deposition of Robinson Brog through Roger A. Raimond, Esq. ("Raimond") A copy of excerpts of that deposition is annexed hereto as Exhibit "D".

6.      Exhibit "1" to the Raimond Deposition is a copy of a correspondence from Marian Rice, counsel for Robinson Brog along with the unredacted Robinson Brog Quick Report. A copy of the correspondence and the Quick Report is annexed hereto as Exhibit "E".

7.      The Quick Report shows the debits and credits for various IOLA accounts maintained by Robinson Brog and behalf of some of its clients.

8.      The correspondence to Marian Rice was in response to this Court's order directing the turnover of unredacted IOLA accounts of certain non-debtor entities. A true and correct copy of the order dated June 26, 2018 is annexed hereto as Exhibit "F".

9.      On September 2, 2021, Plaintiff served a notice of designation of expert identifying Craig Jacobsen as Plaintiff's only expert. A true and correct copy of Plaintiff's designation of expert is annexed hereto as Exhibit "G".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of March 2022.


                                                    /s/ Anthony F. Giuliano
                                                    Anthony F. Giuliano

Ilan D. Scharf
Jeffrey P. Nolan (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.[1] | Case No. 18-71748 (AST) |
|                Debtors. | (Jointly Administered) |

------------------------------------------------

| | |
|---|---|
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-_____ (AST) |
|                Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA, | |
|                Defendants. | |

------------------------------------------------

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). . The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF: (1) FRAUDULENT TRANSFERS; AND (2) RECOVERY
## OF AVOIDED TRANSFERS AND OBJECTION TO CLAIM NOS. 10063 & 10064

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., (the "Plaintiff" or the "Liquidating Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned counsel, as and for its *Complaint for Avoidance and Recovery of Fraudulent Transfers and Recovery of Avoided Transfers And Objection To Claim Nos. 10063 & 10064* (the "Complaint") against the above-captioned defendants (the "Defendant"), alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff is the Liquidating Trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc. and certain of their affiliates.

2. Defendant, Abruzzi Investments, L.L.C. ("Abruzzi Investments") is a limited liability corporation formed in accordance with the laws of the State of Delaware and with its principal place of business at 4 Moore Street, Staten Island, NY 10306.

3. Defendant, John Petrozza ("Petrozza") is a resident of the State of New York. Upon information and belief, Petrozza resides or resided at 4 Moore Street, Staten Island, NY 10306, and is the managing member of Abruzzi Investments. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein there existed a unity of interest in ownership between Defendant, Petrozza and Defendant, Abruzzi Investments such that the individuality and separateness between them ceased and that Defendant, Abruzzi Investments is the alter ego of Defendant, Petrozza, in that, among other things: (a) Defendant Abruzzi

controlled, dominated, managed and operated Defendant Abruzzi Investments as his alter ego;
(b) Defendant Abruzzi makes all decisions pertaining to Defendant Abruzzi; (c) there has been a
failure to comply with or observe the formalities of corporate formation and/or operation; (d)
Defendant Abruzzi Investments was so inadequately capitalized as to not be able to carry out its
intended businesses and to pay its debts and obligation as they fell due; and (e) that the
individuality of said entity should be disregarded pursuant to the doctrine of piercing the
corporate veil.

## STANDING

4.      On March 16, 2018, each of the Debtors except New York Network
Management, LLC ("NYNM") filed a voluntary petition with the United States Bankruptcy
Court for the Eastern District of New York (the "Bankruptcy Court")under chapter 11 of the
Bankruptcy Code and  NYNM commenced its voluntary petition on July 5, 2018.   The Debtors'
cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

5.      On February 26, 2019, the Honorable Alan S. Trust, United States
Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation
Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation
(the "Plan").

6.      The Plan provides, among other things, for the formation of the
Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date s that
term is defined in the Plan to oversee distributions to holders of Allowed Claims and Allowed
Interests and to pursue retained Causes of Action of the Debtor's Estates. The Effective Date
occurred on March 1, 2019.

7.     The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action, of the Debtors.

## JURISDICTION AND VENUE

8.     The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

9.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

10.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

12.     This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 544, 548, 550, and 551 of the Bankruptcy Code and sections 273, 274, 275 and 276 of the New York Debtor & Creditor Law (the "NY Debt & Cred L"), made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date.

## FACTS

13.     The Debtors are a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

14.     Parmjit Parmar, a/k/a Paul Parmar ("Parmar"), was the former Chief Executive Officer of the Debtor, Constellation Healthcare Technologies, Inc. ("CHT"), Sotirios Zaharis, a/k/a Sam Zaharis ("Zaharis"), was the former Chief Financial Officer of CHT, and Ravi Chivukula ("Chivukula") was the Controller and Secretary of CHT from approximately 2013 to 2017.  Parmar and Zaharis served on the board of directors of CHT.  Parmar, Zaharis and Chivukula, in combination with one another and with others, operating through various Debtors, moved money and established off-balance sheet accounts to redirect monies of the Debtors for their own personal use.

15.     On or about 2018, Parmar, Zaharis, and Chivukula were indicted by the United States Attorney's Office, District of New Jersey, for creating fictitious business entities, balance sheets, doctored bank statements, fabricating customers as well as generating fake income streams, and sham acquisitions in an effort to divert monies from the Debtor.  Operating through the various operating companies of the Debtor, Parmar, Zaharis, and Chivukula diverted funds to enrich themselves, their friends, family and associates.  Parmar, Zaharis, and Chivukula

also diverted monies of the Debtor into off-balance sheet bank accounts which they alone could monitor and control.

16.     On or about November 16, 2016, Parmar, and Zaharis determined it was necessary to create a shell company as part of a scheme to divert and redirect monies of the Debtor for their own personal benefit, or the benefit of others at their direction.  On November 17, 2016, Lexington Landmark Services, LLC ("Lexington") was incorporated by Parmar, Zaharis and the Defendant.  Lexington had no stated business purpose, no relationship to the Debtor, was not capitalized, and operated with no employees or formal operations.  Defendant Petrozza, acting as the 100% owner or member of Lexington, signed the Operating Agreement on November 17, 2016, one day following the determination by Parmar and Zaharis that they needed to create an entity from scratch to assist their diversion of funds.  Upon information and belief, Defendant Petrozza was a friend and colleague of Parmar and assisted in material ways to the formation and creation of Lexington.

17.     On or about May 24, 2017, Parmar directed the Debtor to wire transfer $250,000 to Defendant.

18.     The proposed transaction had no stated business purpose related to the operations of the Debtor and was directed by Parmar in a manner such that the Transfer and its purpose would be concealed.

19.     The following morning on May 25, 2017, the Debtor wire transferred $250,000 (the "Transfer") from an off-balance sheet bank account to Defendant Abruzzi Investments, LLC. as directed by Petrozza and as set forth in particularity on the attached Exhibit "A".

20.     On or about July 3, 2018, Defendant, John Petrozza, filed a proof of claim wherein Defendant asserted it was a creditor of the Debtors and had an unliquidated claim against the Debtor CHT (Claim no. 10062). On July 3, 2018, Defendant filed an amended claim (Claim no. 10063).  On July 3, 2018, Defendant filed a Proof of Interest, without supporting documents (collectively Claim Nos. 10062, 10063 and proof of interest are referenced herein as the "Claims" which are attached hereto as Exhibit "B").

### FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Intentionally Fraudulent Transfers-
11 U.S.C. § 548; NY Debt & Cred L § 276)**

21.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

22.     The Defendant received the Transfer totaling $250,000 from the Debtors as identified with specificity on Exhibit "A."

23.     At all relevant times, including the dates of the Transfer, the Debtors were insolvent.

24.     The Debtors received no value in exchange for the Transfer.

25.     When the Defendant received the Transfer, they had full knowledge of Parmar's efforts to redirect funds for his personal use, the lack of business purpose associated with Transfer by the Debtor and/or the fraudulent scheme orchestrated by Parmar in having the Debtor's funds redirected to third parties.

26.     Plaintiff seeks a judgment against Defendant for the value of any and all fraudulent transfers, including the Transfer in the amount of $250,000.00.

27.     Accordingly, the Transfer is avoidable, and should be avoided, as intentionally fraudulent transfers pursuant to § 548(a)(1)(A) and NY Debt & Cred L § 276, and

may be recovered from Defendant pursuant to § 548 and the NY Debt & Cred L.  Plaintiff is

entitled to an order and judgment under 11 U.S.C. § 544 that the Transfers be avoided.

## SECOND CLAIM FOR RELIEF

### (To Avoid Constructively Fraudulent Transfers Under  11 U.S.C. §§ 544(b) and 548(a)(1)(B) and NY Debt & Cred L § § 273-275, et seq.)

28.     Plaintiff realleges and incorporates by reference each and every allegation

in the above paragraphs, as though fully set forth herein.

29.     Plaintiff is informed and believes, and thereon asserts that at all relevant

times, the Debtors:  (a) were insolvent, or became insolvent as a result of each Transfer; (b) was

engaged in or was about to engage in a business or a transaction for which their remaining assets

were unreasonably small in relation to the business or transaction; or (c) intended to incur, or

believed or reasonably should have believed that they would incur, debts beyond its ability to

pay as they became due.

30.     Plaintiff is informed and believes, and thereon asserts, that Defendant did

not give the Debtors, and the Debtors did not otherwise receive, reasonably equivalent value for

obligations incurred for the Transfer. As a result, the Debtors paid and received in value nothing

from Defendant.

31.     At all relevant times, the Transfer was avoidable pursuant to 11 U.S.C. §

548(a)(1)(B) and NY Debt & Cred L.  Plaintiff is entitled to an order and judgment that each of

the Fraudulent Transfers is avoided.

## THIRD CLAIM FOR RELIEF

### (For Recovery of Property -- 11 U.S.C. § 544, 550 and NY Debt & Cred L)

32.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

33.     As the Defendant is the initial, immediate or mediate transferees of the Transfer, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee pursuant to pursuant to 11 U.S.C. § 550(a)

34.     As alleged above, Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 548.  As Defendant is the initial, immediate or mediate transferee of the Transfer, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfer under 11 U.S.C. § 550 of the Bankruptcy Code and NY Debt & Cred L.

## FOURTH CLAIM FOR RELIEF

### (Preservation of Transfers -- 11 U.S.C. § 551)

35.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

36.     The Transfer is property of the Debtors' estates.

37.     The Transfer, or the value thereof, are and should be preserved for the benefit of the Debtors' estates, pursuant to section 551 of the Bankruptcy Code.

## FIFTH CLAIM FOR RELIEF

### (Objection to Claims)

38.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

39.     After a thorough review of the Debtors' Books and Records and Claim Nos. 10062, 10063, and the Proof of Interest,  the Trustee has determined that Claim No. 10062,

10063 and the Proof of Interest do not comply with the Bankruptcy Rules, are without evidentiary support, and are contradicted by the Debtors' books and records.

40.     As alleged above, each Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 548 of the Bankruptcy Code, which is recoverable pursuant to Bankruptcy Code section 550.

41.     As a result of the above, Plaintiff moves to strike the Claim Nos. 10062, 10063, and the Proof of Interest or alternatively, pursuant to Bankruptcy Code section 502(d), Claim No. 10062, 10063 and the Proof of Interest must be disallowed unless and until Defendant pays to the Plaintiff an amount equal to each fraudulent Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.      For a determination that the Transfer are avoidable fraudulent transfers under 11 U.S.C. §§ 544, and 548, of the Bankruptcy Code and Section 273-276 of NY Debt & Cred L, *et seq,*, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 & 551 of the Bankruptcy Code;

b.      A determination that the Transfer was a fraudulent conveyance pursuant to sections NY Debt & Cred L. § 273, 274, and 275, and that Plaintiff is entitled to recover the Transfer, or the value thereof, under applicable New York state law;

c.      A determination that Claim Nos. 10062, 10063, and the Proof of Interest are invalid and be stricken;

d.      Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

       e.      For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 14, 2020

                                     */s/ Ilan D. Scharf*
                                       Ilan D. Scharf, Esquire
                                       Jeffrey P. Nolan, Esquire
                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       780 Third Avenue, 36th Floor
                                       New York, New York 10017
                                       Telephone:    (212) 561-7700
                                       Facsimile:     (212) 561-7777

                                       Counsel for the Plaintiff,
                                       Howard M. Ehrenberg in his capacity
                                       as Liquidating Trustee of Orion Healthcorp, Inc.,
                                       et al.,

**SERVICE LIST**

JOHN PETROZZA
7305 BELLE MEADE ISLAND DRIVE
MIAMI, FL 33138

ABRUZZI INVESTMENTS, LLC
ATTN: JOHN PETROZZA, MANAGING MEMBER
7305 BELLE MEADE ISLAND DRIVE
MIAMI, FL 33138

ABRUZZI INVESTMENTS, LLC
REGISTERED AGENT; CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

ABRUZZI INVESTMENTS, LLC
ATTN; MANAGING MEMBER
4 MOORE STREET,
STATEN ISLAND, NY 10306

# EXHIBIT A

11:35 AM
05/30/19
Accrual Basis

**Wells Fargo - IOLA (Non-Interest)**
**Account QuickReport**
All Transactions

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Check | 03/25/2017 | DMwire | Advuzi Investments LLC | wire out | Wells Fargo-IOLA | 210,000.00 | | 8,103,944.26 |

# EXHIBIT B

| United States Bankruptcy Court for the Eastern District of New York | | |
|---|---|---|
| **Name of Debtor:** Constellation Healthcare Technologies, Inc. | **For Court Use Only** | |
| | Claim Number: | 0000010062 |
| **Case Number:** 18-71749 | File Date: | 07/03/2018 17:29:07 |

# Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

04/16

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Abruzzi Investment LLC

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Abruzzi Investment LLC | Name  _____ |
| Address    Abruzzi Investments LLC | Address  _____ |
| 225 Ellis Street | _____ |
| | |
| City    Staten Island | City  _____ |
| State    NY    ZIP Code  10307 | State  _____ ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    917-536-7841 | Phone:  _____ |
| Email:    Lisa@lisabasich.com | Email:  _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ undetermined _____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Shareholder (common stock)

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this Proof of Claim.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____

Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____%
☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

| Part 3: | Sign Below |
|---|---|

<table>
<tr>
<td valign="top">
The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
</td>
<td>

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*John Petrozza*                                          07/03/2018 17:29:07

Signature                                                        Date

Provide the name and contact information of the person completing and signing this claim:

Name        John Petrozza

Address     7305 BELLE MEADE ISLAND DRIVE

City        Miami

State       FL                                          Zip   33138

Country (if international)        United States

Phone       9172958948

Email       Lisa@petrozzagroup.com
</td>
</tr>
</table>

| United States Bankruptcy Court for the Eastern District of New York | |
|---|---|
| **Name of Debtor:** Constellation Healthcare Technologies, Inc. | **For Court Use Only** |
| **Case Number:** 18-71749 | Claim Number: 0000010063<br>File Date: 07/03/2018 17:40:34 |

# Proof of Claim

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/16

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Abruzzi Investment LLC

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**  ☑ No  ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   Abruzzi Investment LLC | Name |
| Address   Abruzzi Investments LLC | Address |
|       225 Ellis Street | |
| City   Staten Island | City |
| State   NY       ZIP Code  10307 | State       ZIP Code |
| Country (if international): | Country (if international): |
| Phone:   917-536-7841 | Phone: |
| Email:   Lisa@lisabasich.com | Email: |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☐ No | ☑ No |
| ☑ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) 0000010062 | Who made the earlier filing? |
| Filed on   7/3/2018 5:29:07 PM | |
|       MM / DD / YYYY | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**  $_____  undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Shareholder (common stock)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* with this Proof of Claim.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

**The person complating this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*John Petrozza*                                    07/03/2018 17:40:34

Signature                                               Date

**Provide the name and contact information of the person completing and signing this claim:**

| | |
|---|---|
| Name | John Petrozza |
| Address | 7305 BELLE MEADE ISLAND DRIVE |
| City | Miami |
| State | FL                    Zip 33138 |
| Country (if international) | United States |
| Phone | 9172958948 |
| Email | Lisa@petrozzagroup.com |

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **PROOF OF INTEREST** |
|---|---|

Name of Debtor:

CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.

Case Number:

18-71749 (AST)

**1.     Name of holder of the Equity Security Interest** (The person or entity holding an Equity Security Interest in the Debtor. Referred to hereinafter as the "Interest Holder"):

ABRUZZI INVESTMENTS LLC

☐ Check box if you are aware that anyone else has filed a proof of interest relating to your interest. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court or the Debtors in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the Debtors.

Name and address where notices should be sent
Abruzzi Investments LLC
225 Elm Street
Staten Island, New York 10307
Telephone Number ( )

NOTE: This form SHOULD NOT be used to make a claim against the Debtor for money owed. A separate Proof of Claim form should be used for that purpose. This form should only be used to assert an Equity Security Interest in the Debtor. An Equity Security Interest is any right arising from any capital stock and any equity security in the Debtor. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated "stock" or similar security, (b) an interest of a limited partner in a limited partnership, or (c) a warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which Interest Holder identifies Debtor:

Check here if this claim:
☐   replaces a previously filed Proof of Interest ____ dated:
☐   amends a previously filed Proof of Interest ____ dated:

**2.     Name and Address of any person or entity that is the record holder for the Equity Security Interest asserted in this Proof of Interest:**

Telephone Number ( )

**3.     Date Equity Security Interest was acquired:**

**4.     Total amount of member Interest: Up to 49%**

**5.     Certificate number(s):**

**6.     Type of Equity Interest:**
Please indicate the type of Equity Interest you hold  Membership

**7.     Supporting Documents:** *Attach copies of supporting documents*, such as stock certificates, option agreements, warrants, etc. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.

**8.     Signature:**

I declare under penalty of perjury that the information provided in this proof of interest is true and correct to the best of my knowledge, information and reasonable belief.

THIS SPACE FOR COURT USE ONLY

DATE
7/3/18

SIGN and print the name and title, if any, of the Interest Holder or other person authorized to file this proof of interest (attach copy of power of attorney, if any):

*John Petrozza, Managing Member*

[00943755.DOCX:2 ]

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571*

{00943755.DOCX:2 }

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                          Chapter 11

ORION HEALTHCORP, INC.,[1]                                       Case No.: **18-71748 (AST)**
                                                                (Jointly Administered)


                              Debtors.
-----------------------------------------------------------x

HOWARD M. EHRENBERG IN HIS CAPACITY
AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP,
INC, ET. AL.,                                                   Adv. Pro. No.: **20-08052-(AST)**

                         Plaintiff,

          v.                                                    <u>**ANSWER**</u>

ABRUZZI INVESTMENTS, LL.C.; JOHN PETROZZA,

                         Defendants.
-----------------------------------------------------------x

      Defendants, ABRUZZI INVESTMENTS, LL.C.; JOHN PETROZZA, by and through his

attorney the Law Offices of Joseph Z. Amsel, as and for their Answer to the Complaint dated

March 14, 2020 ("the <u>"Complaint"</u>), of HOWARD M. EHRENBERG IN HIS CAPACITY AS

LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC, ET. AL.; states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC *(*7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. *(*2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC *(*7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

1.      Admits the allegations in Paragraph "1" of the Complaint only to the extent of acknowledging that Plaintiff has been appointed as Liquidating Trustee but makes no admission as to the propriety of this appointment.

2.      Denies each and every allegation in paragraphs "2 and 3" of the Complaint.

3.      Admits the allegations in paragraphs "4, 5, 6, and 7" only to the extent of acknowledging the procedural history of this action but makes no admission as to any legal conclusions alleged and respectfully refers all conclusions of law to the Court.

4.      Admits the allegations in paragraphs "8 - 11" of the Complaint and consents to entry of a final order or judgment by the Bankruptcy Court.

5.      Defendant denies the allegations in paragraph "12" of the Complaint and respectfully refers all questions of law to the Court.

6.      At this time Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs "13, 14, and 15" of the Complaint.

7.      Denies the allegations in paragraph "16" of the Complaint.

8.      At this time, Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraphs "17 & 18" of the Complaint as to actions allegedly taken by Parmar and respectfully refers all questions of law to the Honorable Court.

9.      Defendant denies the allegation in paragraph "19" of the Complaint.

10.     Admits the allegations in paragraph "20" of the Complaint only to the extent of acknowledging that Defendants filed the claims and respectfully refers all legal conclusions and questions of law to the Honorable Court.

11.    Defendants answer paragraph "21" of the Complaint by repeating and restating all responses set forth in each preceding paragraph of the Answer as though set forth fully herein.

12.    Defendants deny the allegations in paragraph "22" of the Complaint.

13.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph "23" of the Complaint.

14.    Defendants deny the allegations in paragraphs "24 & 25" of the Complaint.

15.    Paragraphs "26 & 27" contain legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraphs "26 & 27" of the Complaint.

16.    Answering paragraph "28" of the Complaint, Defendant repeats, reiterates and realleges each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

17.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph "29."

18.    Defendant denies the allegations in paragraph "30" of the Complaint.

19.    Paragraph "31" contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegations in paragraph "31" of the Complaint.

20.    Answering paragraph "32" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

21.     Paragraphs"33 & 34" contains legal conclusions to which no response is required.  To the extent a response is required Defendant denies the allegations in paragraph "33 & 34" of the Complaint.

22.     Answering paragraph "35" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

23.     Paragraphs "36 & 37" contain legal conclusions to which no response is required.  To the extent a response is required Defendant denies the allegations in paragraphs "36 & 37" of the Complaint.

24.     Answering paragraph "38" of the Complaint, Defendants repeat, reiterate and reallege each and every allegation, admission and denial set forth in the preceding paragraphs of this Answer, with the same force and effect as though here again fully set forth at length.

25.     Paragraphs "39, 40, & 41" contain legal conclusions to which no response is required.  To the extent a response is required Defendant denies the allegations in paragraphs "39, 40 & 41" of the Complaint.

26.     Defendant denies each and every allegation contained in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27.  Plaintiff has failed to state a legally cognizable claim against the Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28.     Plaintiff has failed to allege sufficient facts to state any cause of action herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29.     Defendants did not receive the Transfers alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.     To the extent either Defendants may have received the alleged transfers, such transfers were made in the ordinary course of business according to ordinary business terms.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.     Any payments or transfers by the Debtor to the Defendants were intended as a contemporaneous exchange for new value, and to the extent Defendants may have received said transfers, said transfers were in fact were substantially contemporaneous, and thus, conferred a benefit to the Debtor.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.     Any payments or transfers by the Debtor to the Defendant were for value given.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.     To the extent Defendants may have received any of the alleged transfers, the transfers were reasonably equivalent value in exchange for any claimed transfer.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

34.     At the time the Debtors allegedly paid the Defendants, as alleged in the Complaint, the Debtors were not insolvent; not engaged in business or a transaction for which any property remaining with the Debtors was unreasonably small capital at the time of, or as a result of, the transfers; the Debtors did not intend to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

35.     Defendants alleged receipt of the alleged transfer did not enable it to receive more than it would have recovered in the Chapter 7 proceeding in the absence of the alleged transfer.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36.     Defendants did not have actual knowledge of the bankruptcy filing.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37.     Each of Plaintiff's causes of action are barred by the doctrine of waiver, laches, and equitable estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38.     Defendants did not receive the amounts alleged in the Complaints.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39.     Any alleged Transfers were taken for value in good faith and without knowledge of the voidability of the alleged Transfers.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40.     Avoidance of alleged Transfers will not benefit the Estate.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41.     Defendant demands the right to a jury trial.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

42.     An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

43.     Defendant Petrozza did not receive any of the alleged transfers

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiffs fail to state claim or allege sufficient supporting facts for piercing the corporate veil.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

45.     Plaintiff fails to allege fraud with particularity.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

46.     The amounts alleged in the Complaint, to the extent received by either Defendants, were already repaid in full.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred by the statute of limitations.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

48.     Liquidating Trustee was improperly appointed and thus lacks standing to bring the instant action.

## AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

49.     Defendants were not properly served with the Summons and Complaint.

## AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

50.     Defendants reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation.

## COUNTERCLAIM

1.     Plaintiff knew or should have known that the amounts claimed in the Complaint, to the extent received by Defendants were repaid in full. With actual or constructive knowledge of these facts Plaintiff nevertheless proceeded to bring this action which lacked any factual basis. Accordingly, Defendants request costs for this action and attorney's fees for defending this action.

**WHEREFORE,** Defendants respectfully request that the Court grant the following relief against the Plaintiff:

A. Dismissal of the Complaint with prejudice; and

B. Such other and further relief as this Court may deem just and proper.

Dated:  Queens, New York
     May 15, 2020

     **/s/ Btzalel Hirschhorn**
Btzalel Hirschhorn, Esq.
Outside counsel to the Law Offices of Joseph Z. Amsel
Joseph Z. Amsel, Esq.
43 West 43rd Street, Suite 265
New York, NY 10036
(888)-558-7425
jzamsel@amsellaw.com
Bhirschhorn@hirschhornesq.com
Counsels for Defendants

# U.S. Bankruptcy Court
## Eastern District of New York (Central Islip)
## Adversary Proceeding #: 8-20-08052-ast

*Assigned to:* Judge Alan S. Trust                            *Date Filed:* 03/14/20
*Lead BK Case:* 18-71748
*Lead BK Title:* Orion Healthcorp, Inc.
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:* 13 Recovery of money/property - 548 fraudulent transfer

*Plaintiff*
----------------------
**Howard M. Ehrenberg in his capacity as**          represented by **Jeffrey P Nolan**
**Liquidating Trustee of Orion Healthcorp, Inc., et al**          Pachulski Stang Ziehl & Jones LLP
                                                    780 Third Avenue
                                                    34th Floor
                                                    New York, NY 10017
                                                    310-772-2313
                                                    Fax : 310-201-0760
                                                    Email: jnolan@pszjlaw.com
                                                    *LEAD ATTORNEY*

                                                    **Ilan D Scharf**
                                                    Pachulski Stang Ziehl & Jones LLP
                                                    780 Third Avenue
                                                    36th Floor
                                                    New York, NY 10017
                                                    (212) 561-7721
                                                    Fax : (212) 561-7777
                                                    Email: ischarf@pszyjw.com

V.

*Defendant*
----------------------
**Abruzzi Investments, LLC**                        represented by **Joseph Z Amsel**
                                                    Law Offices of Joseph Z Amsel
                                                    43 West 43rd Street
                                                    Suite 265
                                                    New York, NY 10036
                                                    888-558-7425
                                                    Fax : 212-437-9844
                                                    Email: jzamsel@amsellaw.com
                                                    *TERMINATED: 10/21/2020*

                                                    **Anthony F Giuliano**

Live Database: nyeb_live

Giuliano Law, P.C.
445 Broadhollow Road
Suite 25
Melville, NY 11754
(516) 792-9800
Email: afg@glpcny.com
*LEAD ATTORNEY*

**Defendant**
-----------------------
**John Petrozza**

represented by **Joseph Z Amsel**
(See above for address)
*TERMINATED: 10/21/2020*

**Anthony F Giuliano**
(See above for address)
*LEAD ATTORNEY*

**Counter-Claimant**
-----------------------
**Abruzzi Investments, LLC**

represented by **Joseph Z Amsel**
(See above for address)
*TERMINATED: 10/21/2020*

**Anthony F Giuliano**
(See above for address)
*LEAD ATTORNEY*

**Counter-Claimant**
-----------------------
**John Petrozza**

represented by **Joseph Z Amsel**
(See above for address)
*TERMINATED: 10/21/2020*

**Anthony F Giuliano**
(See above for address)
*LEAD ATTORNEY*

V.

**Counter-Defendant**
-----------------------
**Howard M. Ehrenberg in his capacity as**
**Liquidating Trustee of Orion Healthcorp, Inc., et al**

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 03/14/2020 | 1 | Adversary case 8-20-08052. Complaint by Howard M. Ehrenberg in his |

| | | |
|---|---|---|
| | (25 pgs; 4 docs) | capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al against Abruzzi Investments, LLC, John Petrozza. Fee Amount $350. Nature(s) of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Adversary Cover Sheet) (Scharf, Ilan) (Entered: 03/14/2020) |
| 03/14/2020 | | Receipt of Complaint(8-20-08052-ast) [cmp,cmp] ( 350.00) Filing Fee. Receipt number 19084935. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/14/2020) |
| 03/16/2020 | 2 (2 pgs) | Summons In An Adversary Proceeding Issued by Clerk's Office against Abruzzi Investments, LLC Answer Due: 4/15/2020; John Petrozza Answer Due: 4/15/2020 (ssw) (Entered: 03/16/2020) |
| 04/30/2020 | 3 (8 pgs) | Summons Served on Abruzzi Investments, LLC 3/16/2020; John Petrozza 3/16/2020 (RE: Related document(s) 2 Summons In An Adversary Proceeding Issued by Clerk's Office against Abruzzi Investments, LLC). (Nolan, Jeffrey) Modified linkage on 5/1/2020 (one). (Entered: 04/30/2020) |
| 05/15/2020 | 4 (5 pgs) | Notice of Appearance and Request for Notice Filed by Joseph Z Amsel on behalf of Abruzzi Investments, LLC, John Petrozza (Amsel, Joseph) (Entered: 05/15/2020) |
| 05/15/2020 | 5 (8 pgs) | Answer to Complaint , Answer to Complaint , Counterclaim by Abruzzi Investments, LLC, John Petrozza against Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al Filed by Joseph Z Amsel on behalf of Abruzzi Investments, LLC, John Petrozza (Amsel, Joseph) (Entered: 05/15/2020) |
| 06/22/2020 | 6 (3 pgs; 2 docs) | ENTERED IN ERROR - Initial Scheduling Order. Parties are ordered to attend a conference under FRBP 7026f on or before August 21, 2020(RE: related document(s)1 Complaint filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al). Signed on 6/22/2020. Pre-Trial Conference set for 9/21/2020 at 11:00 AM at Courtroom 960 (Judge Trust), CI, NY. Discovery due by 9/8/2020. (one) Modified on 6/23/2020 (one). (Entered: 06/22/2020) |
| 06/22/2020 | 7 (3 pgs; 2 docs) | Initial Adversary Scheduling Order. Parties are ordered to attend a conference under FRBP 7026f on or before August 21, 2020. Signed on 6/22/2020. Joint Discovery Control Plan due by 9/8/2020. Statement Pursuant to FRBP 7008a due by 9/8/2020. Pre-Trial Conference set for 9/21/2020 at 11:00 AM at Courtroom 960 (Judge Trust), CI, NY. (one) (Entered: 06/23/2020) |
| 06/24/2020 | 8 (3 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 06/24/2020. (Admin.) (Entered: 06/25/2020) |
| 06/25/2020 | 9 (3 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 06/25/2020. (Admin.) (Entered: 06/26/2020) |
| 07/10/2020 | 10 | Motion to Withdraw as Attorney Filed by Joseph Z Amsel on behalf of |

| | | |
|---|---|---|
| | (6 pgs) | Abruzzi Investments, LLC, John Petrozza. (Amsel, Joseph) (Entered: 07/10/2020) |
| 08/21/2020 | [11](link)<br>(6 pgs; 2 docs) | Amended Notice of Motion/Presentment . Objections to be filed on 9/14/2020. Hearing on Objections, if any, will be held on: 9/14/2020, 5:00 pm. Filed by Abruzzi Investments, LLC, John Petrozza. Hearing scheduled for 9/21/2020 at 11:00 AM at Courtroom 960 (Judge Trust), CI, NY. (Attachments: # [1](link) Proposed Order) (Related document(s) [10](link) Motion to Withdraw as Attorney filed by Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Counter-Claimant John Petrozza, Defendant John Petrozza.) (Amsel, Joseph) Modified on 8/24/2020 (one). (Entered: 08/21/2020) |
| 09/02/2020 | [12](link)<br>(5 pgs) | Response *and Limited Opposition of Plaintiff, Howard M. Ehrenberg, to Application to Withdraw as Attorney of Record for Defendants Abruzzi Investments L.L.C. and John Petrozza and Memrandum in Support of the Motion* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[11](link) Amended Notice of Motion/Presentment filed by Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Counter-Claimant John Petrozza, Defendant John Petrozza) (Nolan, Jeffrey) (Entered: 09/02/2020) |
| 09/02/2020 | [13](link)<br>(2 pgs) | Declaration Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[11](link) Amended Notice of Motion/Presentment filed by Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Counter-Claimant John Petrozza, Defendant John Petrozza, [12](link) Response filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Nolan, Jeffrey) (Entered: 09/02/2020) |
| 09/02/2020 | [14](link)<br>(2 pgs) | Affidavit/Certificate of Service Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[12](link) Response filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [13](link) Declaration filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Nolan, Jeffrey) (Entered: 09/02/2020) |
| 09/16/2020 | [15](link)<br>(2 pgs) | Letter Providing Notice of Court Hearing Filed by Mark T Power on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[7](link) Initial Adversary Scheduling Order (Judge Trust Cases Only), [11](link) Amended Notice of Motion/Presentment filed by Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Counter-Claimant John Petrozza, Defendant John Petrozza) Hearing scheduled for 10/15/2020 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (Power, Mark) (Entered: 09/16/2020) |

| | | |
|---|---|---|
| 09/21/2020 | | Adjourned Without Hearing Pre-Trial Conference set for 10/15/2020 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY. (ymm) (Entered: 09/22/2020) |
| 09/21/2020 | | Adjourned Without Hearing Hearing scheduled for 10/15/2020 at 09:30 AM at Courtroom 960 (Judge Trust), CI, NY.(RE: related document(s) 10 Motion to Withdraw as Attorney Filed by Counter-Claimant John Petrozza, Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Defendant John Petrozza) (ymm) (Entered: 09/22/2020) |
| 10/13/2020 | 16 (6 pgs) | Statement / *Agenda for October 15, 2020 Hearing* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 10/13/2020) |
| 10/15/2020 | | Hearing Held and Adjourned; Appearance(s): Jeff Nolan, Joseph Amsel and Anthony Giuliano; Pre-Trial Conference set for 01/21/2021 at 10:00 AM at Courtroom 960 (Judge Trust), CI, NY. (ymm) (Entered: 10/16/2020) |
| 10/15/2020 | | Hearing Held; Appearance(s): Jeff Nolan, Joseph Amsel and Anthony Giuliano; (RE: related document(s) 10 Motion to Withdraw as Attorney Filed by Counter-Claimant John Petrozza, Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Defendant John Petrozza) MOTION GRANTED - SUBMIT ORDER; IF THE PROPOSED ORDER IS NOT SUBMITTED OR SETTLED AS DIRECTED WITHIN 14 DAYS, THE MATTER MAY BE DEEMED ABANDONED PURSUANT TO E.D.N.Y. L.B.R. 9072-1. DISCOVERY LETTER TO BE FILED 10/25/20 (ymm) (Entered: 10/16/2020) |
| 10/15/2020 | 17 (2 pgs) | Amended Order for Admission to Practice Pro Hac Vice. The admitted attorney, Jeffrey P. Nolan, is permitted to argue or try this particular case, as well as the related adversary proceedings listed on Schedule I attached to the Motion, in whole or in part as counsel. The admitted attorney may, enter appearances for parties, sign stipulations, receive payments upon judgments, decrees or orders, and otherwise serve as counsel in this case, as well as the related adversary proceedings listed on Schedule I attached to the Motion. Signed on 10/15/2020 (amp) see Amended Motion #857 and Order #870 on main case 18-71748-ast. (Entered: 10/16/2020) |
| 10/20/2020 | 18 (2 pgs) | Stipulation Substituting Attorney Anthony F. Giuliano for Attorney Joseph Z. Amsel. Filed by Anthony F Giuliano on behalf of Abruzzi Investments, LLC, John Petrozza (RE: related document(s)10 Motion to Withdraw as Attorney filed by Counter-Claimant Abruzzi Investments, LLC, Defendant Abruzzi Investments, LLC, Counter-Claimant John Petrozza, Defendant John Petrozza). (Giuliano, Anthony) Modified docket text on 10/21/2020 (one). (Entered: 10/20/2020) |
| 10/23/2020 | 19 (3 pgs; 2 docs) | Order and Notice of Adjournment of Pre-Trial Conference; Pre-Trial Conference adjourned to 1/21/2021 at 10:00 AM at Courtroom 960 (Judge Trust), CI, NY; No later than October 25, 2020, counsel for the parties are to lodge a discoveryplan consistent with the format utilized in |

| | | |
|---|---|---|
| | | other adversaries in the bankruptcy case (RE: related document(s)[1] Complaint filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [7] Initial Adversary Scheduling Order (Judge Trust Cases Only)). Signed on 10/23/2020. (one) (Entered: 10/23/2020) |
| 10/25/2020 | [20] (4 pgs) | BNC Certificate of Mailing with Application/Notice/Order Notice Date 10/25/2020. (Admin.) (Entered: 10/26/2020) |
| 12/11/2020 | [21] (4 pgs) | Notice of Submission of Proposed Order Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)[19]). (Nolan, Jeffrey) (Entered: 12/11/2020) |
| 01/21/2021 | | Hearing Held and Adjourned; Appearance(s): Jeff Nolan; Pre-Trial Conference set for 05/18/2021 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. (ymm) (Entered: 01/21/2021) |
| 01/25/2021 | [22] (1 pg) | Letter of Adjournment: Hearing rescheduled from January 21, 2021 at 10:00 a.m. (ET) to May 18, 2021 at 2:00 p.m. (ET) Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)). (Nolan, Jeffrey) (Entered: 01/25/2021) |
| 04/22/2021 | [23] (1 pg) | Letter of Adjournment: Hearing rescheduled from May 18, 2021 at 2:00pm to May 26, 2021 at 10:00am Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)[22]). (Nolan, Jeffrey) (Entered: 04/22/2021) |
| 05/18/2021 | | Adjourned Without Hearing Pre-Trial Conference set for 05/26/2021 at 10:00 AM at Courtroom 960 (Judge Trust), CI, NY.(RE: related document(s) [1] Complaint Filed by Counter-Defendant Howard M Ehrenberg, Plaintiff Howard M Ehrenberg) (ymm) (Entered: 05/18/2021) |
| 05/26/2021 | [24] (1 pg) | Letter of Adjournment: Hearing rescheduled from May 26, 2021 at 10:00 a.m. (ET) to October 5, 2021 at 2:00 p.m. (ET) Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)[23], ). (Nolan, Jeffrey) (Entered: 05/26/2021) |
| 05/26/2021 | | Hearing Held and Adjourned. Appearance(s): Jeff Nolan, Howard Ehenberg and Anthony Guiliano; Pre-Trial Conference set for 10/05/2021 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY.(RE: related document (s) [1] Complaint Filed by Counter-Defendant Howard M Ehrenberg, Plaintiff Howard M Ehrenberg) MOTION FOR SUMMARY JUDGMENT TO BE FILED - DOCKET LETTER FOR ADJOURNMENT (ymm) (Entered: 05/27/2021) |
| 06/10/2021 | [25] (4 pgs) | Notice of Submission of Proposed Order Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)[21], [19]). (Nolan, Jeffrey) (Entered: 06/10/2021) |
| 06/16/2021 | [26] | Stipulation and Case Management and Discovery Plan Order by and |

| | | |
|---|---|---|
| | (4 pgs) | between Plaintiff and Defendants; All fact discovery shall be completed no later than August 25, 2021; All expert discovery shall be completed no later than November 1, 2021; No later than September 2, 2021: (i) the party bearing the burden of proof on any issue (including the issue of solvency, to the extent the Defendant intends to challenge the statutory presumption of insolvency) shall make all disclosures required under Fed. R. Civ. P. 26 (a)(2); and (ii) all rebuttal or responsive expert reports and other disclosures required under Fed. R. Civ. P. 26 (a)(2) shall be made no later than thirty (30) days thereafter; The Pretrial hearing is adjourned to October 5, 2021 at 2:00 pm EST and which will be treated as a Pre-motion Conference as part of the parties requests to file motionsfor summary judgment pursuant to LBR 7056-1(a); Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended (RE: related document(s)7 Initial Adversary Scheduling Order (Judge Trust Cases Only), 19 Scheduling Order, 25 Notice of Submission of Proposed Order filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al). Signed on 6/16/2021 (one) (Entered: 06/16/2021) |
| 09/03/2021 | 27<br>(3 pgs) | Letter *Requesting Pre-motion Conference* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 09/03/2021) |
| 10/05/2021 | | Hearing held, no appearances. Initial Pre-Trial Conference to be held on 11/16/2021 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. Related document(s) 19 Scheduling Order. (lkg). (Entered: 10/06/2021) |
| 11/12/2021 | 28<br>(4 pgs) | Statement */Agenda For November 16, 2021 Hearing* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 11/12/2021) |
| 11/16/2021 | | Hearing Held and Adjourned; Appearance(s): Jeffrey Nolan and Anthony Guilano; Pre-Trial Conference set for 02/15/2022 at 03:00 PM at Courtroom 960 (Judge Trust), CI, NY. COURT TO ISSUE MEDIATION ORDER (ymm) (Entered: 11/18/2021) |
| 11/24/2021 | 29<br>(4 pgs) | Letter of Adjournment: Hearing rescheduled from November 16, 2021 at 2:00 p.m. to December 15, 2021 at 3:00 p.m. Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)). (Nolan, Jeffrey) (Entered: 11/24/2021) |
| 12/01/2021 | 30<br>(1 pg) | Letter of Adjournment: Hearing rescheduled from November 16, 2021 at 2:00 p.m. to February 15, 2022 at 3:00 p.m. Filed by Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (related document(s)29). (Nolan, Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 31<br>(1 pg) | Letter *Identifying Mediators* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 12/01/2021) |

| | | |
|---|---|---|
| 12/16/2021 | [32](#)<br>(1 pg) | Letter *regarding Proposed Briefing Schedule* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 12/16/2021) |
| 01/20/2022 | [33](#)<br>(2 pgs) | Final Mediator's Report . Filed by Leslie A Berkoff on behalf of Leslie A. Berkoff (Berkoff, Leslie) (Entered: 01/20/2022) |
| 01/20/2022 | [34](#)<br>(2 pgs) | Final Mediator's Report . Filed by Leslie A Berkoff on behalf of Leslie A. Berkoff (Berkoff, Leslie) (Entered: 01/20/2022) |
| 01/20/2022 | [35](#)<br>(1 pg) | Letter Filed by Leslie A Berkoff on behalf of Leslie A. Berkoff (RE: related document(s)[33](#) Mediator's Report filed by Mediator Leslie A. Berkoff) (Berkoff, Leslie) (Entered: 01/20/2022) |
| 01/25/2022 | [36](#)<br>(1 pg) | Letter *regarding amendment to Briefing Schedule* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[32](#) Letter filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Nolan, Jeffrey) (Entered: 01/25/2022) |
| 02/15/2022 | | Adjourned Without Hearing Pre-Trial Conference set for 05/11/2022 at 02:00 PM at Courtroom 960 (Judge Trust), CI, NY. (YvetteMMills) (Entered: 02/16/2022) |
| 02/22/2022 | [37](#)<br>(38 pgs) | Motion For Summary Judgment / *Notice and Plaintiff's Motion For Summary Judgment, or in the Alternative, Summary Adjudication as Against Defendants Abruzzi Investments, LLC and John Petrozza*. Objections to be filed on March 15, 2022. Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al. (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | [38](#)<br>(11 pgs) | Statement of Undisputed Facts / *Joint Statement of Uncontroverted Facts in Support of Motion For Summary Judgment, or Alternatively, Summary Adjudication; and Plaintiff's Statement of Additional Uncontroverted Facts in Support of Motion For Summary Judgment, or Alternatively, Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | [39](#)<br>(121 pgs; 7 docs) | Affidavit in Support / *Affidavit of Jeffrey P. Nolan in Support of Motion for Summary Judgment, or in the Alternative Summary Adjudication Against Defendants Abruzzi Investments, LLC and John Petrozza* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[37](#) Motion for Summary Judgment filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [38](#) Statement of Undisputed Facts filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating |

| | | |
|---|---|---|
| | | Trustee of Orion Healthcorp, Inc., et al) (Attachments: # 1 Exhibit 1 - Complaint # 2 Exhibit 2 - Deposition Excerpts # 3 Exhibit 3 - Correspondence # 4 Exhibit 4 - Expert Report # 5 Exhibit 5 - Bank Statements # 6 Exhibit 6 - Proposed Order) (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | 40<br>(338 pgs; 16 docs) | Affidavit in Support / *Affidavit of Edith Wong in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Abruzzi Investments, LLC and John Petrozza* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)37 Motion for Summary Judgment filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, 38 Statement of Undisputed Facts filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Attachments: # 1 Exhibit A - Bank Statement # 2 Exhibit B - Bank Statement # 3 Exhibit C - Bank Statement # 4 Exhibit D - Certificate of Formation # 5 Exhibit E - Operating Agreement # 6 Exhibit F - Operating Agreement # 7 Exhibit G - Email # 8 Exhibit H - Letters of Consent # 9 Exhibit I - IRS Correspondence # 10 Exhibit J - IRS Correspondence # 11 Exhibit K - Credit Agreement Part 1 # 12 Exhibit K - Credit Agreement Part 2 # 13 Exhibit L - Revolving Note; Assignment, Assumption, and Release; Security Agreement # 14 Exhibit M - Email # 15 Exhibit N - Email) (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | 41<br>(10 pgs; 4 docs) | Affidavit in Support / *Affidavit of Elena Sartison* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)37 Motion for Summary Judgment filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, 38 Statement of Undisputed Facts filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Attachments: # 1 Exhibit A - Text Message # 2 Exhibit B - Opening Statement # 3 Exhibit C - Closing Statement) (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | 42<br>(169 pgs; 8 docs) | Declaration Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)37 Motion for Summary Judgment filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, 38 Statement of Undisputed Facts filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Attachments: # 1 Exhibit 1 - Email # 2 Exhibit 2 - Audited Financial Statements # 3 Exhibit 3 - Email # 4 Exhibit 4 - Billing Memorandum # 5 Exhibit 5 - Running |

| | | |
|---|---|---|
| | | Balance Analysis # [6](#) Exhibit 6 - Escrow General Ledger Excerpt # [7](#) Exhibit 7 - Audited Financials) (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | [43](#)<br>(114 pgs; 10 docs) | Debtor's Request for Separate Notice / *Request for Judicial Notice in Support of Plaintiff's Motion for Summary Judgment, or in the Alternative Summary Adjudication* Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (Attachments: # [1](#) Exhibit 1 - Declaration of Timothy Dragelin # [2](#) Exhibit 2 - Judgment # [3](#) Exhibit 3 - Criterion Verified Complaint # [4](#) Exhibit 4 - Judgment # [5](#) Exhibit 5 - Suggestion of Bankruptcy # [6](#) Exhibit 6 - Claim No. 10062 # [7](#) Exhibit 7 - Claim No. 10063 # [8](#) Schedule #748000190 # [9](#) Exhibit 9 - Order on Motion to Quash) (Nolan, Jeffrey) (Entered: 02/22/2022) |
| 02/22/2022 | [44](#)<br>(3 pgs) | Affidavit/Certificate of Service Filed by Jeffrey P Nolan on behalf of Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al (RE: related document(s)[37](#) Motion for Summary Judgment filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [38](#) Statement of Undisputed Facts filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [39](#) Affidavit in Support filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [40](#) Affidavit in Support filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [41](#) Affidavit in Support filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [42](#) Declaration filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, [43](#) Request for Separate Notice filed by Counter-Defendant Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al, Plaintiff Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al) (Nolan, Jeffrey) (Entered: 02/22/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/14/2022 13:45:28 | | | |
| **PACER Login:** | Giulianolawpc | **Client Code:** | abruzzi -petrozza |
| **Description:** | Docket Report | **Search Criteria:** | 8-20-08052-ast Fil or Ent: filed Doc From: 0 Doc To: 99999999 |

|  |  |  | Term: included Format: html<br>Page counts for documents:<br>included |
|---|---|---|---|
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

Page 8

```
 1          Roger A. Raimond, Esq.
 2   account, are you talking about all of the
 3   accounts that are maintained by Robinson
 4   Brog, the sub-accounts that are maintained by
 5   Robinson Brog.
 6        Q.   Let's start it the --
 7             I will show you what we will mark
 8   as Exhibit 1.
 9             ( Raimond Exhibit 1, letter and
10        Wells Fargo - IOLA (non-interest)
11        account QuickReport , marked for
12        identification as of this date.)
13        Q.   If you can take a look at that.
14             If you can take a look at the
15   letter and then the attachment to the letter.
16             MS. RICE:  For the record, Rich,
17        you are going to keep the originals of
18        the exhibits?
19             MR. CHESLEY:  For ease we will do
20        that.
21             MS. RICE:  Okay.
22        A.   (Pause.)
23             What's the question?
24        Q.   Have you ever seen this document
25   before?
```

Page 9

1          Roger A. Raimond, Esq.

2      A.    By "this document" you are talking

3  about the account Quick Report?

4      Q.    I am talking about the document

5  entitled Wells Fargo IOLA (non-interest)

6  account Quick Report.

7      A.    Yes, I have not seen the letter

8  before, that is attached to your exhibit but

9  I have seen the Wells Fargo IOLA account

10  Quick Report.

11      Q.    And have you seen similar formats

12  of this report prepared for other

13  sub-accounts?

14      A.    Oh, yes.

15      Q.    Is there a master report that is

16  prepared by either the bookkeeping department

17  or anyone else within Robinson Brog that

18  lists all amounts within the IOLA escrow

19  account?

20      A.    I have not seen one, but it would

21  be likely that since this is a Quick Report,

22  that there probably is a master report.

23      Q.    And what does the reference to

24  Quick Report mean?

25      A.    It could be that it is a Quick Book

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

| In re: | : | Chapter 11 |
|---|---|---|
| | : | |
| ORION HEALTHCORP, INC. | : | Case No. 18-71748 (AST) |
| CONSTELLATION HEALTHCARE TECHNOLOGIES, INC. | : | Case No. 18-71749 (AST) |
| NEMS ACQUISITION, LLC | : | Case No. 18-71750 (AST) |
| NORTHEAST MEDICAL SOLUTIONS, LLC | : | Case No. 18-71751 (AST) |
| NEMS WEST VIRGINIA, LLC | : | Case No. 18-71752 (AST) |
| PHYSICIANS PRACTICE PLUS, LLC | : | Case No. 18-71753 (AST) |
| PHYSICIANS PRACTICE PLUS HOLDINGS, LLC | : | Case No. 18-71754 (AST) |
| MEDICAL BILLING SERVICES, INC. | : | Case No. 18-71755 (AST) |
| RAND MEDICAL BILLING, INC. | : | Case No. 18-71756 (AST) |
| RMI PHYSICIAN SERVICES CORPORATION | : | Case No. 18-71757 (AST) |
| WESTERN SKIES PRACTICE MANAGEMENT, INC. | : | Case No. 18-71758 (AST) |
| INTEGRATED PHYSICIAN SOLUTIONS, INC. | : | Case No. 18-71759 (AST) |
| NYNM ACQUISITION, LLC | : | Case No. 18-71760 (AST) |
| NORTHSTAR FHA, LLC | : | Case No. 18-71761 (AST) |
| NORTHSTAR FIRST HEALTH, LLC | : | Case No. 18-71762 (AST) |
| VACHETTE BUSINESS SERVICES, LTD. | : | Case No. 18-71763 (AST) |
| MDRX MEDICAL BILLING, LLC | : | Case No. 18-71764 (AST) |
| VEGA MEDICAL PROFESSIONALS, LLC | : | Case No. 18-71765 (AST) |
| ALLEGIANCE CONSULTING ASSOCIATES, LLC | : | Case No. 18-71766 (AST) |
| ALLEGIANCE BILLING & CONSULTING, LLC | : | Case No. 18-71767 (AST) |
| PHOENIX HEALTH, LLC | : | Case No. 18-71789 (AST) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

## ORDER ON MOTION PURSUANT TO FRCP 45(D)(3)
## TO QUASH AND/OR MODIFY DEBTORS' SUBPOENA
## SEEKING NON-DEBTOR RECORDS HELD BY
## ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Upon consideration of (i) the *Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C.* [D.E. 228] (the "Motion"); (ii) the *Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II)*

1

*In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* [D.E. 270] (the "<u>Response</u>");[1] (iii) the *Declaration of Frank A. Lazzara in Support of Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(D)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) In Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq. and Matthew C. Capozzolli, Esq.* filed under seal (the "<u>Lazzara Declaration</u>"); (iv) *Supplemental Declaration of Frank A. Lazzara* [D.E. 286] (the "<u>Supplemental Declaration</u>"); (v) the *Joinder of Bank of America, N.A., in Its Capacity as Prepetition Agent for the Prepetition Lenders, to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004 and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq*. [D.E. 280] (the "<u>Lender Joinder</u>"); and (vi) the *Joinder of Official Committee of Unsecured Creditors to Debtors' Response (I) In Opposition to the Motion Pursuant to FRCP 45(d)(3) to Quash and/or Modify Debtors' Subpoena Seeking Non-Debtor Records Held by Robinson Brog Leinwand Greene Genovese & Gluck P.C. and (II) in Support of Debtors' Ex Parte Motion for an Order Pursuant to Bankruptcy Rules 2004*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Response.

2

*and 9014 Directing the Production of Documents and the Examination of Robinson Brog Leinwand Greene Genovese & Gluck P.C., A. Mitchell Greene, Esq., Adam Greene, Esq., and Matthew C. Capozzolli, Esq.* [D.E. 288] (the "Committee Joinder"); and the Court having reviewed the Motion, the Response, the Lazzara Declaration, the Supplemental Declaration, the Lender Joinder and the Committee Joinder; and the Court having jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and this Motion in this District being proper under 28 U.S.C. §§ 1408 and 1409; and sufficient notice of the Motion having been given; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, based thereon

**IT IS HEREBY ORDERED THAT**:

1.      Within two (2) business days of entry of this Order, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") shall deliver to DLA Piper LLP (US) ("DLA") an unredacted version of an accounting reflecting all funds transferred in and out of the  Escrow Account on behalf of the Debtors and those entities listed on Exhibit A attached hereto in the same form as the one attached to the letter of Marian C. Rice of L'Abbate, Balkan, Colavita & Contini, L.L.P. dated as of June 5, 2018.

2.      Within thirty (30) days of entry of this Order, Robinson Brog shall make available a partner with the most knowledge concerning the operation of the Escrow Account for a deposition not to exceed two (2) hours in length to be held at the offices of DLA.  The deposition shall be limited to questions related to the manner in which Robinson Brog maintained the Escrow Account and identification of the transactions that are reflected in the accounting.  For the

avoidance of doubt, any questions that may impact assertions of privilege that may be made by a non-debtor party, such as questions along the lines of "why did you make this transfer?" and "who directed you to do this?" shall be prohibited.

3.     The Order shall be without prejudice to the Debtors seeking additional depositions of partners at Robinson Brog at some time thereafter, at which deposition former Judge Melanie Cyganowski shall be authorized to attend and empowered to determine questions of privilege.

4.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.



Dated: June 26, 2018
      Central Islip, New York

_____
                    Alan S. Trust
      United States Bankruptcy Judge

**Exhibit A**

**Non-Debtors**

1.  Parmjit Singh Parmar
2.  Constellation Health LLC
3.  Constellation Health Investment LLC
4.  First United Health LLC
5.  Naya Constellation Health LLC
6.  Alpha Cepheus LLC
7.  Blue Mountain Healthcare, LLC
8.  Sage Group Consulting, Inc.
9.  Porteck Corporation
10. O'Rion HealthCorp
11. 2 River Terrace Apartment 12J, LLC
12. Sankar Chivukula
13. Ravi Chivukula
14. Arvind Walia
15. Sotirios Zaharis
16. All affiliates, subsidiaries and predecessors-in-interests of the Non-Debtors listed above

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------

In re:                                          :    Chapter 11
                                                :
ORION HEALTHCORP, INC[1].                       :    Case No. 18-71748 (AST)
                                                :
                                    Debtors.    :    (Jointly Administered)
---------------------------------------

HOWARD M. EHRENBERG IN HIS CAPACITY             :
AS LIQUIDATING TRUSTEE OF ORION                 :    Adv. Pro. No. 20-08052 (AST)
HEALTHCORP, INC., ET AL.,                       :
                                                :
                                    Plaintiff,  :
                                                :
v.                                              :
                                                :
ABRUZZI INVESTMENTS, LLC; JOHN                  :
PETROZZA,                                       :
                                                :
                                    Defendants. :
---------------------------------------

## NOTICE OF PLAINTIFF'S DESIGNATION OF EXPERT PURSUANT TO RULE 26(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

Dated:    September 2, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By:    _____

Ilan D. Scharf, Esq.
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777

Counsel for the Plaintiff,
Howard M. Ehrenberg in his capacity as
Liquidating Trustee of Orion Healthcorp, Inc., *et al.*

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Case Management Order, and as amended by the Court, Plaintiff Howard M. Ehrenberg, in his capacity as Liquidating Trustee of Orion HealthCorp, Inc. in the above-captioned Adversary Proceedings, (the "Plaintiff"), hereby designates the person identified below, whose expert opinion the Plaintiff expects to offer into evidence, at trial and otherwise, in the Adversary Proceeding. The Plaintiff reserves all rights to designate additional rebuttal expert witnesses in response to any expert designation by Defendants in the Adversary Proceeding.

Craig Jacobsen
B Riley Advisory Services
299 Park Avenue, 21st Floor
New York, NY 10171

Qualifications of Witness: A statement of the qualifications and publications of Craig Jacobsen are attached as Appendix A to his Expert Report.

The Trustee expects Mr. Jacobsen to testify, and to provide expert evidence and opinions at trial and otherwise, as to the following general subject areas:

1. In re: Orion HealthCorp., Inc., et al. and its insolvency as to the date of the Transfer.

2. The pre-petition transfer identified in the operative complaint in Howard M. Ehrenberg v. Abruzzi Investments, LLC, et al., Adv. Proc. No. 20-08052 AST.

3. The contents of Mr. Jacobsen's expert report (including exhibits) regarding Orion HealthCorp., Inc., et al, served concurrently herewith.

Mr. Jacobsen's hourly rate for deposition is $515.

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                              )
COUNTY OF LOS ANGELES  )

      I, Rolanda Mori, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067-4100.

      On September 2, 2021, I caused to be served the **NOTICE OF PLAINTIFF'S DESIGNATION OF EXPERT PURSUANT TO RULE 26(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** in this action by placing a true and correct copy of said document(s) in sealed envelopes in the U.S. mail addressed as follows:

Anthony F. Giuliano, Esq.
445 Broadhallow Road, Suite 25
Melville, New York 11747
Tel: (516) 792-9800
Email: afg@pryormandelup.com

☑    (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑    (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☐    (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐    (BY OVERNIGHT DELIVERY) By sending by **FEDERAL EXPRESS** to the addressee(s) as indicated on the attached list.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction was made. Executed on September 2, 2021 at Los Angeles, California.

_____
                         Rolanda Mori