**Anthony F. Giuliano, Esq.**
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
**445 Broadhollow Road, Ste. 25**
**Melville. New York 11747**
**afg@glpcny.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-71748 (AST) |
| Orion HealthCorp, Inc., et al., | Case No. 18-71789 (AST) |
| | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------------- x

Howard M. Ehrenberg in his capacity as Liquidating :
Trustee of Orion Healthcorp, Inc., et al.,
CHT : Holdco, LLC, and CC Capital CHT Holdco LLC,

                        Plaintiffs,          Adv. Pro. No. 20-08052

           v.

Abruzzi Investments, LLC; John Petrozza

                        Defendants.

------------------------------------------------------------------------------- x

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
## DOCUMENTATION AND TESTIMONY

       Abruzzi Investments, LLC ("<u>Abruzzi</u>") and John Petrozza ("Petrozza" and collectively with Abruzzi, the "<u>Defendants</u>") by their undersigned counsel, Giuliano Law P.C., in support of Defendants' motion (the "<u>Motion</u>") to preclude Plaintiff from using documentation and testimony obtained from M&T Bank and submitted by the Plaintiff in support of his summary

judgment motion and in opposition to Defendants' summary judgment motion, respectfully represents as follows.

## PRELIMINARY STATEMENT

In an attempt to refute statements made in Defendants' motion for summary judgment regarding the inadequacy of Plaintiff's evidence, Plaintiff provides the court with certain documents obtained via subpoena from M&T Bank regarding the bank account (the "Sunshine Account") allegedly held by Sunshine Star LLC ("Sunshine"). Defendants' move to preclude these documents from being introduced in this action for the following reasons:(i) Plaintiff failed to provide notice of the third-party subpoena prior to its service on the Defendants as required by Rule 45 the Federal Rules of Civil Procedure; and (ii) Plaintiff failed to produce a complete set of the documents received from M&T Bank as required by Rule 37 which Plaintiff now seeks to use in support of his summary judgment motion of the Federal Rules of Civil Procedure. Having violated two rules of Federal Civil Procedure, Plaintiff now seeks to rely on these documents in defense of his motion for summary judgment and opposition to Defendants' motion for summary judgment. Plaintiff eleventh hour attempt to introduce evidence he did not provide to Defendants which he obtained by an improperly served subpoena cannot be permitted and Plaintiff must be barred from introducing these documents as evidence before this Court.

## BACKGROUND

1.     In connection with the instant adversary proceeding, Defendants' served Plaintiff with a Request for Production of Documents, Set One on December 14, 2020. A copy of the Document Demand is annexed to the Giuliano Declaration as Exhibit "A" along with

the Certificate of Service. Among the documents requested, Defendants' demanded Plaintiff produce the following documents: Document Request 23: Any and all DOCUMENTS, relating or referring to M&T Bank account: Account No. 0020000046, Routing Number: 9869416595; Document Request 29: Any and all DOCUMENTS, the PLAINTIFF seeks to introduce at trial of this ACTION to substantiate the claims as alleged in the COMPLAINT.

2. In response, Plaintiff to these demands Plaintiff produced the documents annexed to the Giuliano Declaration as Exhibit B concerning the Sunshine Account.

3. Approximately 16 months later, Plaintiff moves for summary judgment. After making his initial motion, Plaintiff in opposition to Defendants' motion for summary judgment, produced documents responsive to a third-party subpoena Plaintiff issued to M&T Bank in connection with this action. *See*, Nolan Affidavit [Dkt. No. 57]. A copy of the M&T Subpoena and the documents Plaintiff received in response are annexed to the Giuliano Declaration as Exhibit "C".

4. As set forth in the Declaration of Anthony F. Giuliano, Esq. in support of this Motion, Plaintiff failed to give notice of the M&T Subpoena to Defendants and failed to provide Defendants with a complete copy of the documents responsive to that subpoena which Plaintiff now seeks to introduce as evidence in support of his motion.

## ARGUMENT

### a. Plaintiff Failed to Produce Documents He Now Seeks to Introduce.

5. Plaintiff should be precluded from offering any evidence, testimony, or argument regarding the Sunshine Account because it failed to entirely respond to Defendants' legitimate discovery requests designed to elicit relevant information regarding its assertions with respect to the Sunshine Account. Plaintiff chose to selectively respond to Defendants discovery request, producing only a portion of the response it received to the M&T Subpoena. Defendant's refusal to produce relevant documents regarding the Sunshine

Account has prejudiced Defendants' ability to investigate and counter Plaintiff's statements concerning the alleged ownership of the account or the veracity of the bank records. Allowing Defendant to offer any evidence, testimony, or argument "at trial, at a hearing, or on any motion" relating to the Sunshine Account would thus be highly prejudicial to Defendants and would allow Plaintiff to skirt the applicable discovery rules. Fed. R. Civ. P. 37(c)(l).

6.   Fed. R. Civ. P. 37(c)(l) establishes a self-executing sanction for discovery violations. *See Zhang v. Am. Gem Seafoods. Inc.,* 339 F.3d 1020, 1028 (9th Cir. 2003) (strictly following Rule 37 to exclude document when it was produced after discovery cut-off date; and after deposition for which document was to be used; and no "substantial justification" given for failure to produce); Fed. R. Civ. P. 37(c)(l) advisory committee notes (1993) ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)...."). The Federal Rules of Civil Procedure's discovery rules are intended to bring clarity to the issues, allow the parties to ascertain relevant facts and information, and, ultimately, aid the court to reach its decision. *Cf. Hickman v. Taylor,* 329 U.S. 495, 500 (1947). Rule 37(c)(l) "gives teeth" to these discovery rules "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Mollv Ltd, v. Deckers Outdoor Corp.,* 259 F.3d 110, 1106 (9th Cir. 2001); see Fed. R. Civ. P. 37(c)(l) advisory committee's note (1993) ("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence ....").

7.   Rule 37(c)(l) does not require the movant to show "willfulness, fault, or bad faith" unless moving to dismiss the action as the Rule 37 sanction. *Id.* at 1106. Once the movant demonstrates that Rule 26(a), 26(e)(l), or 26(e)(2) has been violated, the sanction is automatic unless the respondent demonstrates a "substantial justification" for its failure or shows that the failure was harmless. *Id.* 1106-07. Failure is harmless only where no prejudice results or prejudice may be cured by production sufficiently in advance of trial. *Southern*

4

*Union Co. v. Southwest Gas Corp.,* 180 F. Supp. 2d 1021,1060-61 (D. Ariz. 2002) (finding error harmless when production could take place eight months prior to trial; movant had sufficient time to re-depose respondent's experts; and respondent was ordered to pay movant's associated costs).

8. Here, the requirements for invoking the automatic sanction contained in Rule 37(c)(l) are plainly met. Plaintiff failed to produce documents, pursuant to Rule 26(a)(5), sought in Defendants' document request and now seeks to introduce them in connection with the pending summary judgment motions.

9. Plaintiff's refusal to respond to Defendants' legitimate discovery regarding the Sunshine Account prejudices Plaintiffs' case. Plaintiff's failure to produce the documentation showing the source of the document production was a third-party subpoena prevented Defendants' from seeking testimony from a representative of M&T Bank or prepare a complete response to Plaintiff's motion for summary judgment. Moreover, Rule 26's requirements would be subverted if Plaintiff were allowed to present evidence, testimony, or argument at trial about the very topic on which it has failed to provide to Defendants.

10. Plaintiff is unable to demonstrate a "substantial justification" for its failure to produce the complete set of documents. Aside from blanket boiler-plate objections, Plaintiff did not object to Defendants' requests for documents relating to Sunshine Account.

**b.    Plaintiff failed to Serve the Third-Party Subpoena on Defendants**

11. Federal Rule of Civil Procedure 45(a)(4) requires a party to an action provide notice of the third-party subpoena on each party to the litigation. As this rule states: " if the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be  served on each party." Fed. R. Civ. P 45(a)(4).

> Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to "provide prior notice to all parties to the litigation." *Murphy v. Board of Educ.,* 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (citations omitted). "The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." *Id.* (citations omitted). Here, the plaintiffs served the defendants with the subpoenas on the same date they served the non-parties. This does not comply with Rule 45's prior notice.

*Fox Industries, Inc. v. Gurovich*, CV 03-5166 (TCP) (WDW), at *21 (E.D.N.Y. Oct. 6, 2006)

12. There can be no argument that Plaintiff failed to provide notice of the subpoena to the Defendants. While the remedies for such a failure are myriad, including sanction and even dismissal of the action, the most common is to quash the subpoena. *See, Solais v. Vesuvio's II Pizza & Grill, Inc.*, 1:15CV227, at *13 (M.D.N.C. Oct. 16, 2015) ("Failure to comply with the Rule 45 notice requirement provides grounds for quashing a subpoena. *See F.D.I.C. v. Kaplan,* No. 8:14-CV-2484-T-27JSS, 2015 WL 4744361, at *2 (M.D. Fla. Aug. 10, 2015) (*citing Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000)); see also, e.g., *Murphy v. Board of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 221-22 (W.D.N.Y. 2000) (explaining that, in response to issuance of subpoenas without notice, "the [c]ourt quashed all of the twelve offending subpoenas").")

13. Here the subpoena has been served and already complied with. Thus, the mere quashing of the subpoena is insufficient. The Plaintiff must be prohibited from introducing the documents obtained from M&T Bank in their entirety.

## CONCLUSION

14. Plaintiff both failed to provide notice of the third-party subpoena served on M&T Bank in violation of Rule 45(a)(4) of the Federal Rules of Civil Procedure but also

violated Rule 37(c)(l) by failing to produce all of the documents obtained from M&T Bank. As a result, all documents obtained from M&T Bank must be precluded from being proffered "at a trial, at a hearing, or on a motion any witness or testimony not so disclosed." Indeed, no less restrictive alternative other than a Rule 37(c)(l) preclusion is available. To allow otherwise would permit Plaintiff to circumvent Rule 26(a). Plaintiff's actions have prejudiced Defendants' preparation of their summary judgment motion and response. For the foregoing reasons, Defendants respectfully request that the Court enter an Order barring Plaintiff from introducing any evidence, testimony, or argument at trial relating to the Sunshine Account.

**WHEREFORE,** Defendants respectfully request this Court enter an order barring Plaintiff from introducing the documents improperly obtained from M&T Bank together with such other and further relief this Court deems just and proper.

Dated: Melville, New York
      May 6, 2022

                                      GIULIANO LAW, P.C.
                                      Attorneys for Defendants

                                By: */s/ Anthony F. Giuliano*
                                      Anthony F. Giuliano
                                      445 Broadhollow Rd., Ste. 25
                                      Melville, New York 11747
                                      (516) 792-9800
                                      afg@glpcny.com