UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-08052 (AST) |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA, | |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT ABRUZZI INVESTMENT AND JOHN PETROZZA'S CROSS MOTION FOR SUMMARY JUDGMENT; RULING ON EVIDENTIARY OBJECTIONS; AND <u>ESTABLISHING FACTS AS ADMITTED IN THE CASE PURSUANT TO FRCP 56</u>**

The Court, having considered the *Motion for Summary Judgment, or in the Alternative Summary Adjudication as Against Defendants Abruzzi Investments, LLC and John Petrozza as*

---

[1]. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

filed by of Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., *et al*., (the "**Plaintiff**") and the accompanying *Joint Statement Of Uncontroverted Facts; Plaintiff's Statement of Additional Uncontroverted Facts In Support Of Motion For Summary Judgment* [Docket No. 38]*; Affidavit of Jeff Nolan In Support Of Plaintiff's Motion For Summary Judgment* [Docket No. 39]*; Affidavit of Edith Wong In Support of Plaintiff's Motion For Summary Judgment* [Docket No. 40]*; Affidavit of Elena Sartison In Support of Plaintiff's Motion For Summary Judgment* [Docket No. 41]*;Affidavit of Frank Lazzara In Support of Plaintiff's Motion For Summary Judgment* [Docket No. 42]*;Request For Judicial Notice In Support of Plaintiff's Motion For Summary* [Docket No. 43]; and pleadings related thereto (collectively "the **Motion**") [Docket Nos. 37-43][2] seeking entry of judgment against Defendants Abruzzi Investments, LLC and John Petrozza (the "**Defendants**"); and the Court, having considered the Defendants *Motion for Summary Judgment and Default Judgment* and the accompanying Declaration *of J. Petrozza In Support of Defendant's Cross-Motion For Summary Judgment* [Docket No. 53]*; Declaration of L. Basich In Support Of Defendant's Cross-Motion For Summary Judgment* [Docket No. 54] all replies, objections and other pleadings relating to the foregoing (collectively "the **Cross-Motion**") [Docket Nos. 45-49; 52-55]*;* and the Court having duly considered the argument of counsel at the Hearing; and after due deliberation thereon; and the Court as set forth in the record at the April 10, 2024, Ruling Conference (the "**Ruling Hearing**"); and upon sufficient cause appearing therefore; having made certain legal and factual findings as set forth in the record,

---

[2] Capitalized terms used but not defined herein shall have the meanings and definitions ascribed to them in the Motion.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is denied with respect to the Plaintiff's First Cause of Action to Avoid an Intentionally Fraudulent Transfer under 11 U.S.C. §§544 and 548(a)(1)(A) and N.Y. Debtor and Creditor Law §276, and Second Cause of Action to Avoid a Constructively Fraudulent Transfer under 11 U.S.C. §544 and N.Y. Debtor and Creditor Law §§272-275, and §273-a, as a factual issue exists as to the issue of reasonably equivalent value exchanged for the Transfer as stated in particular on the record at the Ruling Hearing.

2. The Cross-Motion is denied as stated in particular on the record at the Ruling Hearing.

3. Pursuant to Fed R. Civ. Proc. 56(g), and as set forth on the record at the Ruling Hearing, numerous facts are established for trial as undisputed facts established in the case. The Objections to the Affidavits of Wong, Lazzara, and Sartison are overruled and their respective declarations are part of the trial record.

4. The Bankruptcy Court retains jurisdiction to enforce and implement the respective terms and provisions of this judgment and any request for fees or costs.

5. The adversary is set for trial on July 24, 2024, and Court will issue its own trial scheduling order.