UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

ORION HEALTHCORP, INC., *et al.*,    Case No.: 18-71748-AST

Chapter 11

                     Debtors.
-----------------------------------------------------------------x
HOWARD M. EHRENBERG, IN HIS
CAPACITY AS LIQUIDATING TRUSTEE OF
ORION HEALTHCORP, INC., *et al*,

                     Plaintiff,

  -against-    Adv Pro No. 20-08052-AST

ABRUZZI INVESTMENTS, LLC;
JOHN PETROZZA,

                     Defendants.
-----------------------------------------------------------------x

## ADVERSARY PRETRIAL SCHEDULING ORDER

     The Court enters this Order in accordance with Rule 16 of the Federal Rule of Civil Procedure ("Federal Rules"), as incorporated by Rule 7016 of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules"). It is hereby **ORDERED**,

**Trial Date and Time Limits:**

1. Trial in the above matter is scheduled for **July 25, 2024 at 9:30 a.m.** Plaintiff will be given **1 Hour**, and the Defendants will be given **1 Hour** to present all arguments and evidence. The Plaintiff may reserve a portion of this time for rebuttal.

**Discovery:**

2. Discovery is closed.

**Direct Testimony by Affidavit:**

3. The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than **July 10, 2024**; copies of the filed Affidavits shall be served

upon the opposing party (or parties) by facsimile, electronic mail, or first class mail simultaneously with the filing of same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the trial for cross-examination.

Any objection to any portion of a witness affidavit, including evidentiary objections, shall be filed no later than **July 12, 2024**.

Nothing contained herein, however, shall limit the applicability of Bankruptcy Rule 7032.

**Joint Pretrial Memorandum and Pretrial Submissions:**

4. The parties are ordered to file, on or before **July 10, 2024**, a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

   (A) The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and identifying those witnesses for whom an affidavit of direct testimony has been filed;

   (B) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony;

   (C) A list of witnesses intended to be called as experts along with a summary of their qualifications, together with any statement(s) as to an objection to their qualification, and identifying those expert witnesses for whom an affidavit of direct testimony has been filed    (D)    An appropriate identification (prenumeration) of each document or other exhibit, including witness affidavits, other than those to be used for impeachment or rebuttal, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises;

   (E) A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown;

   (F) A statement confirming that the parties have exchanged copies of the exhibits, other than those to be used for impeachment or rebuttal, no less than **seven (7) days** prior to filing the Joint Pretrial Memorandum; and

   (G) Facts which are admitted and require no proof.

   (H) Questions of fact to be determined by the Court at trial.

    (I)    Issues of law to be decided by the Court at trial.

5. The parties may each file briefs and submit proposed findings of fact and conclusions of law contemporaneous with the filing of the Joint Pretrial Memorandum.

6. Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Courtroom Deputy, the witness and each counsel. The parties shall provide one (1) additional set of exhibits in hard copy, and two (2) additional sets on a CD rom, flash drive or other media to Chambers no less than **three (3) business days** prior to trial. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers (Plaintiff shall designate its exhibits using numbers and Defendants shall designate their exhibits using letters).

### Amendments to Pleadings:

7. Any motions seeking leave to file amended or supplemental pleadings must be filed and served pursuant to Federal Rule 15, as incorporated by Bankruptcy Rule 7015, and Judge Trust's published procedures for motions in adversary proceedings, *http://www.nyeb.uscourts.gov/judge-trusts-procedures*, on or before **May 24, 2024**.

### Final Pretrial Conferences:

8. A *final* pretrial conference is scheduled for **July 17, 2024 at 1:30 p.m.** in Courtroom 960, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York.

### Compliance with Rule 9037:

9. All papers submitted to the Court, including exhibits, must comply with Bankruptcy Rule 9037.

### Sanctions for Non-Compliance:

10. Failure to strictly comply with any of the provisions of this Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstances warrant, in accordance with Federal Rule 16, as incorporated by Bankruptcy Rules 7016 and 9014.

### Settlement:

11. If a settlement is reached, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of same no less than **ten (10) business days** prior to the date of the Trial, along with an email to ast_hearings@nyeb.uscourts.gov, notifying the Court of the proposed settlement. **If a stipulation and motion are not timely submitted to the Court, all parties shall be prepared to proceed with the Trial**. If this adversary proceeding is removed from the trial calendar based upon the announcement of a settlement,

the case will not be reset for Trial if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for Trial at a later date.

Dated: April 19, 2024
      Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge