**Anthony F. Giuliano, Esq.**
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
**445 Broadhollow Road, Ste. 25**
**Melville. New York 11747**
**afg@glpcny.com**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-71748-67 (AST) |
| Orion HealthCorp, Inc., et al., | Case No. 18-71789 (AST) |
| | Case No. 18-74545 (AST) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------------- x
Howard M. Ehrenberg in his capacity as Liquidating :
Trustee of Orion Healthcorp, Inc., et al.,
CHT : Holdco, LLC, and CC Capital CHT Holdco LLC,

                Plaintiffs,         Adv. Pro. No. 20-08053

       v.

Abruzzi Investments, LLC; John Petrozza

                Defendants.

------------------------------------------------------------------------------- x

## **DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE**

      I, Anthony F. Giuliano, declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney duly licensed to practice before all courts in the State of New York. I am a member of the law firm Giuliano Law, PC, ("Giuliano Law") counsel for the Defendants Abruzzi Investments LLC and John Petrozza (the "Defendants").

2. Giuliano Law, PC is counsel for the Defendants in the above-referenced action.

3. In recent weeks, there has been a complete breakdown in communications between counsel and the Defendants. The Defendants and counsel have serious disagreements and differences, which, due to the attorney-client privilege, cannot be disclosed.

4. On July 10, 2024, Mr. Petrozza informed me that my firm had been terminated from representing him or Abruzzi, effective immediately, due to the aforementioned breakdown. I received a letter from Mr. Petrozza terminating my firm's representation and forbidding me from filing any documents or pleadings (other than this motion) or from communicating with counsel for the Trustee. A copy of the correspondence can be made available for this Court's *in-camera* review.

5. Rule 1.6(b)(3) of the New York Rules of Professional Conduct provides that a lawyer "shall" withdraw as counsel when "the lawyer is discharged." "When counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999).

6. Due to the complete breakdown in the attorney-client relationship, Giuliano Law seeks to withdraw as counsel and consents to the termination of representation by the Defendants.

7. Given the timeframe of the proceedings and the pending deadlines, I also seek a stay for a thirty (30) day period of all proceedings and the extension of any deadlines in this

adversary proceeding to allow Giuliano Law to withdraw and allow Defendants time to find new counsel.

8.  No prior request for the relief requested has been made to this, or any other court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of July 2024.

*/s/ Anthony F. Giuliano*
Anthony F. Giuliano
