UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ORION HEALTHCORP, INC.[1] | : | Case No. 18-71748 (AST) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
| HOWARD M. EHRENBERG IN HIS CAPACITY | : |  |
| AS LIQUIDATING TRUSTEE OF ORION | : | Adv. Pro. No. 20-08052 (AST) |
| HEALTHCORP, INC., ET AL., | : |  |
|  | : | **Trial:** |
| Plaintiff, | : | **July 25, 2024; 9:30 a.m.** |
|  | : |  |
| v. | : | **Final Pretrial Conference:** |
|  | : | **July 17, 2024; 1:30 p.m.** |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN | : |  |
| PETROZZA, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

----------------------------------------

## OPPOSITION OF PLAINTIFF, HOWARD M. EHRENBERG, TO AMENDED DECLARATION/APPLICATION RE: ORDER TO SHOW CAUSE TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS ABRUZZI INVESTMENTS L.L.C. AND JOHN PETROZZA

Plaintiff, Howard M. Ehrenberg, Liquidating Trustee of Orion Healthcorp., *et al.*

(the "Plaintiff"), hereby submits his opposition to the Amended Declaration (the "Declaration")

of Anthony F. Giuliano, in support of Application to Withdraw as Attorney of Record (the

"Application") for Defendants, Abruzzi Investments, LLC and John Petrozza (collectively the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

"<u>Defendants</u>") [Dkt. No. 98].  In support of this opposition the Plaintiff respectfully states as follows:

<b>Jurisdiction</b>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a), and this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b).

<b>Factual Background</b>

3.      On March 14, 2020, Plaintiff filed its Complaint for Avoidance and Recovery of: (1) Fraudulent Transfers; and (2) Recovery of Avoided Transfers and Objection to Claim Nos. 10063 and 10064 (the "<u>Complaint</u>") [Dkt. No. 1], which seeks to avoid and recover from Defendants preferential transfers in the total amount of $250,000.

4.      The Defendants filed an answer to the Complaint on May 15, 2020 (the "<u>Answer</u>"). [Dkt. No. 5]  The Law Offices of Joseph Z. Amsel. (hereinafter "<u>Amsel</u>") filed an Answer as counsel for the Defendants.

5.      On July 10, 2020, Jospeh Amsel filed an Application seeking authority to withdraw as counsel for the Defendants citing to fundamental disagreements on how the matter should be handled and non-payment of fees. [Dkt. No. 10]  The Court granted the request.  New counsel was appointed on October 20, 2020. [Dkt. No. 18]

6.      On **April 19, 2024**, the Court set this matter for trial by entering a Pretrial Scheduling Order that among other deadlines, set Pretrial submissions due on or before **<u>July 10, 2024.</u>** [Dkt No. 85]

7.      On July 10, 2024, at 5:00 pm counsel for Plaintiff was advised by counsel for Defendants he had been terminated.

LA:4857-8666-1584.3 65004.003

8.     On July 10, 2024, in accordance with the Pretrial Scheduling Order, Plaintiff filed his Trial Brief, Conclusions Of Law, Affidavits of Witnesses as Direct Testimony and Lodging of Deposition Excerpts of Witnesses Petrozza and Basich in preparation for the July 25, 2024, Trial.

9.     On July 11, 2024, Defendants' lawyer filed a declaration to withdraw citing a breakdown in communications and serious disagreements and differences between counsel and the Defendants. [Dkt No. 98]

### Argument

10.     In *Allstate Ins. Co. v. Spina*, 2020 U.S. Dist. LEXIS 245611, at *1 (S.D.N.Y. July 27, 2020), the court set forth the standard in the Second Circuit to withdraw as counsel:

> "When considering whether to grant a motion to be relieved as counsel, 'district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" Bruce Lee Enters., LLC v. A.V.E.L.A., Inc., No. 10-CV-2333, 2014 U.S. Dist. LEXIS 37574, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (citations omitted). 'Although there is no definitive standard for what constitutes a 'satisfactory reason' for allowing a withdrawal," 2014 U.S. Dist. LEXIS 37574, (citations omitted), some possible reasons include "failure to pay legal fees, a client's lack of cooperation, including lack of communication, with counsel, and 'the existence of an irreconcilable conflict between attorney and client,' Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01-CV-2950, 2005 U.S. Dist. LEXIS 17008, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (citations omitted). Some courts within the Second Circuit, however, have noted that "mere nonpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (emphasis added) (citation, alteration, and quotation marks omitted). In addition to the reasons for withdrawal, courts also 'typically consider whether' the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.' Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (citation, alteration, and quotation marks omitted). The Second Circuit has acknowledged that "considerations of judicial economy weigh heavily" in a court's analysis and that it will give 'district judges wide latitude' in making these determinations." *Id*. at 321.

11.     "Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion." *Anderson v. River Greene Constr. Grp., LLC*, 2017 U.S. Dist. LEXIS 112494,

*3-*4 (S.D.N.Y. 2017) citing to (*Vachula v. GE Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) (collecting Second Circuit cases); see *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (holding that, absent a basis for mandatory withdrawal, "a district court has wide latitude to deny a counsel's motion to withdraw, as here, on the eve of trial"); *Malarkey v. Texaco, Inc.*, No. 81-CV-5224 (CSH), 1989 U.S. Dist. LEXIS 8764, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where the case was "on the verge of trial readiness").  See *Waterkeeper All. Inc. v. Spirit of Utah Wilderness, Inc.*, 2021 U.S. Dist. LEXIS 171244, *3 (S.D.N.Y. July 27, 2020) ("a defendant may seek to change counsel in order to delay trial, thus interfering with the interests of justice").

12.    Undoubtedly, counsel's withdrawal at this stage will disrupt the proceedings as he is also requesting a 30 day delay of the trial date.  The matter is set for trial in only 13 days and Plaintiff has filed his trial documents and issued trial subpoenas.  Plaintiff hesitates before opposing the motion of a colleague to be removed as counsel from a case.  However, given the age of the proceedings, the circumstances and the impending trial date, Plaintiff objects to the request to delay trial as the prejudice is extreme.

Dated:    New York, New York
          July 12, 2024

                                          _/s/ Jeffrey P. Nolan_____
                                          Ilan D. Scharf, Esq.
                                          Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
                                          PACHULSKI STANG ZIEHL & JONES LLP
                                          780 Third Avenue, 34th Floor
                                          New York, New York 10017
                                          Telephone:    (212) 561-7700
                                          Facsimile:    (212) 561-7777

                                          *Counsel for the Plaintiff, Howard M. Ehrenberg in
                                          his capacity as Liquidating Trustee of Orion
                                          Healthcorp, Inc., et al.*