UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>Debtor.<br><br>HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., et al.,<br><br>Plaintiff,<br><br>- against -<br><br>ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA,<br><br>Defendants, | Chapter 11<br><br>Case No. 18-71748 (AST)<br><br><br><br><br><br>Adversary Proc. No. 20-08052 (AST)<br><br>Judge:  Hon. Alan S. Trust<br>Trial:   July 25, 2024 |

**MOTION OF PLAINTIFF FOR ENTRY OF**
**ORDER FOR TURNOVER OF FUNDS**

Plaintiff, the Liquidating Trustee of Orion HealthCorp., Inc. ("Trustee") hereby

moves this Court (the "Motion") for entry of an Order pursuant to 11 U.S.C. §105(a), Fed. R.P.

7069 and CPLR §§ 5225(a) and 5226, for turnover of funds of judgment debtor John Petrozza

and Abruzzi Investments, LLC ("Judgment Debtors"), to satisfy a debt that Judgment Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

4883-6439-2383.10 65004.003

owe the Trustee as a judgment creditor. Specifically, the Trustee seeks an order of turnover of funds that are currently being restrained by Bank of America ("BOFA") in the name Judgment Debtors pursuant to a duly issued subpoena and restraining notice. BOFA has indicated they will not release said funds to the Trustee without issuance of a court order. BOFA has indicated it does not oppose the relief requested by the Trustee. In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The Bankruptcy Court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule predicates for the relief sought in this Motion are sections 105(a) and 363 of chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

3. On March 16, 2018 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Bankruptcy Case") by filing a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

4. Prior to the Petition Date, the Debtors were a consolidated enterprise of several companies aggregated through a series of acquisitions, which operate the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private

practice to negotiate contracts with insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

5. On February 26, 2019, the Court entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

6. On February 26, 2019, pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 701] (the "Confirmation Order"), the Plan (as defined in the Confirmation Order) was confirmed, a Liquidating Trust Agreement was entered, and the Trustee was appointed to implement and oversee the Creditor Trust and the terms of the Creditor Trust Agreement, the Plan and Confirmation Order. Howard Ehrenberg was appointed as the Trustee. The Trustee engaged Pachulski Stang Ziehl & Jones LLP as its counsel in the underlying adversary proceeding.

7. The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtors' Estates. The Effective Date occurred on March 1, 2019.

8. The Plan provides that the Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including causes of action.

9. On or about March 14, 2020, Plaintiff filed the Complaint For Avoidance And Recovery of: (1) Fraudulent Transfers; And (2) Recovery of Avoided Transfers And

Objection To Claim Nos. 10063 & 10064 (the "Complaint") [Dkt. No. 1] and the Bankruptcy Code and sections 273, 275 and 276 of the NYCL made applicable pursuant to section 544 of the Bankruptcy Code, $250,000 against the Defendants (the "Transfers").

10. On July 25, 2024, the Parties attended trial, evidence was submitted, testimony given, and the Court took the case under submission. Shortly thereafter, the Court held a Ruling Conference and granted judgment in favor of Plaintiff in accordance with both federal bankruptcy and New York State law.

11. On September 24, 2024, the Court entered the Judgment in Favor of Plaintiff as against John Petrozza and Abruzzi Investments LLC [Docket No. 119]. On April 3, 2025, the Court entered the First Amended Judgment in Favor of Plaintiff as against the Judgment Debtors for a total amount of $552,820 (the "Judgment") [Docket No. 146].

12. On October 16, 2024, the Trustee served an Information Subpoena with Restraining Notice on Bank of America, N.A. and marshal's levy seeking to restrain and possess property of the Judgment Debtors. (See Decl. of J. Nolan, Subpoena, Exhibit "A").

13. On or about November 14, 2024, BOFA responded and identified the following sums in their possession:

| | |
|---|---|
| Abruzzi Investments LLC | $10,547.27 |
| John Petrozza | $2,305.80 |
| John T. Petrozza | $641.57. |

(See Decl. of J. Nolan, Amended Responses, Exhibit "B").

14. On February 28, 2025, counsel for BOFA indicated that BOFA would not turn over the Bank Assets without a court order because the monies are held at a BOFA location outside of New York. (See Decl. of J Nolan, ¶5)

15. While not necessarily agreeing with BOFA's position, on March 28, 2025, counsel for the Trustee advised BOFA they would move for a judicial order to compel turnover of the funds. (*Id.,* ¶6)

16. On June 14, 2025, counsel for BOFA indicated they would not enter an objection to the turnover of these funds. (See Decl. of J Nolan, ¶7; See Exhibit "C")

**RELIEF REQUESTED**

17. By this Motion, the Trustee seeks issuance of an order for turnover of the Judgment Debtor's Assets to partially satisfy the Judgment, substantially in the form of the attached proposed order.

**BASIS FOR RELIEF**

18. Bankruptcy Rule 7070 authorizes this Court to enforce by Turnover Order for possession of the Property by issuing a writ of execution or assistance. Such relief is necessary and appropriate under these circumstances because the Trustee is unable to administer the Property which is in the possession of a third party custodian, BOFA. Therefore, the Trustee requests the Court to enter the Proposed Order granting a turnover of property of the Judgment Debtors.

19. Bankruptcy Rule 7070 provides that "[w]hen any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk." A federal court may enter an order for turnover where a judgment creditor such as the Trustee alleges that property belongs to a judgment creditor if the judgment debtor has an interest in the property and the third party corporation holding said property does business in the forum state . *Off-White, LLC v. AEUNZN*, 2024 U.S. Dist. LEXIS 200132, *7(S.D.N.Y. 2024)

20. A trustee has the duty to "collect and reduce to money the property of the

estate for which such trustee serves . . . ." 11 U.S.C. § 704(1).  The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a). No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. [id.]

21. In this case, the Trustee has a duly issued Judgment, and issued a Subpoena and Restraining Notice Section in the United States Bankruptcy Court, for the Eastern District of New York.  Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
> 11 U.S.C. § 105(a).

22. A bankruptcy court has authority to enforce judgments for possession of property through writs and other orders under section 105(a) of the Bankruptcy Code. Kerlo, 311 B.R. 256, 262 (Bankr. C.D. 2004) (citing Stone v. White (In re Stone), 1998 Bankr. LEXIS 1976, No. 92-01383, at *4 (Bankr. D.C. Nov. 4, 1998) (discussing a writ of possession issued to enforce a turnover order); see also, In re Georges Marciano, Case No. 10426-VK (Bankr. C.D. Cal. Feb. 6, 2012) [Docket No. 1190] (entering an order granting a writ of execution of real property held by the debtor and directing the Marshals Service to carry out the eviction and turnover of the subject properties); Toledano v. Kittay (In re Toledano), 299 B.R. 284, 299 (Bankr. S.D.N.Y. 2003 (trustee authorized by motion to compel assignment of lease free and clear of all occupants); In re Kleminko, 2019 U.S. Dist. LEXIS 228023, *5 (CD. Cal. 2019)

(trustee's post-petition turnover motion granted against defendant and third parties for failing to surrender estate rents); obtain turnover of the apartment free of the debtor's occupancy. In re Stein, 281 B.R. 845, (Bankr. S.D.N.Y. 2002)(The term "property," has been construed most generously and trustee properly moved to compel by motion property which the the Debtor's estate maintains an interest).

23. Similarly, under New York State substantive law, the Court is authorized to issue a turnover order of the Judgment Debtors' funds to the Trustee pursuant to CPLR § 5225(a) and 5226.[2] "Article 52 authorizes a judgment creditor to file a motion against a judgment debtor to compel turnover of assets." *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 537 (2009). In 2009, the Koehler court held that New York courts could enforce a domesticated foreign judgment against assets outside the state if a garnishee bank is subject to jurisdiction in New York. See Koehler ("a court sitting in New York that has personal jurisdiction over a garnishee bank can order the bank to produce assets located outside New York, pursuant to New York's CPLR § 5225(b).") Under CPLR § 5225, the "key to the reach of the turnover order is personal jurisdiction" over the garnishee, not in rem jurisdiction over the assets. The focus is squarely on the bank's nexus with the forum state and noting else.

CPLR § 5225(a) provides:

> Upon motion of the judgment creditor . . . where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

---

[2] The Assets in the BOFA Account are currently restrained pursuant to CPLR § 5222 by a restraining notice issued to BOFA on October 16, 2024. *See* Decl. of J. Nolan., Ex. A.

24. This provision confers broad discretion on the Court to order turnover of the Judgment Debtor's Bank Assets to the Trustee, the Judgment Creditor. *See, e.g.*, *Borges v. Placeres*, 61 Misc. 3d 1220(A), at *3 (N.Y. Civ. Ct. Nov. 2, 2018) (directing assignment of judgment debtor's legal claim to the judgment creditor because "[t]urnover can be accomplished directly between the parties, without the necessity of a sheriff's sale"), *reversed on other grounds*, 64 Misc. 3d 92 (App. Term 1st Dep't 2019); *Arrowhead Cap. Fin., Ltd. v. Seven Arts Entm't, Inc.*, 2017 WL 3394604, at *3 (S.D.N.Y. Aug. 8, 2017) ("Where property is in possession of a judgment debtor, [CPLR § 5225(a)] permits a court . . . 'to order that the judgment debtor pay the money . . . to satisfy the judgment . . . .'" (alteration and citation omitted)). A judgment debtor's assets may be subject to a turnover order under CPLR § 5225 even if they are intangible, as long as they are "property which could be assigned or transferred." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 313-14 (2010) (citation omitted) (finding that a debtor's membership interest in an out-of-state LLC was "akin to intangible contract rights, and is clearly assignable and transferable," and "[t]hus, the interests in question are 'property'").

25. Here, the garnishee bank, BOFA is properly subject to the restraining notice and marshal's levy served in accordance with state and federal law. BOFA conducts business in New York and has not objected to being subject to the Court's jurisdiction. The described funds are assets of the Judgment Debtors held by BOFA in the custody or control of BOFA -and -should be turned over to the Trustee in partial satisfaction of the Judgment.

## **NOTICE**

26. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the Judgment Debtors; and (d) BOFA.

## **CONCLUSION**

Pursuant to federal and state law, the Trustee respectfully requests that the Court issue a turnover order for the Judgment Debtor's Bank Assets to partially satisfy the Judgment, substantially in the form of the attached proposed order.(Attached as Exhibit 1 to the Notice of Motion)

Dated: New York, New York  
       July 18, 2025

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey P. Nolan*
Ilan Scharf, Esq.
Jeffrey P. Nolan, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:   (212) 561-7700
Facsimile:    (212) 561-7777

*Counsel to Howard M. Ehrenberg, Plaintiff*