**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,1<br><br>Debtor. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., et al.,<br><br>Plaintiff,<br><br>- against -<br><br>ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA,<br><br>Defendant. | Adversary Proc. No. 20-08052 (AST) |

**DECLARATION OF JEFFREY P. NOLAN IN SUPPORT OF MOTION TO COMPEL**
**TURNOVER OF LLC MEMBERSHIP INTERESTS**

I, Jeffrey P. Nolan, declare and state under penalties of perjury, pursuant to 28 U.S.C. §1746, as follows:

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.__.

LA:4934-6884-7992.3 65004.003

1.      I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, counsel to Plaintiff, Howard M. Ehrenberg, in his capacity as liquidating trustee of Orion Healthcorp, Inc., et al., ("Plaintiff").

2.      This declaration is submitted in support of the motion filed by Plaintiff, which seeks an order compelling Defendants Abruzzi Investments, LLC and John Petrozza ("Judgment Debtors") to turnover all right, title, and interest in and to the membership and ownership interests they hold in the limited liability companies identified below to Plaintiff ("Plaintiff's Motion").

3.      A judgment was entered on September 24, 2024 in this proceeding in favor of Plaintiff and against Judgment Debtors, jointly and severally, in the amount of $351,260.96, plus post-judgment interest. ("Judgment").

4.      The Judgment was amended by the First Amended Judgment in Favor of Plaintiff entered April 4, 2025 ("Amended Judgment"). Pursuant to the Amended Judgment, judgment was issued against Judgment Debtors, jointly and severally, for $552,820.24, plus post-judgment interest. The Amended Judgment is annexed hereto as **Exhibit "A"**.

5.      On or about July 18, 2025, Plaintiff filed a Motion of Plaintiff for Order of Turnover of Funds, which sought to compel Bank of America ("BOFA") to turnover all funds held by BOFA for the benefit of the Judgment Debtors to Plaintiff ("BOFA Turnover Motion").

6.      On or about August 20, 2025, the BOFA Turnover Motion was granted pursuant to the Order Compelling Bank of America, N.A. RE: Turnover of Property of the Judgment Debtor of the Hon. Alan S. Trust dated August 20, 2025 ("Order"). The Order is annexed hereto as **Exhibit "B"**.

7.      Pursuant to the Order, BOFA paid to Plaintiff the total of Ten Thousand Six Hundred Thirty-Two and 87/100 ($10,632.87) dollars via two cashier's checks ("BOFA

Payment"), which sum is insufficient to satisfy the Amended Judgment. Collectively annexed hereto as **Exhibit "C"** are letters from BOFA to Plaintiff's counsel dated September 2, 2025 and September 9, 2025 which include copies of the two cashier's checks.

8.    Despite diligent efforts, Plaintiff has been unable to locate additional liquid assets of the Judgment Debtors and the Judgment Debtors have not otherwise satisfied the Amended Judgment.

9.    Through discovery conducted in this proceeding and Plaintiff's independent investigation, Plaintiff has identified numerous limited liability companies and corporations in which Judgment Debtors have or have had ownership interests. These entities were identified from public filings, deposition testimony, and financial records obtained during post-judgment discovery.

10.    Plaintiff is presently only seeking turnover of a limited selection of those entities. Plaintiff has limited the scope of its motion to those companies for which ownership by judgment debtor John Petrozza is clearly established, the underlying assets of which Plaintiff reasonably believes are sufficient to make meaningful progress toward satisfaction of the Amended Judgment.

11.    Without waiving any rights or remedies available under applicable law to pursue the turnover of additional membership and ownership interests in entities owned or controlled by Judgment Debtors, Plaintiff's Motion seeks the turnover of the following limited liability companies:

    a.  225 Ellis Street Marina LLC;
    b.  Paradigm Venture Group, LLC; and
    c.  7301 Belle Meade LLC.

**225 Ellis Street Marina LLC**

12.    225 Ellis Street Marina LLC is a limited liability company duly organized and

existing under the laws of the State of New York in which judgment debtor John Petrozza holds an ownership interest.

13.    Annexed hereto as **Exhibit "D"** is a certified copy of 225 Ellis Street Marina LLC's Biennial Statement filed on February 12, 2025 with the State of New York Department of State ("225 Ellis Marina Biennial Statement").

14.    Annexed hereto as **Exhibit "E"** is a certified copy of a certificate of change of 225 Ellis Street Marina LLC filed on May 30, 2017 with the State of New York Department of State ("225 Ellis Marina Certificate of Change").

15.    As shown in the 225 Ellis Marina Certificate of Change and the 225 Ellis Marina Biennial Statement, judgment debtor John Petrozza signed as a member of 225 Ellis Street Marina LLC.

16.    Annexed hereto as **Exhibit "F"** is an excerpt from the Deposition Transcript of John Petrozza, taken on March 2, 2021 ("Petrozza Deposition Transcript"), together with the reporter's certification page.

17.    As shown at pages 31-34 of the Petrozza Deposition Transcript, Mr. Petrozza testified that he is an officer or director of 225 Ellis Street Marina, LLC, that he serves as its president, and that there are no other officers or directors of 225 Ellis Street Marina, LLC other than himself.

18.    Based on the foregoing, judgment debtor John Petrozza holds an ownership interest in 225 Ellis Street Marina LLC, and such interest is properly subject to turnover to Plaintiff pursuant to Plaintiff's Motion.

**Paradigm Venture Group, LLC**

19.    Paradigm Venture Group, LLC is a limited liability company duly organized and

LA:4934-6884-7992.3 65004.003                                        4

existing under the laws of the State of New York in which judgment debtor John Petrozza holds an ownership interest.

20.    Annexed hereto as **Exhibit "G"** is a certified copy of Paradigm Venture Group, LLC's Biennial Statement filed on February 12, 2025 with the State of New York Department of State ("Paradigm Venture Biennial Statement").

21.    As shown in the Paradigm Venture Biennial Statement, judgment debtor John Petrozza signed as a member of Paradigm Venture Group, LLC.

22.    Annexed hereto as **Exhibit "H"** is a certified copy of a certificate of change of Paradigm Venture Group, LLC filed on May 30, 2017 with the State of New York Department of State ("Paradigm Venture Certificate of Change").

23.    As shown in the Paradigm Venture Certificate of Change, judgment debtor John Petrozza signed as a member of Paradigm Venture Group, LLC.

24.    As shown at page 31 of the Petrozza Deposition Transcript referenced above and annexed hereto as **Exhibit "F"**, Mr. Petrozza testified that he is the president of an entity he refers to as "Paradigm Investments" and that there are no other officers or directors of that entity other than himself.

25.    Upon information and belief, and based on searches of corporate records, the entity that judgment debtor John Petrozza referred to as "Paradigm Investments" is the same entity as Paradigm Venture Group, LLC.

26.    Annexed hereto as **Exhibit "I"** are excerpts from the Deposition Transcript of Lisa Basich, taken on March 31, 2021 ("Basich Deposition Transcript"), together with the reporter's certification page. As shown on page 62 of the Basich Deposition Transcript, Ms. Basich identifies the full name for the entity referred to by Mr. Petrozza as "Paradigm Investments" as "Paradigm

Ventures Group, LLC."

27.    Although Ms. Basich included a typographical "s" after "Venture", no entity by that name exists in the records of the New York State Department of State. Upon information and belief, Ms. Basich was referring to Paradigm Venture Group, LLC, which, as shown above, is owned and managed by judgment debtor John Petrozza.

28.    Based on the foregoing, judgment debtor John Petrozza holds an ownership interest in Paradigm Venture Group, LLC, and such interest is properly subject to turnover to Plaintiff pursuant to Plaintiff's Motion.

**7301 Belle Meade LLC**

29.    7301 Belle Meade LLC is a limited liability company duly organized and existing under the laws of the State of Florida in which judgment debtor John Petrozza holds an ownership interest.

30.    Annexed hereto as **Exhibit "J"** is the 2025 Florida Limited Liability Company Annual Report of 7301 Belle Meade LLC filed on February 12, 2025 with the State of Florida Secretary of State ("Belle Meade Annual Report"), which was obtained from the official State of Florida, Division of Corporations website.

31.    As shown on the Belle Meade Annual Report, judgment debtor John Petrozza is identified and has signed as a member of 7301 Belle Meade LLC and lists the principal place of business of the limited liability company as 7301 Belle Meade Island Drive, Miami, Florida 33138.

32.    As shown at pages 54-55 of the Basich Deposition Transcript referenced above and annexed hereto as **Exhibit "I"**, Ms. Basich testified that 7301 Belle Meade Island Drive, Miami, Florida 33138, the address listed within the Belle Meade Annual Report, is one of two properties Mr. Petrozza purchased in Miami, Florida.

33.     Based on the foregoing, judgment debtor John Petrozza holds an ownership interest in 7301 Belle Meade LLC, and such interest is properly subject to turnover to Plaintiff pursuant to Plaintiff's Motion.

34.     Attached hereto as **Exhibit K**, is a true and correct copy of the signature page of an Affidavit as provided by John Petrozza to the Circuit Court, County of Maryland, and served on the undersigned. The address listed by Mr. Petrozza as his legal address is 7301 Belle Meade Island Drive, Miami, Florida 33138.

35.     On March 6, 2025, Plaintiff served a subpoena on Lisa Basich.   Attached hereto as **Exhibit L** is a true and correct copy of the Subpoena with Affidavit of Service.

36.     Attached hereto as **Exhibit M**, is a true and correct copy of an email dated October 28, 2025, from counsel for Ms. Basich.   Despite the fact the subpoena was served in March 2025, and a Court order issued compelling the document production, as set forth in the attached email, Mr. Petrozza and Abruzzi Investments, LLC obstructed or prohibited Ms. Basich from complying with the Court Order to produce documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration is executed this 10th day of November, 2025 at Los Angeles, California.

Jeffrey R. Nolan

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-71748-(AST)<br><br>(Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP INC., ET AL.,<br><br>Plaintiff,<br><br>- against -<br><br>JOHN PETROZZA, ABRUZZI INVESTMENTS<br>LLC,<br><br>Defendants. | Adv. Proc. No. 20-08052 (AST) |

## FIRST AMENDED JUDGMENT IN FAVOR OF PLAINTIFF AS AGAINST JOHN PETROZZA AND ABRUZZI INVESTMENTS LLC

This is an amendment to the judgment that was entered by the Court on September 24, 2024.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

4874-1166-2301.5 65004.003

After a trial was conducted before the Court on July 25, 2024, the Court entered judgment in favor of Plaintiff against Abruzzi Investments, LLC and John Petrozza on September 24, 2024, in the amount of $351,260.96 with post-judgment interest accruing at the prevailing rate pursuant to 28 U.S.C. §1961(a) from the date of entry of judgment (the "Judgment"). [Dkt No. 116]

On March 18, 2025, the Court entered the Order Approving Motion of Plaintiff For Entry of an Order Awarding Reasonable Attorney's Fees and Expenses (the "Order For Fees and Expenses"). Pursuant to the Order For Fees and Expenses, Plaintiff was awarded fees and costs in the amount of $194,801.21. [Dkt No. 142]

Consistent with the record set forth in the docket, Judgment is amended to allow Plaintiff to recover the following amounts:

1. **ORDERED,** Post judgment interest on the Judgment to March 18, 2025, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System (https://fred.stlouisfed.org/series/DGS1), for the calendar week preceding the date of the original Judgment-said interest rate being 3.99%. The number of days between September 24th 2024 and March 19th 2025 is 176 days on the Judgment of $351,260.96 at an interest rate of 3.99% realizes post-judgment simple interest in the amount $6,758.07.

2. **ORDERED,** that Judgment is granted for Plaintiff as against Defendants Abruzzi Investments, LLC, and against John Petrozza, jointly and severally, in the total amount of $552,820.24 ($351,260.96 +$6,758.07+ $194,801.21);

3. **ORDERED,** that Post-judgment interest shall accrue and be payable by Defendants, at the prevailing federal rate pursuant to 28 U.S.C. § 1961(a), from the date of entry of this Judgment to the date the amount is paid in full.

Dated: April 3, 2025
Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge

4874-1166-2301.5 65004.003                    3

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------
                                         :
In re:                                   :   Chapter 11
                                         :
ORION HEALTHCORP, INC¹.                  :   Case No. 8-18-71748-AST
                                         :   (Jointly Administered)
             Debtors.                    :
-----------------------------------------:
                                         :
HOWARD M. EHRENBERG IN HIS               :
CAPACITY AS LIQUIDATING TRUSTEE OF       :   Adv. Pro. No. 8-20-08052-AST
ORION HEALTHCORP, INC., ET AL.,          :
                                         :
             Plaintiff,                  :
                                         :
v.                                       :
                                         :
ABRUZZI INVESTMENTS, L.L.C.; JOHN        :
PETROZZA,                                :
                                         :
                                         :
             Defendant.                  :
-----------------------------------------
```

## ORDER COMPELLING BANK OF AMERICA, N.A. RE: TURNOVER OF PROPERTY OF THE JUDGMENT DEBTOR

Upon consideration of the *Motion For Order Of Turnover Of Funds* (the "Motion")

filed by Howard Ehrenberg, in his capacity as Liquidation Trustee (the "Liquidation Trustee"), of

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

the estate of Orion Healthcorp., Inc., and it appearing that the relief requested in the Motion is in the best interests of the estate, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is GRANTED as set forth herein.

2.    Bank of America, N.A., and its wholly owned subsidiaries, shall within 10 (ten) days of entry of this Order turnover all Deposits held for the benefit of the Judgment Debtors John Petrozza and/or Abruzzi Investments, LLC. to Howard Ehrenberg, the Liquidation Trustee of Orion Healthcorp. as directed by counsel to the Trustee.

3.    This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.



Dated: August 20, 2025
        Central Islip, New York

Alan S. Trust
Chief United States Bankruptcy Judge

# EXHIBIT C

**BANK OF AMERICA**
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850-5047

PACHULSKI STANG ZIEHL & JONES, LLP ATTENTION ILAN
SCHARF, ESQ
1700 BROADWAY
36TH FLOOR
NEW YORK NY  10019

| | |
|---|---|
| **Date** | September 2, 2025 |
| **Case name** | ABRUZZI INVESTMENTS, LLC, AND JOHN PETROZZA, |
| **Case number** | 18-71748-(AST) |
| **Reference number** | D101824000714 |

Here's the payment you requested for our client's Garnishment-NY Restraining Notice.

We've included a cashier's check for $10,547.27 for the Garnishment-NY Restraining Notice we received for our customer(s). Here are the details:

**Customer(s) name:** ABRUZZI INVESTMENTS LLC and JOHN PETROZZA

If anything about the Garnishment-NY Restraining Notice has changed, please mail any documents and return the check to us at Bank of America, DE5-024-02-08, PO Box 15047, Wilmington, DE 19850 and make sure to include reference number D101824000714.

## We're here to help

Call us at 213.580.0702, Monday through Friday, 9 a.m. to 5 p.m. local time if you have any questions.

**BANK OF AMERICA**
PO Box 15047
Wilmington, DE 19850-5047
Reference number: D101824000714

**Cashier's Check**

30-1/1140

**Legal Order Processing**

No. 1040334653
Date
09/02/2025

Ten Thousand Five Hundred Forty Seven and 27/100 DOLLARS
PAY    Remitter
ABRUZZI INVESTMENTS, LLC, AND JOHN PETROZZA

TO
THE
ORDER    Orion Healthcorp Liquidating Trust
OF

AMOUNT    $10,547.27

Not valid after 90 days
Issued by Bank of America, N.A., Member FDIC

VOID VOID VOID VOID

AUTHORIZED SIGNATURE

⑈1040334653⑈ ⑆114000019⑆ 00164100073⑈

Case 8-20-08052-ast    Doc 163    Filed 11/11/25    Entered 11/11/25 22:32:10

ENDORSE HERE

X _____

_____

_____

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE

▼        DEPOSITORY BANK ENDORSEMENT        ▼



9207 1902 5443 2933 8685 17

PACHULSKI STANG ZIEHL & JONES, LLP ATTENTION ILAN
SCHARF, ESQ
1700 BROADWAY
36TH FLOOR
NEW YORK NY  10019



9207 1902 5443 2933 8685 17

DE5-024-02-08
PO Box 15047

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC¹. | Case No. 8-18-71748-AST |
| | (Jointly Administered) |
| _____Debtors._____ | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 8-20-08052-AST |
| Plaintiff, | |
| v. | |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA, | |
| Defendant. | |

--------------------------------------------------

**ORDER COMPELLING BANK OF AMERICA, N.A.  RE:  TURNOVER OF PROPERTY OF THE JUDGMENT DEBTOR**

Upon consideration of the *Motion For Order Of Turnover Of Funds* (the "Motion")

filed by Howard Ehrenberg, in his capacity as Liquidation Trustee (the "Liquidation Trustee"), of

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

the estate of Orion Healthcorp., Inc., and it appearing that the relief requested in the Motion is in the best interests of the estate, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     The Motion is GRANTED as set forth herein.

2.     Bank of America, N.A., and its wholly owned subsidiaries, shall within 10 (ten) days of entry of this Order turnover all Deposits held for the benefit of the Judgment Debtors John Petrozza and/or Abruzzi Investments, LLC. to Howard Ehrenberg, the Liquidation Trustee of Orion Healthcorp. as directed by counsel to the Trustee.

3.     This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: August 20, 2025
      Central Islip, New York

Alan S. Trust
Chief United States Bankruptcy Judge



LO 000000   908 000 000030 #@02 SP 0.000

BANK OF AMERICA
DOCUMENT FULFILLMENT SERVICES    **1 LBS**        **1 OF 1**
900 SAMOSET DR
DE6-023-02-10
NEWARK DE 19713

SHIP    PACHULSKI STANG ZIEHL & JONES, LLP
TO:    1700 BROADWAY
        36TH FLOOR



NEW YORK NY 10019

**NY 100 9-36**

UPS NEXT DAY AIR                                    1
TRACKING #: 1Z 35Y 976 01 0300 8222

BILLING: P/P

P2016 Laser 34.5V 08/2024

REF: 000750002752
REF: 0019803059



**BANK OF AMERICA**
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850-5047

| | |
|---|---|
| | **Date**<br>September 9, 2025 |
| | **Case name**<br>ABRUZZI INVESTMENTS, LLC AND JOHN PETROZZA |
| PACHULSKI STANG ZIEHL & JONES, LLP<br>1700 BROADWAY<br>36TH FLOOR<br>NEW YORK NY 10019 | **Case number**<br>18-71748-(AST)<br>**Reference number**<br>D102124000617 |

## Here's the payment you requested for our client's Garnishment-NY Restraining Notice.

We've included a cashier's check for $85.60 for the Garnishment-NY Restraining Notice we received for our customer(s). Here are the details:

**Customer(s) name:** ABRUZZI INVESTMENTS LLC and JOHN PETROZZA

If anything about the Garnishment-NY Restraining Notice has changed, please mail any documents and return the check to us at Bank of America, DE5-024-02-08, PO Box 15047, Wilmington, DE 19850 and make sure to include reference number D102124000617.

## We're here to help

Call us at 213.580.0702, Monday through Friday, 9 a.m. to 5 p.m. local time if you have any questions.

---

**BANK OF AMERICA**
PO Box 15047
Wilmington, DE 19850-5047
Reference number: D102124000617

**Cashier's Check**

**Legal Order Processing**

30-1/1140

**No. 1040337452**

Date
09/09/2025

| | | |
|---|---|---|
| PAY | Eighty Five and 60/100 DOLLARS<br>Remitter<br>ABRUZZI INVESTMENTS, LLC AND JOHN PETROZZA | **AMOUNT** $85.60 |
| TO<br>THE<br>ORDER<br>OF | Orion Healthcorp Liquidating Trust | *Not valid after 90 days*<br>Issued by Bank of America, N.A., Member FDIC<br><br>AUTHORIZED SIGNATURE |

⑈1040337452⑈ ⑆114000019⑆ 0016410007 36⑈

ENDORSE HERE

X _____

_____

_____

DO NOT SIGN / WRITE / STAMP BELOW THIS LINE

▽      DEPOSITORY BANK ENDORSEMENT      ▽



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- :
                                                     :   Chapter 11
In re:                                               :
                                                     :
ORION HEALTHCORP, INC[1].                             :   Case No. 8-18-71748-AST
                                                     :   (Jointly Administered)
                    Debtors.                          :
---------------------------------------------------- :
                                                     :
HOWARD M. EHRENBERG IN HIS                            :
CAPACITY AS LIQUIDATING TRUSTEE OF                    :   Adv. Pro. No. 8-20-08052-AST
ORION HEALTHCORP, INC., ET AL.,                       :
                                                     :
                    Plaintiff,                        :
                                                     :
v.                                                   :
                                                     :
ABRUZZI INVESTMENTS, L.L.C.; JOHN                     :
PETROZZA,                                            :
                                                     :
                    Defendant.                        :
---------------------------------------------------- :

## ORDER COMPELLING BANK OF AMERICA, N.A.  RE:  TURNOVER OF PROPERTY OF THE JUDGMENT DEBTOR

Upon consideration of the *Motion For Order Of Turnover Of Funds* (the "Motion")

filed by Howard Ehrenberg, in his capacity as Liquidation Trustee (the "Liquidation Trustee"), of

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 203, Middletown, NJ 07748.

the estate of Orion Healthcorp., Inc., and it appearing that the relief requested in the Motion is in the best interests of the estate, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED as set forth herein.

2. Bank of America, N.A., and its wholly owned subsidiaries, shall within 10 (ten) days of entry of this Order turnover all Deposits held for the benefit of the Judgment Debtors John Petrozza and/or Abruzzi Investments, LLC. to Howard Ehrenberg, the Liquidation Trustee of Orion Healthcorp. as directed by counsel to the Trustee.

3. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.



Dated: August 20, 2025
    Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge

# EXHIBIT D

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for 225 ELLIS STREET MARINA LLC, File Number 250212002082 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on October 31, 2025.

WALTER T. MOSLEY
Secretary of State

BRENDAN C. HUGHES
Executive Deputy Secretary of State

Authentication Number: 100009046892 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

## Biennial Statement
NYS Department of State
Division of Corporations, State Records &
Uniform Commercial Code
http://www.dos.ny.gov

**BUSINESS NAME:** 225 ELLIS STREET MARINA LLC
**FILING PERIOD:** 04/01/2023 12:00:00 AM

**Part 1 - Service of Process Address (Address must be within the United States or its territories)**
Name
THE LLC
Address Line 1
225 ELLIS STREET
Address Line 2
City                                               State          Zip Code
STATEN ISLAND                                      NY             10307

**Signer Information**
I affirm that the statements contained herein are true to the best of my knowledge, that I am authorized to sign this Biennial Statement and that my signature typed below constitutes my electronic signature.
Electronic Signature
JOHN PETROZZA
Capacity of Signer
MEMBER

Filed with the NYS Department of State on 02/12/2025
Filing Number: 250212002082 DOS ID: 4390490

# EXHIBIT E

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for 225 ELLIS STREET MARINA LLC, File Number 170530000510 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on October 31, 2025.

WALTER T. MOSLEY
Secretary of State

BRENDAN C. HUGHES
Executive Deputy Secretary of State

Authentication Number: 100009046887 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

May 29 2017 03:43PM HP Fax 9179792274                page 1

**1705 30000 510**

 **NEW YORK** STATE OF OPPORTUNITY. | **Division of Corporations, State Records and Uniform Commercial Code**

New York State
Department of State
DIVISION OF CORPORATIONS,
STATE RECORDS AND
UNIFORM COMMERCIAL CODE
One Commerce Plaza
99 Washington Ave.
Albany, NY 12231-0001
www.dos.ny.gov

# CERTIFICATE OF CHANGE
## OF

### 225 ELLIS STREET MARINA, LLC

*(Insert Name of Domestic Limited Liability Company)*

Under Section 211-A of the Limited Liability Company Law

**FIRST:** The name of the limited liability company is:

225 ELLIS STREET MARINA, LLC

If the name of the limited liability company has been changed, the name under which it was organized is:

**SECOND:** The date of filing of the articles of organization is: 04/18/2013

**THIRD:** The change(s) effected hereby are: *[check appropriate statement(s)]*

1. ☐ The county location, within this state, in which the office of the limited liability company is located, is changed to:

2. ☑ The address to which the Secretary of State shall forward copies of process accepted on behalf of the limited liability company is changed to read in its entirety as follows:

225 ELLIS STREET, STATEN ISLAND, NY 10307

3. ☐ The limited liability company hereby: *[check one]*

☐ Designates _____ as
its registered agent upon whom process against the limited liability company may be served.
The street address of the registered agent is:

☐ Changes the designation of its registered agent to: _____
The street address of the registered agent is:

☐ Changes the address of its registered agent to:

☐ Revokes the authority of its registered agent.

DOS-1359-f (Rev. 03/17)

170530000510

X _____
(Signature)

JOHN PETROZZA
(Type or print name)

Capacity of Signer (Check appropriate box):

☑ Member

☐ Manager

☐ Authorized Person

# CERTIFICATE OF CHANGE
## OF

### 225 ELLIS STREET MARINA, LLC
_____
(Insert Name of Domestic Limited Liability Company)

Under Section 211-A of the Limited Liability Company Law

Filer's Name and Mailing Address:

**JOHN PETROZZA**
_____
Name:

**ABRUZZI INVESTMENTS, LLC**
_____
Company, if Applicable:

**225 ELLIS STREET**
_____
Mailing Address:

**STATEN ISLAND, NY 10307**
_____
City, State and Zip Code:

**STATE OF NEW YORK
DEPARTMENT OF STATE**

FILED    MAY 3 0 2017

TAX $_____

BY: _____

**NOTES:**
1. The name of the limited liability company and the date of filing of the articles of organization must exactly match the records of the Department of State. This information should be verified on the Department of State's website at www.dos.ny.gov.
2. This form was prepared by the New York State Department of State for filing a certificate of change by a domestic limited liability company. You are not required to use this form. You may draft your own form or use forms available at legal supply stores.
3. The Department of State recommends that legal documents be prepared under the guidance of an attorney.
4. The certificate must be submitted with a $30 filing fee made payable to the Department of State.

(For office use only)

DOS-1359-f (Rev. 03/17)

Page 2 of 2

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

------------------------------x

In re:                                    : Chapter 11

ORION HEALTHCORP, INC.                    : Case No.

        Debtors.                          : 18-71748 (AST)

------------------------------:

HOWARD M. EHRENBERG, IN HIS     :

CAPACITY AS LIQUIDATING         :

TRUSTEE OF ORION HEALTHCORP,    :

INC., ET AL.,                   : Adv. Pro. No.

        Plaintiffs,             : 20-08052 (AST)

vs.                             :

ABRUZZI INVESTMENTS, LLC;       :

JOHN PETROZZA,                  :

        Defendants.             :

------------------------------x

VIDEOTAPED VIDEO CONFERENCE DEPOSITION OF

JOHN PETROZZA

DATE:         TUESDAY, MARCH 2, 2021

TIME:         12:11 P.M.

LOCATION:     1220 MARITIME CIRCLE

              ESSEX, MARYLAND  21221

REPORTED BY:  SUZANNE MARIE ALONA ENDERSON, via

              video conference

              Reporter, Notary

Veritext Legal Solutions

1250 Eye Street, NW, Suite 350

Washington, D.C.  20005

Q    Do you -- is she still the -- is she still an officer of Abruzzi Investments?

A    I don't believe so, no.  They share -- I reassigned her to two other companies.

Q    Okay.  Mr. Petrozza, are there any other companies that you currently are an officer or director of?

A    Officer or director?  Yeah.  Paradigm Investments and two 225 Ellis Street Marina, LLC.

Q    Can you spell Paradigm?

A    P-A-R-G-I-D-M [sic].  I'm not a good speller.

Q    P-A-R-A-G-I- --

A    -- A-G-I-M, that's it, yes.

Q    And what is your position with Paradigm Investments?

A    President.

Q    Are you the only officer of that company?

A    Yes.

Q    And what's the business purpose of Paradigm Investments?

A    Oh, no, no, no.  It was investing my money or the -- my trust's money.  No, it wasn't from outside sources.  No.

Q    How many employees did Abruzzi Investments have when it was incorporated?

A    None.

Q    And did it ever have employees?

A    No.

Q    I think you mentioned a name previously, Lisa Basich?

A    Yeah, but she wasn't an employee.  She was an officer briefly, but she wasn't an employee.

Q    What was her position as an officer?

A    Hers?

Q    Yes.

A    I think secretary.

Q    And can you tell me what her role was?  I mean, secretary means a lot of different things.

A    Yeah.  Administrative, paperwork, banking.

A    He had a partner.

Q    And who was that?

THE WITNESS:  Anthony, is it okay that I give other people's business information at my deposition?

MR. GIULIANO:  If you know the answer to the question.  If you don't, you don't.  If you're not sure, say you're not sure.

THE WITNESS:  I just want to make sure it's okay.  I just don't want to --

MR. GIULIANO:  Yeah.

THE WITNESS:  His partner's name was John Zunati.  Please don't ask me to spell it.

BY MR. NOLAN.

Q    Mr. Petrozza, what is the business -- or the stated business purpose of Abruzzi Investments?

A    Investments.

Q    Is it -- does it take money from outside sources to invest money for third parties or something like that?

of mine and a mutual friend of -- another friend of mine knew us separately.  And then they introduced us during dinner, and we became friends ever since.

Q    Okay.  Does Mr. Vardi live in the U.S.?

A    No.  He's in Central America.

Q    Did he live in -- when you met him in 2010, was he a U.S. resident?

A    Yes.

Q    And what's his area of -- what's his employment?  I mean -- strike that.  Let me ask that again because I messed up the record with your sneeze and my thoughts.

A    Sorry about that.

Q    No worries.  No worries.  I'm really trying to make it easier.  What was Mr. Vardi's background that you understood it to be in 2010?

A    He was in information technology and insurances.

Q    Was he self-employed, or do you know who he worked with?

that.  And so there's a -- there's a trustee to the trust, and he's -- his name is Tomer Vardi. So, you know, he makes decisions for the trust.  I would make -- as the manager of Abruzzi Investments, I'd make decisions for Abruzzi Investments, but Abruzzi Investments is owned by the trust.

BY MR. NOLAN:

Q    All right.  And can you spell Mr. Vardi's full name?

A    T-O-M-E-R, and Vardi is V-A-R-D-I.

Q    Okay.  So Abruzzi Investments never had any officers and directors?  It's just -- its corporate structure is just as a sole manager?

A    Yes.

Q    Okay.  And how do you know Mr. -- how did you know Mr. Vardi?

A    We became friends in 2010.

Q    Yeah.  How did you meet Mr. Vardi, or how did you become friends?

A    A mutual friend of -- two mutual friends

A     Make decisions for the company.

Q     Are there any other managers, or were there ever any other managers of Abruzzi Investments other than yourself?

A     No.

THE WITNESS:  How am I doing, Anthony?

MR. GIULIANO:  So far so good, John.

THE WITNESS:  Okay.

BY MR. NOLAN:

Q     As the manager, did you report to anyone else, Mr. Petrozza, or just yourself?

A     I guess if you want to be technical, the -- the trust manager, the trustee to my trust, Tomer Vardi, because it was --

THE WITNESS:  What's the name of my trust, Anthony?  What kind of trust is it?  A dynasty trust?

MR. GIULIANO:  John, I don't -- I don't know the full name of the trust.  I don't know how -- I don't know how it was set up.

THE WITNESS:  JTP076, something like

books, but I'm not so sure about that.  But, no, no other officers.  I don't think so.

Q    So did Abruzzi Investments kind of exist while you were working in some of the other capacities, like with American Traffic Solutions and --

A    Yeah.  Just American Traffic Solutions and then, post-American Traffic Solutions, my subsequent other investments -- investment companies.

Q    Okay.  So were you managing Abruzzi Investments while you were at American Traffic Solutions, or was it just kind of a shell hanging out there?

A    It was an investment vehicle.  You know, it wasn't, like, day-to-day operations.  I used it to buy a marina.  I used it to buy restaurants. And then after American Traffic Solutions, I gave it more attention, and I started experimenting with other companies.

Q    What -- what's your role as the manager?

Q    -- own?

A    Just doing real estate.

Q    Is -- were you -- after that period of time, were you operating principally through Abruzzi Investments?

A    Yes.

Q    Okay.  When was Abruzzi Investments formed?

A    Right around the time when I formed my trust.  So I'd probably say 2006, I think.

Q    Was it incorporated?

A    It's an LLC.

Q    And in 2006 was it an LLC, Mr. Petrozza?

A    Yes.

Q    Okay.  And what was your title with Abruzzi Investments?

A    Manager.

Q    Are there any officers or directors?

A    No.  There may have been a period of time I had my assistant of great many years, Lisa Basich -- she may have been secretary on the

Page 260

# CERTIFICATE OF NOTARY PUBLIC

I, Suzanne Marie Alona Enderson, the officer before before whom the foregoing deposition was taken, do hereby certify that the witness whose testimony appears in the foregoing deposition was duly sworn by me; that the testimony of said witness was taken by me in stenotype and thereafter reduced to typewriting under my direction; that said deposition is a true record of the testimony given by said witness; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, or financially or otherwise interested in the outcome of this action.

*Suzanne Marie Alona Enderson*

SUZANNE MARIE ALONA ENDERSON

Notary Public in and for

the State of Maryland

My commission expires:    11/23/2022

# EXHIBIT G

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for PARADIGM VENTURE GROUP, LLC, File Number 250212002137 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on October 31, 2025.

WALTER T. MOSLEY
Secretary of State

BRENDAN C. HUGHES
Executive Deputy Secretary of State

Authentication Number: 100009050072 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

## Biennial Statement
NYS Department of State
Division of Corporations, State Records &
Uniform Commercial Code
http://www.dos.ny.gov

**BUSINESS NAME:**    PARADIGM VENTURE GROUP, LLC
**FILING PERIOD:**    09/01/2023 12:00:00 AM

**Part 1 - Service of Process Address** (Address must be within the United States or its territories)
**Name**
THE LLC
**Address Line 1**
225 ELLIS STREET
**Address Line 2**
**City**                                                    **State**        **Zip Code**
STATEN ISLAND                                              NY              10307

**Signer Information**
I affirm that the statements contained herein are true to the best of my knowledge, that I am authorized to sign this Biennial Statement and that my signature typed below constitutes my electronic signature.
**Electronic Signature**
JOHN PETROZZA
**Capacity of Signer**
MEMBER

Filed with the NYS Department of State on 02/12/2025
Filing Number: 250212002137 DOS ID: 4148446

# EXHIBIT H

# STATE OF NEW YORK
# DEPARTMENT OF STATE

I hereby certify that the annexed copy for PARADIGM VENTURE GROUP, LLC, File Number 170530000643 has been compared with the original document in the custody of the Secretary of State and that the same is true copy of said original.



WITNESS my hand and official seal of the Department of State, at the City of Albany, on October 31, 2025.

WALTER T. MOSLEY
Secretary of State

BRENDAN C. HUGHES
Executive Deputy Secretary of State

Authentication Number: 100009050062 To Verify the authenticity of this document you may access the Division of Corporation's Document Authentication Website at http://ecorp.dos.ny.gov

**1705300 00643**



NEW YORK | Division of Corporations,
STATE OF OPPORTUNITY. | State Records and
Uniform Commercial Code

New York State
Department of State
DIVISION OF CORPORATIONS,
STATE RECORDS AND
UNIFORM COMMERCIAL CODE
One Commerce Plaza
99 Washington Ave.
Albany, NY 12231-0001
www.dos.ny.gov

# CERTIFICATE OF CHANGE
# OF

## PARADIGM VENTURE GROUP, LLC
*(Insert Name of Domestic Limited Liability Company)*

### Under Section 211-A of the Limited Liability Company Law

**FIRST:** The name of the limited liability company is:

PARADIGM VENTURE GROUP, LLC

If the name of the limited liability company has been changed, the name under which it was organized is: _____.

**SECOND:** The date of filing of the articles of organization is: 09/30/2011 _____.

**THIRD:** The change(s) effected hereby are: *[check appropriate statement(s)]*

1. ☐ The county location, within this state, in which the office of the limited liability company is located, is changed to: _____.

2. ☑ The address to which the Secretary of State shall forward copies of process accepted on behalf of the limited liability company is changed to read in its entirety as follows:

   225 ELLIS STREET, STATEN ISLAND, NY 10307

3. ☐ The limited liability company hereby: *[check one]*

   ☐ Designates _____ as its registered agent upon whom process against the limited liability company may be served. The street address of the registered agent is:

   _____

   ☐ Changes the designation of its registered agent to: _____.
   The street address of the registered agent is:

   _____

   ☐ Changes the address of its registered agent to:

   _____

   ☐ Revokes the authority of its registered agent.

DOS-1359-f (Rev. 03/17)                                                    Page 1 of 2

170530000643

May 29 2017 03:59PM HP Fax 9179792274                    page 2

643

X _____          Capacity of Signer *(Check appropriate box)*:
*(Signature)*

JOHN PETROZZA                          ☒ Member
*(Type or print name)*

                                       ☐ Manager

                                       ☐ Authorized Person

# CERTIFICATE OF CHANGE

## OF

### PARADIGM VENTURE GROUP, LLC

*(Insert Name of Domestic Limited Liability Company)*

Under Section 211-A of the Limited Liability Company Law

Filer's Name and Mailing Address:                    **STATE OF NEW YORK**
                                                     **DEPARTMENT OF STATE**
JOHN PETROZZA
*Name:*

                                                     FILED   MAY 3 0 2017

*Company, if Applicable:*                            TAX $ _____
225 ELLIS STREET
*Mailing Address:*                                   BY: _____
STATEN ISLAND, NY 10307
*City, State and Zip Code:*

**NOTES:**
1. The name of the limited liability company and the date of filing of the articles of organization must exactly match the records of the Department of State. This information should be verified on the Department of State's website at www.dos.ny.gov.
2. This form was prepared by the New York State Department of State for filing a certificate of change by a domestic limited liability company. You are not required to use this form. You may draft your own form or use forms available at legal supply stores.
3. The Department of State recommends that legal documents be prepared under the guidance of an attorney.
4. The certificate must be submitted with a $30 filing fee made payable to the Department of State.

*(For office use only)*

DOS-1555-f (Rev. 03/17)                              Page 2 of 2

# EXHIBIT I

Page 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                        Chapter 11
In re:

ORION HEALTHCORP. INC.                  Case No.
                                        18-71748
          Debtors,                       (AST)
----------------------------------
HOWARD M. EHRENBERG, IN HIS

CAPACITY AS LIQUIDATING

TRUSTEE OF ORION HEALTHCORP,

INC., ET AL.,                           Adv. Pro. No.
          Plaintiffs,                    20-08052
                                         (AST)


          vs.

ABRUZZI INVESTMENTS, LLC;

JOHN PETROZZA,

          Defendants.
----------------------------------X

                    March 31, 2021
                    1:16 p.m.


          Videotaped deposition of LISA ANN
BASICH, held via Zoom at 225 Ellis Street,
Staten Island, New York, pursuant to
Notice, before Theresa Tramondo, AOS, CLR,
a Notary Public of the State of New York.


Reported by:
THERESA TRAMONDO, AOS, CLR

Basich

condo in a hotel -- a hotel-type setting or apartment building in Miami Beach.

Q.    Do you know when he closed on the prop -- did he purchase the property down in Florida in 2017?

A.    Rivo Alto?  No, he rented it.

Q.    It was for a one-year lease?

A.    I don't believe he kept it for a year.

Q.    So was it a month-to-month lease?

A.    I think it was month-to-month or guaranteed six months with maybe month-to-month after that, because he knew he was looking for a house to buy.

Q.    Do you remember who the owner was?

A.    I just -- I know it was Luxury Home Rentals that was the agent for the landlord, I guess.

Q.    And then he eventually moved down to Florida.  Where did he move to?

A.    In 2018 he moved to Miami.  He bought two homes there.

Basich

Q.    Where were those homes located?

A.    7305 Belle, B-E-L-L-E, Meade, M-E-A-D-E, Island Drive in Miami, Florida, which is his current home.  And then the home next door, it's the same address, the street name, but it's 7301 is the home address.

Q.    Does he still own that property as well?

A.    Yes.

MR. NOLAN:  Is it a good time to take a break?  How are we doing?

A.    Are you asking me?  I'm okay.

MR. NOLAN:  Anthony, is it all right if we just take five minutes then?

MR. GIULIANO:  Yes, sure.

THE WITNESS:  Sounds good.

THE VIDEOGRAPHER:  We're now going off the record.  The time is 2:39.

(Recess.)

THE VIDEOGRAPHER:  We're now going back on.  The time is 2:46.

Basich

U.S. Trust and all of his LLCs were with Bank of America under U.S. Trust.

Q.    So could there be a Bank of America, other accounts for the other LLCs?

A.    Were there accounts for other LLCs?  Yes.

Q.    Right.  So Abruzzi Investments LLC may have its own separate bank account number, and another entity that he was operating would have a different bank account number?

A.    Correct.

Q.    And in this time frame of 2014 can you tell me how many different entities or LLCs Mr. Petrozza was operating?

A.    Abruzzi Investments, Paradigm Ventures Group, Port Atlantic Yacht Club, 225 Ellis Street Marina LLC.  I believe that was it at that time.

Q.    And can you spell Paradigm?

A.    Yes.  P-A-R-A-D-I-G-M.

Q.    And is that the full name or was it Paradigm Investments?

A.    Paradigm Ventures Group, LLC.

Basich

Q.     And did Paradigm Ventures Group, LLC have a business purpose or an area of business it operated in?

A.     It was the original LLC that purchased the marina, which was later transferred to 225 Ellis Street.  It currently owns John's yacht, which does charters.

Q.     Where is John's yacht located?

A.     John's yacht is located in Fort Lauderdale.

I'm sorry, can I break for one second to put air-conditioning on?  It's getting very warm.  Would you mind?

MR. NOLAN:  Not at all.  Go ahead.

THE WITNESS:  Great.  Thank you.

THE VIDEOGRAPHER:  Should I go off?

We're now going off the record. The time is 2:56.

(Recess.)

THE VIDEOGRAPHER:  We're now going back on the record.  The time is

Page 150

CERTIFICATE

STATE OF NEW YORK        )

                         : ss.

COUNTY OF NEW YORK       )


I, THERESA TRAMONDO, a Notary Public within and for the State of New York, do hereby certify:

That LISA ANN BASICH, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the witness.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 12th day of April, 2021.


THERESA TRAMONDO

# EXHIBIT J

## 2025 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L20000022385

Entity Name: 7301 BELLE MEADE LLC

**FILED
Feb 12, 2025
Secretary of State
6120839717CC**

Current Principal  Place of Business:

7301 BELLE MEADE ISLAND DRIVE
MIAMI, FL  33138

Current Mailing Address:

7301 BELLE MEADE ISLAND DRIVE
MIAMI, FL  33138

FEI Number: 84-4509605                    Certificate of Status Desired:  No

Name and Address of Current Registered Agent:

PETROZZA, JOHN   MGR MEMBER
2121 NW 2ND AVE
SUITE 201
MIAMI, FL  33139  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:  JOHN PETROZZA                                           02/12/2025
_____           Date
          Electronic Signature of Registered Agent

## Authorized Person(s) Detail :

| | |
|---|---|
| Title | MGR |
| Name | PETROZZA, JOHN T |
| Address | 7301 BELLE MEADE ISLAND DRIVE |
| City-State-Zip: | MIAMI  FL  33138 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: JOHN PETROZZA                         MEMBER              02/12/2025
_____
          Electronic Signature of Signing Authorized Person(s) Detail                Date

# EXHIBIT K

to defend myself. I further discovered that a **Writ of Execution** had been filed with the Sheriff of Baltimore County based on that improperly served judgment.

33. I affirm that the Trustee is fully aware that I have not resided in Maryland since 2009, and that my correct address for all legal service is in Florida. Despite that knowledge, he deliberately served me at a location unrelated to my residence, knowing that such mail would not be promptly received or reviewed.

34. I make this affidavit voluntarily, without coercion, and confirm that all statements herein are true and based upon my personal knowledge, recollection, and direct participation in these events.

John Petrozza

Executed this 15th day of October, 2025.

**John Petrozza**
7301 Belle Meade Island Drive
Miami, Florida 33138

# EXHIBIT L

**THIS SUBPOENA REQUIRES YOUR PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED. FAILURE TO APPEAR MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT**

Ehrenberg Abruzzi Sub Duces Tecum w Restraint Basich

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

ORION HEALTHCORP, INC.,

                                            Debtor.

_____

HOWARD M. EHRENBERG IN HIS CAPACITY
AS LIQUIDATING TRUSTEE OF ORION
HEALTHCORP, INC., ET AL.,

                                            Plaintiff,

            -against-

ABRUZZI INVESTMENTS, LLC AND
JOHN PETROZZA,

                                            Defendants.
-----------------------------------------------------------------X

Chapter 11
Case No.: 18-71748-(AST)

SUBPOENA (Duces Tecum and Ad Testificandum) To Take Deposition of Judgment Witness with Restraining Notice

### THE PEOPLE OF THE STATE OF NEW YORK

TO:

Lisa Basich
280 Barclay Avenue
Staten Island, NY 10312

Lisa Basich
225 Ellis Street
Staten Island, NY 10307

The judgment witness to be examined.

### GREETINGS:

WHEREAS, in an action/proceeding pending in the United States Bankruptcy Court of the Eastern District of New York, between Howard M. Ehrenberg, in his capacity as liquidating trustee of Orion Healthcorp, Inc.; et al., as plaintiff, and Abruzzi Investments, LLC and John Petrozza, as defendants, who are all the parties named in the action/proceeding, a judgment was entered on September 24, 2024 ("Judgment"), in favor of Howard M. Ehrenberg, in his capacity as liquidating trustee of Orion Healthcorp, Inc., et al, judgment creditor, and against Abruzzi Investments, LLC and John Petrozza, jointly and severally, judgment debtors, in the amount of $250,000.00, plus interest awarded thereon in the amount of $100,910.96, with costs of suit of $350.00, for a total amount of $351,260.96, of which $351,260.96, together with post judgment interest from September 24, 2024 remains due and unpaid, and the Judgment having been docketed in the office of the County Clerk of New York County on October 16, 2024;

**WHEREAS**, the judgment witness resides; is regularly employed; has an office for the regular transaction of business in person in the State of New York, Richmond County;

**NOW, THEREFORE WE COMMAND YOU** to appear and attend before Rosenberg & Pittinsky, LLP, attorneys for the judgment creditor, at 232 Madison Avenue, Suite 906, New York, New York 10016, on March 27, 2025 at 10:00 a.m., and at any recessed or adjourned date for the taking of a deposition under oath upon oral questions on all matters relevant to the satisfaction of the Judgment;

**AND WE FURTHER COMMAND YOU** to produce for examination at such time and place the following books, papers and records of the financial affairs of Abruzzi Investments LLC and John Petrozza for the period of January 1, 2016 to the date of the deposition, including without limitation:

1.      Documents constituting, concerning and/or evidencing any financial statements of Abruzzi Investments LLC;

2.      Documents constituting, concerning and/or evidencing any financial statements of John Petrozza;

3.      Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's tax returns, including but not limited to Federal, State, or local tax returns, and all documents used or referred to in preparation of any of the tax returns;

4..     Documents constituting, concerning and/or evidencing John Petrozza' tax returns, including but not limited to Federal, State, or local tax returns, and all documents used or referred to in preparation of any of the tax returns

5..     Documents constituting, concerning and/or evidencing the tax returns of any partnership, limited liability company and/or corporation of which Abruzzi Investments LLC is a partner and/or member and/or shareholder;

6.      Documents constituting, concerning and/or evidencing the tax returns of any partnership, limited liability company and/or corporation of which John Petrozza is a partner and/or member and/or shareholder;

7.      Documents constituting, concerning and/or evidencing any checking account, savings account, certificates of deposit, brokerage account or any other account past or currently maintained by Abruzzi Investments LLC, individually or jointly, in any domestic or foreign bank, brokerage firm or other entity or institution, including, but not limited to, statements and/or checks;

8.      Documents constituting, concerning and/or evidencing any checking account, savings account, certificates of deposit, brokerage account or any other account past or currently maintained by John Petrozza, individually or jointly, in any domestic or foreign bank, brokerage firm or other entity or institution, including, but not limited to, statements and/or checks;

9.      Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's ownership interest or any other interest in any real property and/or cooperative corporations held in whole or in part;

2

10.    Documents constituting, concerning and/or evidencing John Petrozza's ownership interest or any other interest in any real property and/or cooperative corporations held in whole or in part;

11.    Documents constituting, concerning and/or evidencing any loan, mortgage, lease, sublease, assignment, re-financing or transfer of interest of any of Abruzzi Investments LLC's real property or interests in cooperative corporations;

12.    Documents constituting, concerning and/or evidencing any loan, mortgage, lease, sublease, assignment, re-financing or transfer of interest of any of John Petrozza's real property or interests in cooperative corporations;

13.    Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's interest in any partnership, limited liability company, corporation, or other entity;

14.    Documents constituting, concerning and/or evidencing John Petrozza's interest in any partnership, limited liability company, corporation, or other entity;

15.    Documents constituting, concerning and/or evidencing the books or records of any partnership, limited liability company, corporation, or other entity including of which Abruzzi Investments LLC has an ownership interest;

16.    Documents constituting, concerning and/or evidencing the books or records of any partnership, limited liability company, corporation, or other entity including of which John Petrozza has an ownership interest;

17.    Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's ownership of, or an interest in, any securities including, but not limited to, stocks or bonds;

18.    Documents constituting, concerning and/or evidencing John Petrozza's ownership of, or an interest in, any securities including, but not limited to, stocks or bonds;

19.    Documents constituting, concerning and/or evidencing any monies owed to Abruzzi Investments LLC including but not limited to, monthly rent invoices, rent ledgers, leases, agreements, contracts, statements of accounts receivables, promissory notes and loan agreements;

20.    Documents constituting, concerning and/or evidencing any monies owed to John Petrozza including but not limited to, monthly rent invoices, rent ledgers, leases, agreements, contracts, statements of accounts receivables, promissory notes and loan agreements;

21.    Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's ownership and/or interest in electronic equipment, office equipment, office furniture, sculptures, paintings, art work, and/or jewelry;

22.    Documents constituting, concerning and/or evidencing John Petrozza's ownership and/or interest in electronic equipment, office equipment, office furniture, sculptures, paintings, art work, and/or jewelry;

3

23.    Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's ownership and/or interest in any cars, boats, trucks, campers, motorcycles, planes, or other motorized vehicles;

24.    Documents constituting, concerning and/or evidencing John Petrozza's ownership and/or interest in any cars, boats, trucks, campers, motorcycles, planes or other motorized vehicles;

25.    Documents constituting, concerning and/or evidencing any legal action (excluding this action) in which Abruzzi Investments LLC is a plaintiff and/or counter claiming defendant, irrespective of whether Abruzzi Investments LLC is a third-party plaintiff or third-party counter-claiming defendant;

26.    Documents constituting, concerning and/or evidencing any legal action (excluding this action) in which John Petrozza is a plaintiff and/or counter claiming defendant, irrespective of whether John Petrozza is a third-party plaintiff or third-party counter-claiming defendant;

27.    Documents constituting, concerning and/or evidencing employment or consulting contracts in which Abruzzi Investments LLC is a party;

28.    Documents constituting, concerning and/or evidencing employment or consulting contracts in which John Petrozza is a party;

29.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which Abruzzi Investments LLC is a beneficiary;

30.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which John Petrozza is a beneficiary;

31.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which Abruzzi Investments LLC is a grantor;

32.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which John Petrozza is a grantor;

33.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which Abruzzi Investments LLC is a trustee;

34.    Documents constituting, concerning and/or evidencing any trust agreement or other agreement to which John Petrozza is a trustee;

35.    Documents constituting, concerning and/or evidencing any credit card issued in the name of, or used by, Abruzzi Investments LLC including, but not limited, monthly statements from January 1, 2016 to the present;

36.    Documents constituting, concerning and/or evidencing any credit card issued in the name of, or used by, John Petrozza including, but not limited, monthly statements from January 1, 2016 to the present;

4

37. Documents constituting, concerning and/or evidencing any loan to which Abruzzi Investments LLC is a party or subject to as a borrower, lender, guarantor or otherwise;

38. Documents constituting, concerning and/or evidencing any loan to which John Petrozza is a party or subject to as a borrower, lender, guarantor or otherwise;

39. Documents constituting, concerning and/or evidencing any lien against the assets of Abruzzi Investments LLC;

40. Documents constituting, concerning and/or evidencing any lien against the assets of John Petrozza;

41. Documents constituting, concerning and/or evidencing the formation, operation, or management of Abruzzi Investments LLC including, but not limited to Certificate of Formation, Articles of Organization, shareholder agreement, by-laws, government filing receipts, operating agreement, consents, minutes and resolutions;

42. Documents constituting, concerning and/or evidencing John Petrozza's pledge of or granting a security interest in any of John Petrozza's assets;

43. Documents constituting, concerning and/or evidencing Abruzzi Investments LLC's pledge of or granting a security interest in any of Abruzzi Investments LLC's assets; and

all other books, papers and records in your possession or control which have or may contain information concerning Abruzzi Investments LLC's and/or John Petrozza's property, assets, income or other account receivables of Abruzzi Investments LLC and/or John Petrozza relevant to the satisfaction of the Judgment.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

## RESTRAINING NOTICE

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession or in custody of property in which the judgment debtor has an interest:

**TAKE NOTICE** that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

**CPLR § 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the**

judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

. **TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: February 26, 2025

Yours, etc.,

Rosenberg & Pittinsky, LLP

By: _____
Laurence D. Pittinsky, Esq.
Attorneys for Judgment-Creditor
Howard M. Ehrenberg, as Liquidating
Trustee of Orion Healthcorp, Inc.
232 Madison Avenue, Suite 906
New York, New York 10016
(212) 286-6100
larry@rpllplaw.com

6



Attorney: ROSENBERG & PITTINSKY, LLP.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

### AFFIDAVIT OF SERVICE

*59475*

Index no : 18-71748-(AST)
Court Date: 03/27/2025

| Plaintiff(s): | HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL |
|---|---|
| Defendant(s): | ABRUZZI INVESTMENTS, LLC, ET ANO |

STATE OF NEW YORK
COUNTY OF NEW YORK          ss.;



DAINON WARD, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 03/06/2025 at 12:25 PM, I served the within SUBPOENA (DUCES TECUM AND AD TESTIFICANDUM) TO TAKE DSPOSITION OF JUDGMENT WITNESS WITH RESTRAINING NOTICE together with a witness fee check in the amount of $15.00 on LISA BASICH at 280 BARCLAY AVE, STATEN ISLAND, NY 10312 in the manner indicated below:

SUITABLE AGE: by delivering thereat a true copy of each to JEN BASICH, RELATIVE of LISA BASICH, a person of suitable age and discretion. Said premises is LISA BASICH's actual dwelling place within the state.

On 03/06/2025 , service was completed by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Deponent enclosed a copy in a postpaid sealed wrapper properly addressed to the above recipient to 225 ELLIS ST, STATEN ISLAND, NY 10307 and deposited said wrapper in (a post office) official depository under exclusive care and custody of the United States Postal Service within New York State. MAILED ON 03/06/2025 BY 1ST CLASS MAIL in an envelope marked Personal & Confidential not indicating that the mailing was from an attorney or concerned legal action.

A description of the defendant, or other person served on behalf of the defendant is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | White | Brown | 25 | 5'4"-5'8" | 161-180 lbs |
| Other Features: | | | | | |

Sworn to and subscribed before me on 03/07/2025

X _Dainon Ward_
DAINON WARD
License#: 2079049-DCA

Nelly Molina Roman
Notary Public, State of New York
No. 01MO6130888
Qualified in New York County
Commission Expires 07/25/2025

Atty File#:

Attorney: ROSENBERG & PITTINSKY, LLP.

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK

### AFFIDAVIT OF DUE DILIGENCE



*59476*

Index no : 18-71748-(AST)

| | |
|---|---|
| Plaintiff(s): | HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL |
| Defendant(s): | ABRUZZI INVESTMENTS, LLC, ET ANO |

STATE OF NEW YORK
COUNTY OF NEW YORK          ss.:



DAINON WARD, the undersigned, being duly sworn, deposes and says that I was at the time of attempting service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 03/06/2025 at 12:06 PM, I discontinued attempting service of the SUBPOENA (DUCES TECUM AND AD TESTIFICANDUM) TO TAKE DSPOSITION OF JUDGMENT WITNESS WITH RESTRAINING NOTICE on LISA BASICH for the reason(s) indicated below:

| Date/Time | Address | Remarks |
|---|---|---|
| 03/06/2025-12:06 PM | 225 ELLIS ST STATEN ISLAND, NY 10307 | SPOKE WITH A PERSON WHO REFUSED TO GIVE THEIR NAME AND REFUSED ACCESS INTO THE BUSINESS, AND STATED THAT LISA BASICH WAS NOT IN. |

Sworn to and subscribed before me on 03/07/2025

X _____
DAINON WARD
License#: 2079049-DCA

Nelly Molina Roman
Notary Public, State of New York
No. 01MO6130883
Qualified in New York County
Commission Expires 07/25/2025

Atty File#:

# EXHIBIT M

Jeffrey P. Nolan

| | |
|---|---|
| **Subject:** | FW: Howard M. Ehrenberg In His Capacity As Liquidating v. Abruzzi Investments, LLC and John Petrozza, Adv. Case No.: 18-71748 (AST) |
| **Attachments:** | Basich Subpoena Response 10.29.25 (Signed).pdf |

**From:** Christopher Travis <ctravis@travislawnyc.com>
**Sent:** Tuesday, October 28, 2025 10:42 PM
**To:** Laurence Pittinsky <larry@rpllplaw.com>
**Cc:** Jack Manzo <jmanzo@travislawnyc.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>; Joseph Swanson <joseph@rpllplaw.com>; Joseph DeBlase <jdeblase@travislawnyc.com>; Alexander Balfour <abalfour@travislawnyc.com>
**Subject:** RE: Howard M. Ehrenberg In His Capacity As Liquidating v. Abruzzi Investments, LLC and John Petrozza, Adv. Case No.: 18-71748 (AST)

Larry,

We will be sending over Ms. Basich's subpoena response tomorrow. Unfortunately, Abruzzi Investments, LLC and John Petrozza have removed all access of my client to documents and information responsive to the subpoena, so you will be receiving a subpoena response but no documents. We respect to Ms. Basich's deposition, she is available on Nov. 4. I would prefer that the deposition be taken remotely as it will cut down on travel time.

Thanks,

Chris

 **Travis Law**
Litigation and Business Attorneys

Christopher Travis | Travis Law PLLC
www.travislawnyc.com I (212) 248-2120
40 Wall Street, Suite 2508, New York, New York 10005

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Laurence Pittinsky <larry@rpllplaw.com>
**Sent:** Wednesday, October 15, 2025 5:40 PM
**To:** Christopher Travis <ctravis@travislawnyc.com>
**Cc:** Jack Manzo <jmanzo@travislawnyc.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>; Joseph Swanson <joseph@rpllplaw.com>
**Subject:** Howard M. Ehrenberg In His Capacity As Liquidating v. Abruzzi Investments, LLC and John Petrozza, Adv. Case No.: 18-71748 (AST)

Chris

Good evening.

For service upon your firm as counsel for Lisa Basich and service upon Lisa Basich, attached is a copy of the Order entered on October 15, 2025 (today) Compelling Lisa Basich to Comply with the Subpoena (Duces Tecum and Ad Testificandum) to Take Deposition of Judgment Witness with Restraining Notice dated February 26, 2025 ("Subpoena").

Ms. Basich is required to produce all documents responsive to the Subpoena on or before October 29, 2025, at my office and to appear for a deposition at my office on or before November 5, 2025.

Please contact me or my associate, Joseph Swanson, Esq., for the scheduling of the date for the in-person deposition.

Thank you.

Sincerely,

Larry Pittinsky
---------------------------------
Laurence D. Pittinsky, Esq.
<larry@rpllplaw.com>
Rosenberg & Pittinsky, LLP
232 Madison Avenue, Suite 906
New York, New York 10016
Tel. (212) 286-6100, Ext. 308
Fax. (212) 286-6818

NOTICE:  This e-mail message and any attachments hereto are for the exclusive use of the intended recipient(s) and may contain confidential, privileged and non-disclosable information.  Any unauthorized review, use, disclosure or distribution of this message and/or any attachment(s) is prohibited.  If you are not the intended recipient, or believe that you received this e-mail in error, please contact our firm by reply e-mail or by telephone at (212) 286-6100, and absent instructions to the contrary, you are directed to destroy any and all copies of this message and the attachment(s), if any.  This transmission does not constitute a designation authorizing service of legal papers by electronic means or facsimile transmission pursuant to New York CPLR §2103(b)(5).  Thank you.

**From:** Christopher Travis <ctravis@travislawnyc.com>
**Sent:** Friday, October 3, 2025 4:08 PM
**To:** Laurence Pittinsky <larry@rpllplaw.com>
**Cc:** Jack Manzo <jmanzo@travislawnyc.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Howard M. Ehrenberg In His Capacity As Liquidating v. Abruzzi Investments, LLC and John Petrozza, Adv. Case No.: 18-71748 (AST)

We accept service. I will get you firm dates. Would rather do dep remote, if possible.

Chris

 **Travis Law**
Litigation and Business Attorneys

Christopher Travis | Travis Law PLLC
www.travislawnyc.com I (212) 248-2120
40 Wall Street, Suite 2508, New York, New York 10005

This e-mail, including all attachments, is for the use of the intended recipients only. It may contain legally privileged or confidential information. If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Laurence Pittinsky <larry@rpllplaw.com>
**Sent:** Friday, October 3, 2025 4:00 PM
**To:** Christopher Travis <ctravis@travislawnyc.com>
**Cc:** Jack Manzo <jmanzo@travislawnyc.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** Howard M. Ehrenberg In His Capacity As Liquidating v. Abruzzi Investments, LLC and John Petrozza, Adv. Case No.: 18-71748 (AST)

Chris

Nice speaking with you today and thanks for your email below which followed our call.