**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

**In re:**

**ORION HEALTHCORP, INC., et al., Debtors.**

**HOWARD M. EHRENBERG,**
as Liquidating Trustee of Orion HealthCorp, Inc., et al.,
Plaintiff,

v.

**ABRUZZI INVESTMENTS LLC and JOHN PETROZZA,**
Defendants.


**LISA BASICH,**
Defendant, pro se,

Adversary Proceeding No. 8-20-08052-AST Chapter 11


**EMERGENCY LETTER MOTION OF NON-PARTY LISA BASICH FOR 30-DAY STAY OF DOCUMENT PRODUCTION DEADLINE (Dkt. 158 ¶ 2 – Due December 5, 2025)**


**Honorable Alan S. Trust,**

Non-party Lisa Basich respectfully requests a stay of the document-production deadline currently due tomorrow, December 5, 2025 (see Order, Dkt. 158 ¶ 2).

1.      I do not possess and have or have proper access to the vast majority of the documents sought in the subpoena.

2.      I am aware of the Defendants filling an Objection and Cross Motion. I believe this will take sometime for the court to evaluate and rule.

3.      Forcing production tomorrow will serve no purpose and will only waste estate resources, cost expensive legal fees and burden a third-party witness.

**Attached is my Declaration (Exhibit A)**

1

I. PRELIMINARY STATEMENT    3

    II. FACTUAL BACKGROUND ........................................................................................4

        A. Ms. Basich's Former Employment and Role ...................................................................4

        B. Full Compliance With Prior Subpoenas and Deposition....................................................5

        C. Loss of Access, Custody, and Control Following Resignation ..............................................6

        D. Personal Circumstances Relevant to Burden..................................................................7

        E. The 2025 Subpoena and Overlapping Subject Matter........................................................7

        F. The Trustee's Motion Mischaracterizes the Record ..........................................................8

    III. APPLICABLE LEGAL STANDARDS ................................................................................9

        A. Rule 45(d)(3)(A): Mandatory Grounds for Quashing a Subpoena ........................................9

        B. Rule 45(d)(1): Attorneys' Duty to Avoid Imposing Undue Burden on Non-Parties ............10

        C. Rule 26(c): Protective Orders to Shield Non-Parties From Oppression or Burden ............10

        D. Rule 45(g): Contempt Requires Willful Noncompliance and the Present Ability to Comply ....................................................................................................................................11

    IV. ARGUMENT ..................................................................................................................12

        POINT I ................................................................................................................................12

**THE SUBPOENA MUST BE QUASHED BECAUSE IT SEEKS DOCUMENTS OUTSIDE MS. BASICH'S POSSESSION, CUSTODY, OR CONTROL** ............................................................12

        POINT II ..............................................................................................................................13

**THE SUBPOENA IMPOSEES AN UNDUE BURDEN ON A NON-PARTY IN VIOLATION OF RULE 45(d)(1)**.................................................................................................................13

        POINT III.............................................................................................................................14

**THE SUBPOENA IS IMPROPER BECAUSE IT SEEKS CORPORATE RECORDS FROM A FORMER EMPLOYEE WHO HAS NO RIGHT OF ACCESS** .....................................................14

        POINT IV .............................................................................................................................15

**CONTEMPT IS LEGALLY UNSUSTAINABLE BECAUSE COMPLIANCE IS IMPOSSIBLE AS A MATTER OF FACT AND LAW** ...............................................................................................15

        POINT V ..............................................................................................................................16

**THE SUBPOENA CONTRAVENES THE PRINCIPLES OF PROPORTIONALITY AND JUDICIAL ECONOMY EMBEDDED IN RULES 1, 26, AND 45** .................................................16

    V. RELIEF REQUESTED...................................................................................................17

    VI. CONCLUSION ............................................................................................................18

# I. PRELIMINARY STATEMENT

Ms. Basich appears before the Court solely in her capacity as a non-party witness. She is not a litigant, has no personal or financial interest in this adversary proceeding, and has never been alleged to have engaged in any conduct giving rise to the Trustee's claims. Her limited involvement occurred more than three years ago, during her employment at Abruzzi Investments, LLC, when she responded to subpoenas issued by the Trustee and complied fully by producing all documents then within her possession, custody, or control and by sitting for a deposition. Her cooperation at that time was complete, uncontested, and never the subject of dispute.

The Trustee now seeks to compel her to produce materials that she does not possess and has no legal right or practical ability to obtain. When she resigned from Abruzzi in April 2025, all access to company systems, records, files, and data terminated. She retained no physical or electronic documents and has no authority to request or retrieve corporate information from her former employer. These facts are undisputed and render compliance not merely burdensome for a non-party, but objectively impossible.

The Motion to Compel nonetheless asserts that Ms. Basich's explanations were a "ruse" and that she "refused to comply." That rhetoric is unsupported. The Trustee identifies **no** document she ever withheld and offers **no evidence** contradicting her sworn declaration that she does not possess—nor can she obtain—any responsive materials.

Indeed, the Trustee's evidentiary showing consists solely of (i) 2017 Bank of America signature cards and (ii) isolated excerpts from her March 31, 2021 deposition. Those materials show only that she handled administrative accounting tasks *while employed*, not that she retained corporate records after resigning in 2025 or that she presently has the legal right, authority, or practical ability to obtain them. Rule 45 requires the issuing party to demonstrate actual possession, custody, or control; conjecture and assertions made on "information and belief" are insufficient.

This application is also not a normal discovery motion. It is a judgment-collection mechanism directed at a former bookkeeper based on years-old information, divorced from the Trustee's duties under Rules 1, 26, and 45 to avoid imposing unnecessary and disproportionate burdens on

3

non-parties. The Proposed Order attached to the Notice of Presentment underscores the overreach: it demands written responses, document turnover, preservation obligations, and an in-person deposition in Manhattan on a fixed deadline—machinery appropriate for a judgment debtor, not for a non-party who long ago returned all corporate materials and relinquished all access.

The burden associated with the Trustee's renewed attempt to compel her involvement is substantial and wholly disproportionate to her non-party status. Nevertheless, Ms. Basich tried to regain access to the businesses server asking an employee to grant her access. She was told it would be done. However, when Mr. Petrozza was approached for final decision, the re-opened access was denied.

As set forth in her sworn declaration, Ms. Basich is the primary caregiver for her medically vulnerable daughter and her infant granddaughter, while simultaneously operating a small business that depends on her daily involvement. Requiring her to engage in discovery she is incapable of fulfilling would significantly disrupt essential caregiving responsibilities and impose unwarranted strain on an individual with no stake in the underlying dispute.

Because Ms. Basich has no documents in her possession, custody, or control, and no legal right or practical ability to obtain any from her former employer, compliance with the subpoena is impossible. Courts uniformly hold that impossibility is a complete defense to contempt and bars coercive relief. The relief sought through this motion—quashing the subpoena, entering a protective order, and confirming that no contempt may issue—is necessary to shield a non-party who has already satisfied every obligation previously placed upon her and who, as a matter of fact and law, cannot comply with the subpoena now before the Court.

## II. FACTUAL BACKGROUND

### A. Ms. Basich's Former Employment and Role

For many years, Ms. Basich was employed by Abruzzi Investments, LLC ("Abruzzi") in an administrative and bookkeeping capacity. As reflected in the 2017 Bank of America signature card relied upon by the Trustee, she was at that time an authorized signatory and attorney-in-fact on certain Abruzzi and Petrozza accounts in her role as bookkeeper, not as an owner or decision-maker. Her responsibilities were clerical and accounting in nature, not managerialAs Mr. Petrozza relocated and the business transitioned, her role was gradually reduced from full-time to part-time over the course of several years. That winding-down process culminated in her formal resignation from all positions with Abruzzi and related entities in April 2025. From that point forward, she performed no services for Abruzzi, held no title or ongoing responsibilities, and had no involvement in the management or recordkeeping of any Petrozza- or Abruzzi-related entities.

The true events of what lead to resignation:

- Ms. Basich lives in Staten Island
- Petrozza moved from Staten Island to Florida in March 2018
- He transitioned operations to Florida over five years
- Lisa's role became nearly non-existent, leading to part-time with significant reductions in work hours
- Early 2024 Lisa discussed leaving; sighting Petrozza didn't really need her any longer and the increasing demands of her family and new business
- This became a reoccurring conversation
- September 2024 all file cabinets and paperwork were moved to Florida
- Lisa resigned April 2025
- Laptop, phone, and access were terminated April 2025

### B. Full Compliance with Prior Subpoenas and Deposition

While she remained employed at Abruzzi, and specifically in 2021, the Trustee served subpoenas upon Ms. Basich in connection with this adversary proceeding. Those subpoenas sought

Abruzzi- and Petrozza-related financial and corporate records, including bank statements, accounting records, and related documentation. The March 31, 2021 deposition transcript now attached as Exhibit H to the Nolan Declaration was taken pursuant to those subpoenas.

At that time, in her capacity as bookkeeper, Ms. Basich had access to the relevant company systems and files. She collected and produced all documents then within her possession, custody, or control in response to the Trustee's subpoenas and appeared for a deposition conducted by the Trustee's counsel. **Her production and testimony were timely, comprehensive, and never the subject of any motion practice or judicial criticism**. After the 2021 deposition, the Trustee directed no further discovery requests to her during the remainder of her employment, and he has retained the documents and testimony obtained through that process.

## C. Loss of Access, Custody, and Control Following Resignation

By the time she formally resigned in April 2025, Ms. Basich's work for Abruzzi had already been substantially reduced for several years. In connection with her departure, she returned all company materials and surrendered any remaining work equipment, credentials, and access to Abruzzi's electronic systems, servers, and document repositories. She did not retain copies—physical, electronic, or otherwise—of Abruzzi or Petrozza records. She does not maintain login credentials or any other means of accessing corporate systems.

Because she is no longer employed by Abruzzi and has no continuing role or relationship with the company, she has no legal entitlement or practical ability to obtain corporate materials on demand. During this same period, she was contending with significant personal and health-related challenges, and supporting a daughter with serious medical issues necessitating assisting with the care of her infant granddaughter, all while attempting to manage her own small business, which itself entered Chapter 11. These circumstances underscore that she was not in a position to act as an ongoing custodian of records for her former employer and that any suggestion she retained corporate files after resigning is unfounded.

## D. Personal Circumstances Relevant to Burden

Independent of her lack of access to corporate records, Ms. Basich's current personal circumstances render renewed discovery demands especially onerous. She is the primary caregiver for her medically fragile daughter, whose condition requires frequent medical appointments and her personal presence, and she provides day-to-day care for her infant granddaughter. In addition, she operates a small business whose viability depends on her continuous, hands-on involvement.

She is not a party to this case, has no stake in its outcome, and derives no benefit from the Trustee's judgment-enforcement efforts. Forcing her to divert scarce time and attention from caregiving and business duties to respond to a subpoena she cannot satisfy would foreseeably and materially disrupt both her family obligations and her ability to sustain her livelihood.

---

## E. The 2025 Subpoena and Overlapping Subject Matter

In early 2025, the Trustee served the subpoena that is the subject of this motion, again seeking Abruzzi- and Petrozza-related financial and corporate records. The subpoena's opening language demands production of documents dating from "January 1, 2016 to the date of the deposition" and encompasses sweeping categories of "books, papers, records of financial affairs, bank accounts, loans, real property, vehicles, lawsuits, and other assets," among others. These are classic judgment-collection categories that, to the extent they exist, are in the possession of the corporate entities, their banks, or their professional advisors.

The subject matter of the 2025 subpoena substantially overlaps with the universe of documents already covered by the 2021 subpoenas and deposition—namely, the records of Abruzzi, its bank accounts, and its dealings with Mr. Petrozza and related entities. Nothing in the 2025 subpoena suggests any new post-2021 document source unique to Ms. Basich. To the extent such records exist, they are properly sought from Abruzzi, Mr. Petrozza, and their financial institutions, not from a former bookkeeper who long ago returned all materials and relinquished access.

Recognizing the subpoena, and through counsel, Ms. Basich agreed to a March 18, 2025 stipulation extending her time to respond and adjourning her deposition. By the time the extended production deadline approached, she possessed no additional documents beyond those produced years earlier and that any such records were held by Abruzzi, Mr. Petrozza, or third-party institutions.

### F. The Trustee's Motion Mischaracterizes the Record

The Trustee's motion to compel and supporting declarations attempt to portray Ms. Basich as having "ignored" her obligations and as using her resignation as a "ruse" to avoid compliance. That characterization is inaccurate and incomplete.

After receiving the 2025 subpoena, Ms. Basich, through counsel, expressly advised the Trustee's office that she no longer had possession, custody, or control of any responsive documents and lacked any access to Abruzzi's systems or files. Consistent with paragraph 8 of her affidavit, she made clear that she could not produce materials beyond what had already been provided in response to the 2021 subpoenas. To the extent the Trustee relies on the stipulation adjourning her compliance date and subsequent correspondence, those documents reflect her willingness to consider whether any documents remained in her possession following her resignation and her conclusion—communicated to the Trustee—that none did.

Once she had communicated that reality, there was nothing further for her to produce or negotiate. Silence thereafter was not defiance; it was the inevitable consequence of having exhausted all reasonable avenues to locate documents she does not have and cannot obtain. Notably, the Trustee's submissions do not identify a single current document in Ms. Basich's possession, nor do they dispute the core facts set forth in her sworn declaration: that she resigned in April 2025, returned all corporate materials, lost all access to Abruzzi's records and systems, and now holds no responsive information. The motion rests instead on dated evidence of her former role and on conjecture about what she "must" still have, rather than on any proof of present possession, custody, or control. This mischaracterization of the record underscores why **the instant motion to quash and for protective relief is necessary**.

# III. APPLICABLE LEGAL STANDARDS

The Federal Rules impose stringent and well-defined limits on subpoenas directed to non-parties. Those limits reflect core principles of proportionality, fairness, and efficient case administration, and they apply with particular force where—as here—a subpoena seeks corporate materials a former employee neither possesses nor has the legal right or practical ability to obtain.

## A. Rule 45(d)(3)(A): Mandatory Grounds for Quashing a Subpoena

Federal Rule of Civil Procedure 45(d)(3)(A), incorporated in bankruptcy practice through Rule 9016, requires courts to quash or modify a subpoena that cannot be satisfied or that imposes an undue burden. The Rule provides, in unmistakably mandatory terms:

"The court must quash or modify a subpoena that… fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

A subpoena demanding production of documents a witness cannot access is unenforceable. Courts in this District have long recognized that "a witness cannot be compelled to produce documents that are not within his possession, custody, or control." *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). They further define "control" to mean a legal right, authority, or practical ability to obtain documents on demand. *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006).

Applied here, those principles lead to only one conclusion: after her April 2025 resignation, Ms. Basich retained no employment relationship with Abruzzi, no proper credentials or system

access, and no authority or practical ability to obtain corporate information. In these circumstances, Rule 45(d)(3)(A) mandates quashing the subpoena.

## B. Rule 45(d)(1): Attorneys' Duty to Avoid Imposing Undue Burden on Non-Parties

Rule 45(d)(1) imposes an affirmative duty on issuing counsel to minimize the burden placed on subpoenaed non-parties:

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."
Fed. R. Civ. P. 45(d)(1).

Federal courts have repeatedly emphasized that **non-parties are entitled to heightened protection from intrusive or unnecessary discovery**. As the First Circuit explained, "concerns about burden and intrusion are magnified where… the target is a nonparty," and the "unwanted burden thrust upon nonparties is a factor entitled to special weight." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). The Second Circuit similarly holds that a person's status as a non-party is a "significant factor" in evaluating undue burden. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).

Non-party status is often dispositive where the incremental value of the requested discovery is marginal compared to the disruption imposed. Where, as here, a non-party former employee lacks access to the documents sought and faces significant caregiving and small-business obligations, Rule 45(d)(1) requires the Court to shield her from further burden.

## C. Rule 26(c): Protective Orders to Shield Non-Parties From Oppression or Burden

Rule 26(c) authorizes protective orders to prevent discovery from imposing undue hardship on any "party or person." Fed. R. Civ. P. 26(c)(1). Courts routinely invoke this rule to protect individuals when the burdens of compliance—whether arising from caregiving responsibilities, health conditions, or small-business obligations—would be disproportionate to the value of the discovery sought. See *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995) (protective order appropriate where discovery would "cause oppression or undue burden").

Protective relief is especially appropriate where continued efforts to compel compliance will not yield responsive documents but will impose significant strain on a non-party with no stake in the litigation. That is precisely the posture here.

## D. Rule 45(g): Contempt Requires Willful Noncompliance and the Present Ability to Comply

Rule 45(g) authorizes contempt sanctions only where a subpoenaed person "fails without adequate excuse to obey." Fed. R. Civ. P. 45(g). The Supreme Court has long held that contempt is unavailable where compliance is impossible:

"Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."
*United States v. Rylander*, 460 U.S. 752, 757 (1983).

Courts have repeatedly reaffirmed that **impossibility is a complete defense**. See *SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) ("A person cannot be held in contempt for failing to do the impossible.").

Within this Circuit, civil contempt also requires clear and convincing evidence of:
(1) a clear and unambiguous order;
(2) noncompliance; and
(3) the contemnor's ability to comply. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

Because Ms. Basich lacks possession, custody, or control of the documents sought and has no legal right or practical ability to obtain them, she cannot satisfy the "ability to comply" element, and contempt is foreclosed as a matter of law.

## IV. ARGUMENT

### POINT I

# THE SUBPOENA MUST BE QUASHED BECAUSE IT SEEKS DOCUMENTS OUTSIDE MS. BASICH'S POSSESSION, CUSTODY, OR CONTROL

Rule 45 does not authorize compulsory production of documents a witness does not possess and cannot obtain. The governing principle is long-settled: a subpoena "cannot compel the production of things which the witness does not have." *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). The Rule requires present "possession, custody, or control," which courts in this District define as a legal right, authority, or practical ability to secure the requested materials. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006); *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000).

Critically, the Trustee's own evidentiary submissions do not show that Ms. Basich currently possesses or controls any responsive documents. The 2017 bank signature cards on which he relies demonstrate only that she was then an authorized signatory and attorney-in-fact on certain accounts in her capacity as a bookkeeper, not that she retained bank records or has access to them in 2025. The excerpts from her March 31, 2021 deposition similarly establish only that,

while employed, she opened accounts and maintained corporate documentation on Abruzzi's behalf. They say nothing about whether she kept copies after her role wound down or whether she has any right today to enter Abruzzi's offices, access its servers, or demand production of records from the company or its banks.

On a motion to compel, the movant bears the burden of showing that the subpoenaed person actually has possession, custody, or control of the materials sought; bare assertions on "information and belief" are insufficient to satisfy that burden. Here, the undisputed record establishes that, upon her resignation in April 2025, Ms. Basich's access to all Abruzzi systems, accounts, and files was terminated. Her sworn declaration—unrebutted by the Trustee—confirms that she retains no physical or electronic documents and has no authority or means to obtain corporate records from her former employer. Because Rule 45 requires actual possession or control, and because a former employee cannot be compelled to retrieve corporate documents to which she has no right of access, the subpoena exceeds the scope of the Rule and must be quashed under Rule 45(d)(3)(A).

---

**POINT II**

# THE SUBPOENA IMPOSEES AN UNDUE BURDEN ON A NON-PARTY IN VIOLATION OF RULE 45(d)(1)

Rule 45(d)(1) imposes an affirmative duty on issuing counsel to avoid imposing undue burden or expense on non-parties. The duty is strictly enforced, as courts recognize that non-parties—who did not choose to participate in litigation—are entitled to "special protection" from intrusive or unnecessary discovery. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). The Second Circuit likewise holds that a person's non-party status is a "significant factor" in the

undue-burden analysis. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).

Ms. Basich is a complete non-party with no stake in the Trustee's judgment-enforcement efforts. She now serves as the primary caregiver for a medically fragile daughter and an infant granddaughter, while operating a small business that depends on her continuous involvement. Courts routinely hold that such caregiving and professional responsibilities materially heighten the burden associated with subpoena compliance and justify protective relief. See *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) (protective orders warranted where compliance would "significantly disrupt[] personal and professional obligations").

The overbreadth of the Trustee's Proposed Order underscores the undue burden. It would require Ms. Basich to prepare written responses, search for and produce non-existent documents, preserve materials she does not have, and appear in person for a deposition in Manhattan—all while juggling round-the-clock caregiving and business obligations. That is precisely the sort of "significant disruption of personal and professional obligations" *Soto* warns against. Because compliance is impossible and the burden of even attempting to comply would be substantial and disproportionate, the subpoena violates Rule 45(d)(1) and should be quashed.

---

**POINT III**

# THE SUBPOENA IS IMPROPER BECAUSE IT SEEKS CORPORATE RECORDS FROM A FORMER EMPLOYEE WHO HAS NO RIGHT OF ACCESS

The Federal Rules distinguish sharply between corporate custodians and individual former employees. Corporate records belong to the entity, not to the employees who once handled them. Courts uniformly reject attempts to obtain corporate documents from former employees who neither possess nor have authority to access those materials. *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. 2000) ("Documents that belong to the corporation must be obtained from the corporation, not individuals who lack authority to produce them.").

The Trustee has already demonstrated his ability to obtain Abruzzi and Petrozza banking information directly from Bank of America via information subpoenas and examinations of institutional custodians. Those are the proper channels. The subpoena at issue instead attempts to circumvent corporate and institutional custodians by demanding corporate records from a former bookkeeper who returned all materials upon resigning and who now holds no position, authority, or access rights. Rule 45 does not sanction such an end-run around the corporate entity. Because Abruzzi, not Ms. Basich, is the lawful custodian of its records, the subpoena is misdirected and unenforceable.

---

POINT IV

# CONTEMPT IS LEGALLY UNSUSTAINABLE BECAUSE COMPLIANCE IS IMPOSSIBLE AS A MATTER OF FACT AND LAW

Rule 45(g) authorizes contempt sanctions only when a subpoenaed person "fails without adequate excuse to obey." Fed. R. Civ. P. 45(g). The Supreme Court has made clear that impossibility of compliance is a complete defense to civil contempt:

"Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."
*United States v. Rylander*, 460 U.S. 752, 757 (1983).

Numerous courts reaffirm that a person "cannot be held in contempt for failing to do the impossible." *SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). Within the Second Circuit, civil contempt further requires clear and convincing evidence of: (1) a clear and unambiguous order; (2) noncompliance; and (3) the contemnor's present ability to comply. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

The record forecloses any finding of ability to comply. Ms. Basich no longer has possession, custody, or control of the requested documents, has no right or means to obtain them, and expressly informed the Trustee of her inability to comply. She previously complied fully when she held such access. Even the Trustee's Proposed Order does not and cannot contain any factual finding of current possession, custody, or control; it simply commands her to respond and produce, underscoring that the Trustee is still fishing for documents he believes might exist somewhere. Under Rule 45(g) and controlling authority, contempt is legally barred.

---

**POINT V**

# THE SUBPOENA CONTRAVENES THE PRINCIPLES OF PROPORTIONALITY AND JUDICIAL ECONOMY EMBEDDED IN RULES 1, 26, AND 45

The Federal Rules require that discovery be "proportional to the needs of the case" and administered to secure the "just, speedy, and inexpensive determination of every action." Fed. R.

Civ. P. 1, 26(b)(1). Courts in this District apply these principles with heightened rigor when discovery is directed at non-parties whose burdens far outweigh the marginal utility of the information sought. See *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 199 (S.D.N.Y. 2013).

Here, the Trustee already possesses the universe of corporate records available through banks, corporate custodians, and prior discovery, including the productions and deposition obtained from Ms. Basich in 2021. Any incremental value in compelling a further deposition or additional production from a former bookkeeper who lacks access is negligible. The burden on Ms. Basich—particularly given her caregiving obligations, small-business responsibilities, and lack of any stake in the case—is substantial. Enforcement of the subpoena would contradict the proportionality mandate, undermine judicial economy, and needlessly escalate litigation against a non-party. Whatever marginal utility the Trustee imagines is far outweighed by the cost of hauling a former bookkeeper with no records back into court when he has ample tools to obtain the same information from the judgment debtors and their banks.

## V. RELIEF REQUESTED

For the reasons set forth above, and pursuant to Federal Rules of Civil Procedure 45(d)(1), 45(d)(3), 45(g), and 26(c), as incorporated through Federal Rule of Bankruptcy Procedure 9016, Ms. Basich respectfully requests that the Court enter an order:

1. **Quashing the subpoena** served upon her on the grounds that it seeks documents wholly outside her possession, custody, or control and imposes an undue burden on a non-party;
2. **Issuing a protective order** precluding any further efforts to compel from her the production of documents relating to the subject matter of the subpoena;
3. **Confirming that she is deemed in full compliance** with her obligations under Rule 45 based on the undisputed showing that she neither possesses nor has any practical ability or legal right to obtain the materials sought;
4. **Directing that no contempt proceedings shall be initiated or maintained** against her in connection with the subpoena or any order related to it; and

5. **Awarding, without insisting, her reasonable fees and expenses** incurred in responding to the Trustee's motion, in recognition of her non-party status and the absence of any factual basis for the subpoena.

**In the alternative**, and only if the Court declines to quash the subpoena in full, Ms. Basich respectfully requests that any order be narrowly tailored to:

a. Confirm that she is not required to produce documents she does not possess; and

b. Limit any further examination to a brief, remote deposition strictly confined to non-duplicative topics not addressed during her 2021 testimony, with all contempt remedies expressly unavailable in light of her inability to comply.

c. if for some reason this cannot be granted, she needs at the very least a 30 day extension in-order to clear her incredibly complex and difficult schedule.

She also requests such other and further relief as the Court deems just and proper.

---

# VI. CONCLUSION

The Trustee has presented no evidence that Ms. Basich currently possesses or controls any responsive documents, despite having obtained her prior productions and deposition as a cooperating employee in 2021. Her sworn showing establishes that she has already fulfilled all obligations the law imposes on a non-party witness and that she now lacks any ability to comply with the subpoena at issue, yet the **Trustee continues their aggressive demands for what is beyond her ability to produce.** In these circumstances—where compliance is impossible and the burdens of continued enforcement would fall disproportionately upon an uninvolved former employee—the only outcome consistent with Rule 45, with the record, and with basic fairness to non-parties is to grant the motion, quash the subpoena, enter appropriate protective relief, and foreclose any threat of contempt.

*I, Lisa Basich, declare under penalty of perjury: I do not have possession, custody, or control of the documents requested in the February 26, 2025 subpoena except for a small number of random papers and files, which I am prepared to produce. The remaining documents either don't exist, were on company servers to which I no longer have access, or were never in my possession.*

*Lisa Basich Digitally*

_____

12/5/25

_____

Date

19