**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>             Debtor. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., et al.,<br><br>             Plaintiff,<br><br>             - against -<br><br>ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA,<br><br>             Defendants. | Adversary Proc. No. 20-08052 (AST)<br><br>Judge: Hon. Alan S. Trust |

**REPLY IN SUPPORT OF MOTION AND ENTRY OF
ORDER FOR TURNOVER OF JUDGMENT DEBTORS'
MEMBERSHIP INTERESTS IN LIMITED LIABILITY COMPANIES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

4898-9642-3038.6 65004.003

**TABLE OF CONTENTS**

**Pages**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. PRELIMINARY STATEMENT .......................................................................................... 1

II. BACKGROUND .................................................................................................................. 2

      A.      The Objection Does Not Dispute Mr. Petrozza's Membership Interests
            In The Three Limited Liability Companies ............................................................. 2

            225 Ellis Street Marina LLC ................................................................................. 2
            Paradigm Venture Group, LLC ............................................................................. 4
            7301 Belle Meade LLC .......................................................................................... 4

      B.      Mr. Petrozza's Ongoing Obstruction Of A Duly Issued Subpoena And
            Subsequent Court Order Is Clear. ........................................................................... 6

      C.      The 200 Page AI Generated Brief Is A Frivolous Pleading And Not
            A Valid Basis To Deny The Motion ........................................................................ 8

III. CONCLUSION .................................................................................................................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

1. In response to the Trustee's Motion For Turnover of Judgment Debtors' Membership Interests, Mr. Petrozza filed a 200 page Objection and Cross-Motion (Docket No. 166; "Objection") which contains artificial intelligence (AI) fabricated legal citations and includes every argument or claim he could muster. The Objection is a frivolous pleading and motion filed to obstruct and delay the Trustee's collection of the valid amended judgment that had been entered against him. The Objection is also part of Mr. Petrozza's obstruction, delays and avoidance of the production of information and documents to the Trustee by Mr. Petrozza's assistant, Lisa Basich, which were required to be produced pursuant to a Subpoena dated February 26, 2025 and this Court's Order dated October 15, 2025 (Docket No. 161).

2. Mr Petrozza made this intent clear on December 5, 2025, when he filed yet another frivolous pleading with the Court and stated:

> "I am aware of the Defendants filing an Objection and Cross Motion. **I believe this will take some time for the court to evaluate and rule.**" Emphasis Added [Adv. Dkt. 167, §2]

3. The Objection does not dispute that membership interests in limited liability companies are personal property under New York law, transferable, and subject to levy and turnover in accordance with C.P.L.R. §5225. New York substantive law provides for such remedy in aid of judgments. The Motion carried its burden to demonstrate the judgment debtor, John Petrozza, has a membership in the three identified limited liability companies. In fact, within the 200 page Objection, Mr. Petrozza never disputes that he is not a member of 225 Ellis Street Marina, LLC, Paradigm Venture Group, LLC ("Paradigm Venture") and/or 7301 Belle Meade LLC. The Objection does not dispute the public records attached to the Motion identify Mr. Petrozza not only as a member, but the managing member of each LLC. Mr. Petrozza is the only

officer, employee, or director of 225 Ellis Street Marina, LLC, and Paradigm Venture and he does not dispute that the LLC's control assets that Mr. Petrozza personally utilizes to maintain his lavish lifestyle.

4.      Instead, the Objection claims that the Trustee must produce operating agreements, corporate registers, or bank records surrounding the limited liability companies, ironically, the same documents Mr. Petrozza has willfully refused to release for the past eight months in response to a duly issued subpoena as well as an Order to Compel Productionand Compliance with the Subpoena issued by the Court. (Dkt. 161)

5.      The Objection should be viewed for what it is- a delay tactic.  The Trustee respectfully requests the Court enter the Order on the Motion <u>without hearing or further delay</u> as the law is not in dispute and no evidence is submitted to rebut the facts.[2]

## II.
## BACKGROUND

A.      **<u>The Objection Does Not Dispute Mr. Petrozza's Membership Interests In The Three Limited Liability Companies</u>**

<u>225 Ellis Street Marina LLC</u>

6.      The Objection does not dispute that 225 Ellis Street Marina LLC, is a limited liability company duly organized and existing under the laws of the State of New York in which judgment debtor John Petrozza holds an ownership interest. [Dkt. 163, Decl. Nolan, ¶12, attached as **Exhibit "D"**].  Mr. Petrozza testified that he serves as its president and that there are no other officers or directors of 225 Ellis Street Marina, LLC other than himself.  [Id, Decl. Nolan, ¶17].  Public records corroborate that the judgment debtor John Petrozza signed as the member of 225 Ellis Street Marina LLC. [Id, **Exhibit "E"**, Decl. Nolan, ¶¶13-15] No evidence of other

---

[2] To the extent Mr. Petrozza believes grounds exist to set aside the judgment pursuant to FRCP Rule 60, he can file his own motion in accordance with the local rules with legitimate cites to the law and evidence.

members was introduced by the Objection.

7. The Objection does not deny that Mr. Petrozza is a member of 225 Ellis Street Marina, LLC. The Opposition submits <u>no evidence,</u> not even one document, as to the existence of any other member, executive or officer. Rather, the Objection contends the Motion must fail because the Trustee does not submit operating agreements, membership ledgers, accounts or evidence of the valuation of 225 Ellis Street Marina, LLC. [Dkt. 166; Objection, §IV(1)(A-F)] The Objection admits membership interests could be transferred or assigned, i.e. membership interests are personal property subject to levy but claims the valuation of 225 Ellis Street Marina LLC, requires the motion be denied. However, uncertain valuation of an LLC militates <u>in favor</u> of granting the Motion and directly transferring such interests to the judgment creditor. Once transferred, the Trustee can determine the value of the LLC under the rubric of the Bankruptcy Court as he would with any other asset. *See 79 Madison LLC v. Ebrahimzadeh*, 203 A.D. 3d 589, 591 (judgment debtor claim that direct turnover was unwarranted as the defendant's membership interest was uncertain and could result in a windfall to plaintiff rejected as the court noted, "he can avoid this result by satisfying the judgment.") Similarly, C.P.L.R. article 52 contains no express limitation on valuation requiring only that the moving party demonstrate money or personal property "in which he [judgment debtor] has an interest". No evidence is submitted to rebut the Motion.

8. Similarly, speculation and conjecture are not evidence. Even a pro se litigant's submissions must consist of admissible evidence, not "unsubstantiated speculation." *Shaikh v. Nat'l Bank of Pak.*, 847 Fed. Appx. 45, 47 (2nd Cir. 2021), citing to *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001). Here, Mr. Petrozza submits no evidence. He <u>does not dispute</u> he is a member of the limited liability companies. He <u>does not dispute</u> the public records. Rather, the Objection dances around categories of documents that he speculates could

demonstrate an interest, or control, in others.

      <u>Paradigm Venture Group, LLC</u>

      9.      The Opposition does not dispute that Paradigm Venture is a limited liability company duly organized and existing under the laws of the State of New York in which judgment debtor John Petrozza holds an ownership interest. [Dkt. 163, Nolan Decl. ¶19, **Exhibit "G"**]. As shown in the Paradigm Venture Biennial Statement, judgment debtor John Petrozza *signed as a member* of Paradigm Venture. [Id, Decl. Nolan, ¶21]. As shown in the Paradigm Venture Certificate of Change, judgment debtor John Petrozza *signed as a member* of Paradigm Venture. [Dkt. 163, Decl. Nolan, ¶¶22-23, **Exhibit "H"**]. Mr. Petrozza testified that he is the president **and that there are no other officers or directors of that entity other than himself**. [Id, **Exhibit "F",** Transcript, attached to Decl. Nolan, ¶24] At deposition, Ms. Basich identified Paradigm Venture as that entity which owns John's Yacht which is located in Ft. Lauderdale, Florida. [Id, **Exhibit "I",** Basich Transcript, p. 63, lns. 2-12, Decl. Nolan, ¶26].

      10.     The Objection <u>does not deny</u> that Petrozza is a member of Paradigm Venture. The Objection <u>does not dispute</u> that public records evidence he is the sole member of Paradigm Venture. Petrozza brings forth no evidence as to the existence of any other member. The Objection does not dispute that Paradigm Venture owns the yacht located in Ft. Lauderdale, Florida 30 minutes from Mr. Petrozza's residence. Rather, the Objection submits 200 pages of argument in the place of evidence.

      <u>7301 Belle Meade LLC</u>

      11.     7301 Belle Meade LLC is a limited liability company duly organized and existing under the laws of the State of Florida in which judgment debtor, John Petrozza, holds an ownership interest. [Dkt. 163, Decl. Nolan, ¶29].

      12.     The Motion attached the 2025 Florida Limited Liability Report for the entity 7301

Belle Meade, LLC, wherein the judgment debtor, John Petrozza, is identified and has signed as the member of 7301 Belle Meade LLC. [Dkt 163, Decl. Nolan, ¶¶30, 31, **Exhibit "J"**]. The principal place of business of 7301 Belle Meade, LLC, is 7301 Belle Meade Island Drive, Miami, Florida 33138. [Id, Decl. Nolan, ¶¶30, 31, **Exhibit "J",** ].

13.  Ms. Basich testified that 7301 Belle Meade Island Drive, Miami, Florida 33138, the address listed within the Belle Meade Annual Report, is one of two properties Mr. Petrozza purchased in Miami, Florida. [Id, **Exhibit "I",** Basich Transcript, attached to Decl. Nolan, ¶32].

14.  Mr. Petrozza represents to the Court, as well as recently to the Circuit Court of Maryland, that he resides at 7301 Belle Meade Island Drive, Miami, Florida 33138. [Dkt. 163, Decl. Nolan, ¶34, **Exhibit "K"**]  Once again, the Objection does not deny that Mr. Petrozza is a member of 7301 Belle Meade, LLC.  Mr. Petrozza does not dispute the accuracy of records he filed with the State of Florida in 2025 evidencing he is a member of 7301 Belle Meade, LLC, and is the "**managing member**".  Mr. Petrozza does not dispute that as with his yacht, he occupies and exclusively utilizes, the residence at 7301 Belle Meade Island Drive.

15.  Under New York law and C.P.L.R. §5201(b), "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested." A membership interest in a limited liability company is "clearly assignable and transferrable," and, therefore, such interest is "property" for purposes of C.P.L.R. article 52 (*Hotel 71 Mezz Lender LLC v Falor*, 14 N.Y.3d 303, 313-314, 926 N.E.2d 1202, 900 N.Y.S.2d 698 [2010]; *see ABKCO Indus. v Apple Films*, 39 N.Y.2d 670, 674, 350 N.E.2d 899, 385 N.Y.S.2d 511 (1976)).

16.  The irony of Mr. Petrozza's arguments is that the documents he claims the Trustee should produce are indisputably in his custody and control and are the documents that Ms. Basich had access to when the subpoena was served.  At this point, even if the company documents are

produced to this Court, given Mr. Petrozza's lack of credibility and his demonstrated willingness to say or do anything to avoid paying the judgment, the validity of the documents would be highly suspect and their veracity questionable.

17. The Motion meets its burden of proving that defendant, John Petrozza, was "in possession or custody of other personal property in which he has an interest" namely the membership interests in the above identified limited liability companies.

B. **Mr. Petrozza's Ongoing Obstruction Of A Duly Issued Subpoena And Subsequent Court Order Is Clear.**

18. Two examples demonstrate Mr. Petrozza's lack of honesty with the Court and penchant for being an obstructionist.

19. The Objection contends that Ms. Basich resigned from her position in April 2025, and that she immediately lost access to her corporate network. As stated, she "no longer had the ability to retrieve, download or view corporate material that later became the subject of discovery inquiries". (Objection, §IX). As claimed, there has been no obstruction. (Id, §IX. G).

20. However, on March 6, 2025, prior to Ms. Basich's supposed resignation, Plaintiff served Ms. Basich with the Subpoena (Duces Tecum and Ad Testificandum) to Take Deposition of Judgment Witness with Restraining Notice. (the "Basich Subpoena"). [Dkt 163, Subpoena, Nolan ¶35, **Exhibit "L"**] The Basich Subpoena noticed the deposition to take place on, and she was to produce documents responsive to the Subpoena by, March 27, 2025. After being served with the Subpoena, Ms. Basich contacted the Trustee's counsel and requested that her deposition be rescheduled including asking for additional time to produce documents responsive to the Subpoena. [Dkt. 156; Decl. of Pittinsky, ¶10] Ms. Basich executed a stipulation and agreed to produce responsive documents by April 18, 2025. [Dkt. 156; Decl. of Pittinsky, ¶11] As such, it is

clear Ms. Basich had the ability to comply with the Basich Subpoena when served[3]. The issue of Mr. Petrozza removing her access came about only **after** receipt of the subpoena.

21. Second, Ms. Basich and Mr. Petrozza, did not oppose the Motion to Enforce the Subpoena. The Court granted the motion and entered an Order on October 15, 2025. [Dkt. 161] The argument now raised by Mr. Petrozza: that Ms. Basich had no access to the responsive documents, was fabricated thereafter. (Dec. Nolan, §4)

22. It was not until October 28, 2025, the day prior to the Court established deadline, that counsel for Ms. Basich, for the first time, advised that Mr. Petrozza restricted Ms. Basich's access to the documents to be produced such that she could not comply. As counsel to Ms. Basich stated,

> "Unfortunately, Abruzzi Investments, LLC and John Petrozza have removed all access of my client to documents and information responsive to the subpoena, so you will be receiving a subpoena response but no documents." [Decl. of Nolan, §6, **Exhibit 3**, Email dated Oct. 28, 2025]

23. Lastly, on November 9, 2025, counsel for Ms. Basich advised "that **Ms. Basich's access to company's records and documents is being restored**". (Emphasis Added) [Decl. Nolan **§7, Exhibit 4,** email dated November 9, 2025]

24. Scrutiny of the timeline demonstrates that Mr. Petrozza is not credible and has obstructed the Trustee on multiple occasions. The facts and history lead to only one conclusion, Mr. Petrozza orchestrated, with Ms. Basich's assistance and participation, the lack of compliance with the Subpoena. Mr. Petrozza willfully obstructed a Court order.

25. Under New York law, direct turnover to the judgment creditor of membership interests is well founded where the defendant has obstructed plaintiff's efforts to pursue the judgment and the value of the membership interests are uncertain. *79 Madison LLC v.*

---

[3] As stated in the Objection, Ms. Basich had full access "to retrieve, download or view corporate materials of the judgment debtors." (Objection, §IX).

*Ebrahimzadeh*, 203 A.D.3d 589 (2022); *245 Park Member LLC v. HNA Group (International)*, 674 F.Supp.3d 28, 41 (2023) (judgment debtor was ordered to turnover its 100% membership interest in LLC in partial satisfaction of judgment pursuant to C.P.L.R. Section 5225(a) where the value of the defendant's membership interest is uncertain and the defendant has obstructed efforts to pursue the judgment.)

26. To this day, Ms. Basich and Mr. Petrozza have not produced a single page, record or email in response to the subpoena or Order to Compel. (Decl. Nolan, ¶7) The obstruction is willful and difficult to fathom.

C. **The 200 Page AI Generated Brief Is A Frivolous Pleading And Not A Valid Basis To Deny The Motion**

27. Over one year after the entry of Judgment, the Objection seeks relief pursuant to Fed. R. Civ. P. ("FRCP") 60(b) from Judgment, in addition to seeking $10 million dollars, appointment of an examiner, and return of seized funds from the Robinson Brog account. In support of the Objection, Mr. Petrozza submits 200 pages of argument. The quoted passages from legal authorities are fabricated.

28. Courts have noted an increase in the frequency of briefs utilizing AI technology. *Jarrus v. Governor of Michigan*, 2025 U.S. Dist. LEXIS 221984 (Dist. Mich. Nov. 2025) (parties will be held responsible for AI generated briefs and the content of their filings under FRCP 11, including the accuracy of all facts and law, regardless of whether they used generative artificial intelligence to assist them. The Court will not accept AI as an excuse for inaccuracies and will hold Plaintiffs (and all counsel) responsible for whatever filings appear with their signatures.) *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 347-348 (Dist. E.D,N.Y. April 24, 2025)(Across the country, courts have issued a panoply of sanctions against attorneys who submitted fake cases. In nearly all cases, courts have imposed monetary sanctions ranging from $1,500 to $15,000. The court need not write on a blank slate and will instead follow the well-

trodden path set by courts across the nation who have dealt with similar unfortunate circumstances over the past few years and this entire matter has been a waste of the Court's resources.). *See Mid-Am. Apt. Cmtys., Inc. v. Philipson*, 2025 U.S. Dist. LEXIS 177985, *7 (W.D. Tenn. Sept 11, 2025)(The increased use by lawyers and non-lawyers of AI to draft legal documents has resulted in a scourge of fictitious case citations deceptively citing to nonexistent case law and fabricated quotations, a waste of opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few)).

29. The Objection fabricates citations for all of its legal propositions. The quoted passages of the cases are 100% inaccurate. (See Decl. Nolan, §8) For example, the Objection cites to *In re Princeton, New York Inv'rs,, Inc*. 219 B.R. 55, 59 (D.N.J. 1998), for the proposition that turnover is not available when a property interest is contingent, unliquidated or dependent on a liability determination. (Objection, 4(II))  However, 11 U.S.C. §542 is not even in the fact pattern of the case cited. Rather, the case discusses federal preemption of New Jersey state fraudulent conveyance law. The quotation does not exist.

30. Similarly, the Objection cites to *In re Leslie Fay Cos*., 168 B.R. 294 (Bankr. S.D.N.Y. 1994) for the proposition that turnover is not a "duplicative recovery mechanism", or where a debtor paid a debt "to the party instructed to pay", the debt is extinguished. Again, the quotation does not exist. The case discusses collective bargaining agreements and their modification post-petition under Section 363(c)(1) of the Code. Again, 11 U.S.C. §542 is not even in the fact pattern. The Objection is patently frivolous.

31. The Objection cites to FRCP 60(b) seeking relief from the final judgment entered on September 24, 2024. [Dkt. 116] However, under the plain language of the statute, such motion must be filed within one year of entry of judgment. "The one-year limitation period for Rule 60(b)(1)-(3) motions is absolute." *Barrett v. Loc. 804 Union (IBT)*, 2023 U.S. Dist. LEXIS

121574 (E.D.N.Y. July 14, 2023).  While FRCP 60(b)(4)-(6), allows for a "reasonable time" to file a motion for relief, it is clear that "Rule 60(b) is not a substitute for an appeal and may not be used to relitigate the merits of a case." *Id.* at *9.  The bottom line, the Cross-Motion has nothing to do with the Trustee's Motion For Turnover.  If Mr. Petrozza believes proper grounds exist for the Cross-Motion, he can refile the Cross-Motion and schedule as a regular noticed motion.

## III.
## CONCLUSION

The Bankruptcy Court has inherent authority to enforce judgments for possession of property through writs and other orders under section 105(a) of the Bankruptcy Code.  The Bankruptcy Court is authorized to issue an order to turnover the Judgment Debtors' membership interests in a limited liability company to the Trustee pursuant in accordance with New York law, C.P.L.R. §§5225(a) and 5240.  Article 52 expressly authorizes a judgment creditor to file a motion against a judgment debtor to compel turnover of assets.  The relief sought is supported by the law and facts and the Trustee respectfully requests the attached judgment be entered forthwith. (Decl. of Nolan, Proposed Order, **Exhibit 5**)

| | |
|---|---|
| Dated: New York, New York<br>December 10, 2025 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Jeffrey P. Nolan*<br>Ilan Scharf, Esq.<br>Jeffrey P. Nolan, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone:    (212) 561-7700<br>Facsimile:    (212) 561-7777<br><br>*Counsel to Howard M. Ehrenberg, Plaintiff* |