**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC.,[1] | Case No. 18-71748 (AST) |
| Debtor. | |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., et al., | |
| Plaintiff, | Adversary Proc. No. 20-08052 (AST) |
| - against - | Judge: Hon. Alan S. Trust |
| ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA, | |
| Defendants. | |

# DEFENDANT JOHN PETROZZA'S RESPONSE TO TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR TURNOVER AND IN FURTHER SUPPORT OF OPPOSITION AND CROSS-MOTIONS

***(Trustee's Reply raises new arguments and seeks to bypass adjudication of Defendant's pending cross-motions, this response is necessary to ensure the Court has a complete and accurate record before ruling )***

**PRELIMINARY STATEMENT** .................................................................................4

**ARGUMENT** ...........................................................................................................5

   **I. THE TRUSTEE HAS NOT MET THE LEGAL REQUIREMENTS FOR TURNOVER**........................................................................................................5

      **A. Turnover Is Unavailable Where Ownership Is Disputed** ......................5

      **B. Turnover Cannot Proceed Where It Would Affect Non-Debtor Property or Interests** ...................................................................................................6

   **II. THE TURNOVER MOTION MUST BE STAYED PENDING ADJUDICATION OF THE CROSS-MOTION FOR RELIEF FROM JUDGMENT** .......................................6

      **A. Newly Discovered Evidence Emerged on December 2 in This Court** .....................6

      **B. The Cross-Motion for Relief from Judgment Is Timely and Proper** ........................7

      **C. Enforcement Cannot Proceed While the Judgment's Validity Is Under Credible Challenge** ...............................................................................8

   **III. THE TRUSTEE CANNOT EVADE A LEGAL RESPONSE TO THE CROSS-MOTIONS BY LABELING THEM FRIVOLOUS OR PROCEDURALLY IMPROPER** ...............................................................................................................8

      **A. The Cross-Motions Are Procedurally Proper and Directly Related to the Turnover Motion** ...................................................................................8

      **B. Alleged Citation Errors Do Not Nullify Substantive Relief** ...................9

      **C. The Trustee's Failure to Respond Has Procedural Consequences**.........................9

   **IV. THE REMAINING CROSS-MOTIONS SUPPORT AND REINFORCE THE OPPOSITION TO TURNOVER** ...........................................................................10

   **V. ALL PARALLEL AND ANCILLARY COLLECTION EFFORTS MUST BE STAYED PENDING ADJUDICATION OF THE CROSS-MOTIONS** ......................10

      **A. A Stay Must Encompass All Enforcement Actions Based on the Challenged Judgment** ...........................................................................10

      **B. Continuing Parallel Collection Would Risk Irreparable Harm and Moot the Court's Review** ...................................................................................11

      **C. A Temporary Stay Preserves the Status Quo and Imposes No Prejudice on the Trustee**....................................................................................11

      **D. The Court Should Exercise Its Authority to Ensure Orderly and Just Proceedings** ...............................................................................12

**CONCLUSION** ....................................................................................12

**ALTERNATIVE RELIEF** ........................................................................................13

**IF THE COURT IS INCLINED TO GRANT LIMITED RELIEF, ANY SUCH RELIEF MUST BE RESTRICTED TO A CHARGING ORDER AND MAY NOT INCLUDE TURNOVER OF MEMBERSHIP OR CONTROL RIGHTS** .................13

**A. Charging Orders Are the Exclusive and Proper Remedy for LLC Interests Under New York Law**.................................................................................................13

**B. Turnover of Membership or Control Rights Would Be Legally Improper and Inequitable** ........................................................................................14

**C. Any Charging Order Must Be Strictly Limited and Expressly Non-Prejudicial** .... 14

**D. A Charging Order Preserves the Status Quo While Avoiding Irreparable Harm**.. 15

**E. The Court Should Expressly Decline Turnover Pending Adjudication of the Cross-Motions**.........................................................................................15

# PRELIMINARY STATEMENT

**Trustee's Reply raises new arguments and seeks to bypass adjudication of Defendant's pending cross-motions, this response is necessary to ensure the Court has a complete and accurate record before ruling**

The Trustee seeks extraordinary post-judgment relief through a turnover order while simultaneously refusing to facilitate meaningful judicial review of the validity of the judgment he seeks to enforce. That posture is inconsistent with fundamental principles of due process, bankruptcy procedure, and equitable enforcement.

This Court is not asked to relitigate the merits of the adversary proceeding. It is asked to determine whether a coercive enforcement remedy may proceed where newly discovered evidence, revealed on December 2 in sworn testimony before this very Court, materially undermines the factual predicate upon which the judgment rests.  The answer must be no.

Turnover is not ministerial. It is an extraordinary remedy available only where the judgment creditor establishes a clear, undisputed entitlement to specific property. Where ownership is disputed, where enforcement would affect non-debtor rights, or where the integrity of the judgment itself is credibly challenged based on newly discovered evidence, enforcement must yield to adjudication.

The Trustee's December 10 response does not engage these issues. Instead, it relies on invective, procedural mischaracterization, and collateral attacks on briefing style rather than addressing the substantive relief sought. That is not a legal response, and it cannot support the relief the Trustee demands.

***During the December 2 trial before this Court, through direct testimony and cross-examination of Paul Parmar, the evidentiary record established that the Robinson Brog CH/CHT closing escrow account was a Parmar-party account and not a debtor account, a position consistent with the Trustee's presentation at trial. That record directly conflicts with the factual premise underlying the judgment the Trustee now seeks to enforce. No court has adjudicated that Parmar-party funds in that escrow***

*were property of the estate. Accordingly, summary turnover is unavailable, and enforcement must be stayed pending resolution of the cross-motions.*

# ARGUMENT

## I. THE TRUSTEE HAS NOT MET THE LEGAL REQUIREMENTS FOR TURNOVER

### A. Turnover Is Unavailable Where Ownership Is Disputed

Turnover under Bankruptcy Rule 7069 and applicable state law is available only where the judgment creditor demonstrates that the property sought is clearly and undisputedly owned by the judgment debtor.

The Second Circuit has long held that turnover is inappropriate where ownership is contested. In **United States v. One Parcel of Property Located at 15 Black Ledge Drive**, 897 F.2d 97, 102 (2d Cir. 1990), the Court stated plainly that summary turnover procedures are not appropriate where there is a bona fide dispute as to ownership of the property.

Likewise, bankruptcy courts may not use summary proceedings to adjudicate disputed property rights. **In re Flanagan**, 503 F.3d 171, 180 (2d Cir. 2007).

Here, the Trustee has made no showing of undisputed ownership of the interests or funds he seeks. He has offered no valuation, no analysis of governing agreements, and no adjudication establishing that the property at issue belongs to the estate rather than to non-debtor parties.

**That deficiency alone defeats the turnover motion.**

## B. Turnover Cannot Proceed Where It Would Affect Non-Debtor Property or Interests

It is well settled that turnover may not be used to reach property that belongs, in whole or in part, to non-debtors or that has not been adjudicated as property of the estate. *In re Soundview Elite Ltd.*, 503 B.R. 571, 590 (Bankr. S.D.N.Y. 2014).

***The Trustee's motion impermissibly assumes that the limited liability companies at issue are wholly owned by John Petrozza and that he holds one hundred percent of the economic interests in those entities. That assumption is incorrect. Each of the referenced limited liability companies includes non-debtor ownership interests and third-party economic rights that have never been adjudicated or quantified.***

Turnover under these circumstances would do more than enforce a judgment. It would conclusively determine property rights belonging to non-debtor members and stakeholders who are not parties to this proceeding and who have received no notice, no opportunity to be heard, and no due process. Bankruptcy courts do not permit the use of summary turnover to adjudicate third-party property interests by indirection.

Where ownership is disputed and non-debtor interests are implicated, turnover is categorically unavailable. What the Trustee seeks here is not enforcement of an adjudicated entitlement, but a shortcut to adjudication itself, stripped of the procedural safeguards that the law requires. The Bankruptcy Code and settled precedent do not allow that result.

# II. THE TURNOVER MOTION MUST BE STAYED PENDING ADJUDICATION OF THE CROSS-MOTION FOR RELIEF FROM JUDGMENT

## A. Newly Discovered Evidence Emerged on December 2 in This Court

During the December 2 trial before this Court, in the course of direct testimony and cross-examination of Paul Parmar, the evidentiary record established and the Trustee acknowledged

that the Robinson Brog CH/CHT closing escrow account was a Parmar-party account and not a debtor account. That acknowledgment is **irreconcilable with the factual premise on which the Trustee obtained the judgment** he now seeks to enforce. No court has ever adjudicated that Parmar-party funds held in that escrow constituted property of the estate. That fact alone precludes summary turnover and requires that enforcement be paused pending adjudication of the cross-motions.

That admission directly contradicts the factual premise upon which the Trustee obtained the underlying judgment, namely that funds transferred to Abruzzi originated from debtor-controlled accounts and were therefore subject to avoidance and turnover.

No court has adjudicated that Parmar-party funds constituted property of the estate. No court has found that those funds were avoidable transfers. The Trustee's December 2 testimony establishes, for the first time, that the **foundational representation supporting the judgment was false or materially misleading.**

This is newly discovered evidence within the meaning of Rule 60(b) and independently supports relief under Rule 60(b)(6) and Rule 60(d)(3).

## B. The Cross-Motion for Relief from Judgment Is Timely and Proper

The Trustee's reliance on Rule 60(b)(1) through (3) and the one-year limitation is misplaced.

Relief based on fraud on the court is not subject to the one-year limitation. **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238, 244 to 245 (1944).
Rule 60(d)(3) expressly preserves the Court's power to set aside a judgment for fraud on the court.

Likewise, Rule 60(b)(6) permits relief for extraordinary circumstances where enforcement would be manifestly unjust. **Gonzalez v. Crosby**, 545 U.S. 524, 535 (2005).

***<u>The December 2 testimony constitutes precisely the type of extraordinary circumstance that warrants judicial review before enforcement proceeds.</u>***

## C. Enforcement Cannot Proceed While the Judgment's Validity Is Under Credible Challenge

Courts routinely stay enforcement where a pending motion for relief from judgment raises substantial questions going to the integrity of the judgment. **Nken v. Holder**, 556 U.S. 418, 434 (2009).

Proceeding with turnover now would risk irreparable harm, unlawful seizure of non-estate property, and appellate reversal.  The appropriate course is to stay or continue the turnover motion pending resolution of the cross-motion for relief from judgment.

# III. THE TRUSTEE CANNOT EVADE A LEGAL RESPONSE TO THE CROSS-MOTIONS BY LABELING THEM FRIVOLOUS OR PROCEDURALLY IMPROPER

## A. The Cross-Motions Are Procedurally Proper and <u>Directly Related to the Turnover Motion</u>

The Trustee asserts that the cross-motions are frivolous, AI-generated, or procedurally defective. That assertion does not relieve him of the obligation to respond.

The cross-motions seek relief that is directly connected to the Trustee's enforcement efforts, including:

- Relief from judgment under Rules 60(b) and 60(d)(3);
- Appointment of an independent examiner under 11 U.S.C. § 1104(c);
- Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105(a);
- Return of funds seized from the Robinson Brog escrow account;
- Declaratory relief establishing that the escrow account was never estate property.

These requests arise from the same operative facts and directly bear on whether turnover may lawfully proceed. Under Bankruptcy Rule 9014, they are procedurally proper within the same contested matter.

The Trustee cannot sever enforcement from accountability.

## B. Alleged Citation Errors Do Not Nullify Substantive Relief

Even assuming arguendo that certain citations require correction, citation errors do not nullify substantive claims or requested relief. Courts may disregard unsupported authorities or permit amendment. They do not dismiss motions wholesale on that basis.

See **United States v. Sineneng-Smith**, 140 S. Ct. 1575, 1579 (2020), emphasizing that courts resolve cases based on issues properly presented, not briefing imperfections.

Mr. Petrozza stands ready to correct any citation deficiencies promptly, explaining how the errors occurred pro-se; and disprove the allegations of obstruction. Regardless, that does not excuse the Trustee from responding to the merits.

## C. The Trustee's Failure to Respond Has Procedural Consequences

A party may not refuse to answer properly presented motions by attacking form rather than substance. Where a party elects not to respond to the relief sought, the Court may deem the motion unopposed or order a response forthwith.

The Trustee's decision not to respond to the relief requested has procedural consequences. At a minimum, the Court should deem those requests unopposed for purposes of determining whether enforcement may proceed, or direct the Trustee to respond before any coercive relief is entered

The Trustee chose not to seek to strike the cross-motions. He chose not to answer them. He chose instead to label them frivolous. That choice does not satisfy his burden.

# IV. THE REMAINING CROSS-MOTIONS SUPPORT AND REINFORCE THE OPPOSITION TO TURNOVER

The requests for an independent examiner, referrals to oversight authorities, sanctions, restitution, and declaratory relief are not collateral. They arise from the same newly discovered evidence and alleged misconduct that undermines the judgment and the turnover motion.

Appointment of an examiner under 11 U.S.C. § 1104(c) is appropriate where investigation is in the interests of creditors and the integrity of the process.
Sanctions and restitution are appropriate where enforcement rests on misrepresentation.

If the judgment is vacated or enforcement stayed, the turnover motion necessarily fails.

# V. ALL PARALLEL AND ANCILLARY COLLECTION EFFORTS MUST BE STAYED PENDING ADJUDICATION OF THE CROSS-MOTIONS

## A. A Stay Must Encompass All Enforcement Actions Based on the Challenged Judgment

The Trustee's motion for turnover is not occurring in isolation. It is part of a broader pattern of collection and enforcement activity premised on the same underlying judgment. Where the validity and enforceability of that judgment are credibly challenged based on newly discovered evidence and alleged fraud on the Court, fundamental fairness and orderly procedure require that **all parallel collection efforts be stayed**, not merely the turnover motion presently before the Court.

Federal courts possess inherent authority to stay enforcement of judgments where justice so requires. **Landis v. North American Co.**, 299 U.S. 248, 254 to 255 (1936). That authority is particularly appropriate where enforcement may irreversibly affect property rights before the Court has had an opportunity to adjudicate a pending motion for relief from judgment.

Allowing piecemeal enforcement to proceed while the Court considers whether the judgment itself was procured through materially false representations would undermine the Court's authority and risk inconsistent or irreparable outcomes.

## B. Continuing Parallel Collection Would Risk Irreparable Harm and Moot the Court's Review

Absent a comprehensive stay, the Trustee could continue pursuing execution, garnishment, turnover, or other collection remedies in this Court or in other forums, thereby:

- Depriving non-debtor parties of property later determined not to be estate property;
- Rendering the cross-motion for relief from judgment functionally moot;
- **Creating irreversible consequences that cannot be unwound even if the judgment is vacated.**

The Supreme Court has cautioned that enforcement activity should not be permitted to defeat meaningful judicial review. **Nken v. Holder**, 556 U.S. 418, 434 (2009).

A stay limited only to the turnover motion would be inadequate. The Court's equitable power must extend to **all collection efforts arising from the challenged judgment**, including but not limited to any execution, levy, garnishment, restraint, or turnover pursued directly or indirectly by the Trustee.

## C. A Temporary Stay Preserves the Status Quo and Imposes No Prejudice on the Trustee

A stay of parallel enforcement efforts preserves the status quo while the Court adjudicates the cross-motions. It does not extinguish the Trustee's rights. It merely ensures that those rights are not exercised prematurely based on a judgment whose factual underpinnings are now under serious and credible challenge.

Courts routinely grant such stays where the balance of equities favors careful adjudication over haste. **Hilton v. Braunskill**, 481 U.S. 770, 776 (1987).

Here, the equities weigh decisively in favor of a stay. The Trustee faces no cognizable prejudice from waiting for resolution of the cross-motions. Mr. Petrozza and related non-debtor parties, by contrast, face irreparable harm from continued enforcement of a judgment that may not withstand scrutiny.

## D. The Court Should Exercise Its Authority to Ensure Orderly and Just Proceedings

This Court retains broad authority under 11 U.S.C. § 105(a) and its inherent powers to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code and to protect the integrity of its proceedings.

A comprehensive stay of all collection efforts pending adjudication of the cross-motions is necessary to:

- Prevent circumvention of the Court's review;
- Avoid inconsistent rulings;
- Preserve the Court's ability to grant effective relief.

Anything less would invite precisely the type of procedural gamesmanship that equitable principles and bankruptcy jurisprudence are designed to prevent.

# CONCLUSION

The Trustee seeks to execute first and defend later. The law does not permit that result.

Because the Trustee has failed to establish the prerequisites for turnover, because newly discovered evidence revealed on December 2 materially undermines the judgment, because the cross-motions are procedurally proper and unanswered, and because enforcement would risk irreparable harm and reversible error, the Court should:

1. Deny or stay the Trustee's motion for turnover;
2. Consider and adjudicate the cross-motion for relief from judgment;

3. Require the Trustee to respond substantively to the remaining cross-motions;

4. Stay **all parallel, ancillary, or related collection and enforcement efforts** arising from the judgment at issue;

5. Maintain such stay until final adjudication of the pending cross-motions, including the motion for relief from judgment; and

6. Grant such further relief as the Court deems just and proper.

# ALTERNATIVE RELIEF

## IF THE COURT IS INCLINED TO GRANT LIMITED RELIEF, ANY SUCH RELIEF MUST BE RESTRICTED TO A CHARGING ORDER AND MAY NOT INCLUDE TURNOVER OF MEMBERSHIP OR CONTROL RIGHTS

### A. Charging Orders Are the Exclusive and Proper Remedy for LLC Interests Under New York Law

If the Court determines that some interim relief is appropriate pending adjudication of the disputed ownership and Rule 60 issues, New York law strictly limits the available remedy. disputes that turnover of membership or control rights is permissible under the present factual and procedural posture.

Under **New York Limited Liability Company Law § 607(a)**, a judgment creditor's exclusive remedy against a member's interest in a limited liability company is a charging order against the member's **economic interest only**.

A charging order:

- Creates a lien on distributions, if any, actually made to the member;
- Does not transfer membership, governance, or management rights;
- Does not permit seizure of LLC assets;
- Does not authorize control or dissolution.

New York courts consistently hold that a charging order protects both the creditor and the entity by preventing disruption of governance and third-party rights.

See **Hotel 71 Mezz Lender LLC v. Falor**, 14 N.Y.3d 303, 312–13 (2010) (recognizing charging orders as the proper mechanism for reaching LLC interests while protecting entity operations and third-party interests).

## B. Turnover of Membership or Control Rights Would Be Legally Improper and Inequitable

Even where a judgment debtor holds an LLC interest, courts distinguish sharply between:

- **Economic rights**, which may be charged, and
- **Management and control rights**, which may not be transferred absent consent or adjudication.

Turnover of membership interests, management authority, or governance rights would:

- Circumvent LLC Law § 607;
- Prejudice non-debtor members and contractual counterparties;
- Improperly adjudicate disputed ownership issues in a summary proceeding;
- Create irreversible consequences while the validity of the judgment remains under challenge.

Courts routinely reject turnover of LLC membership interests where factual disputes or non-debtor rights exist, even while permitting charging-order relief as a narrow alternative.

## C. Any Charging Order Must Be Strictly Limited and Expressly Non-Prejudicial

If the Court elects to enter a charging order, it must be narrowly tailored and expressly conditioned as follows:

1. The charging order applies **only to distributions, if any, actually made** to Mr. Petrozza in the ordinary course;

2.  The order conveys **no management, voting, governance, or inspection rights**;

3.  The order does not authorize interference with LLC operations or bank accounts;

4.  The order is entered **without prejudice** to:

    o  the pending cross-motion for relief from judgment,

    o  disputes regarding ownership, valuation, or transferability,

    o  third-party rights and contractual restrictions;

5.  The order automatically dissolves if the judgment is vacated or modified.

Such limitations are essential to preserve the Court's ability to grant meaningful relief on the pending Rule 60 motions.

## D. A Charging Order Preserves the Status Quo While Avoiding Irreparable Harm

A charging order, unlike turnover, preserves the status quo:

-  It prevents dissipation without transferring control;
-  It avoids seizure of potentially non-estate property;
-  It does not moot the Court's review of the judgment's integrity.

By contrast, turnover of membership interests would irreversibly alter control and governance and cannot be unwound if the judgment is later vacated.

Equity favors restraint.

## E. The Court Should Expressly Decline Turnover Pending Adjudication of the Cross-Motions

Accordingly, if the Court is inclined to grant any interim relief, the appropriate course is:

-  Denial of the turnover motion without prejudice, and
-  Entry, at most, of a narrowly tailored charging order consistent with LLC Law § 607 and Second Circuit precedent.

**F. Lastly, should the Court, after consideration of the extensive evidence presented and forthcoming, concerning the Trustee's misconduct and the irregularities in the underlying proceeding, nevertheless determine that turnover relief is appropriate, Defendant respectfully proposes the following final alternative.**

In the alternative, and without waiving any of the foregoing arguments or Defendant's pending motions to vacate the judgment for fraud on the court, should the Court nevertheless be inclined to grant the Trustee's Motion for Turnover, Defendant respectfully pledges that he will satisfy the judgment in full — including all principal, awarded fees, and post-judgment interest through the date of payment — within **seven (7) business days** of the Court's indication (whether on the record at the hearing or by written order) that it intends to grant the motion; therefore satisfying the judgment in full, via wire/check to trustee's designated account along with Acknowledgment of Satisfaction of Judgment" (Official Form 451 or local equivalent)

Anything more would exceed the proper scope of post-judgment enforcement under disputed circumstances.

The relief sought is supported by the law and facts and respectfully submitted by

John Petrozza Pro Se