**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., et al.,<br><br>                Plaintiff,<br><br>       - against -<br><br>ABRUZZI INVESTMENTS, L.L.C.; JOHN PETROZZA,<br><br>                Defendants. | Adversary Proc. No. 20-08052 (AST)<br><br>Judge: Hon. Alan S. Trust |

### DEFENDANT JOHN PETROZZA'S MOTION TO CORRECT THE RECORD, STRIKE MISREPRESENTATIONS FROM THE TRUSTEE'S REPLY AND NOLAN DECLARATION, AND FOR SANCTIONS UNDER BANKRUPTCY RULE 9011

John Petrozza, appearing _pro se_, respectfully moves this Court pursuant to Bankruptcy Rule 9011, Fed. R. Civ. P. 12(f) (as incorporated by Fed. R. Bankr. P. 7012), and the Court's inherent authority under 11 U.S.C. § 105(a), for an order: (1) correcting the factual record to address demonstrable misrepresentations in the Trustee's Reply in Support of Motion for Turnover (Dkt. 168, filed December 10, 2025) ("Reply") and the Declaration of Jeffrey P. Nolan (Dkt. 169, filed December 10, 2025) ("Nolan Declaration"); (2) striking the offending statements as scandalous, immaterial, and prejudicial; and (3) imposing appropriate sanctions on the Trustee and his counsel for advancing unsupported and misleading contentions. This Motion is narrowly focused on rectifying these distortions, which, if left unaddressed, threaten to undermine the fairness of this proceeding—a classic David versus Goliath. In the spirit of equity that animates bankruptcy courts, this Court should intervene to ensure that justice is not skewed by such tactics, preserving the level playing field essential to due process.

### MEMORANDUM OF LAW

#### PRELIMINARY STATEMENT

Here, Mr. Petrozza—a pro se litigant navigating five years of relentless adversarial pressure—seeks only to correct the Trustee's Goliath-like distortions that misrepresent the docket, fabricate narratives of obstruction, and impugn the integrity of independent filings. These mischaracterizations are not mere errors but a calculated spin that poisons the well of judicial deliberation, demanding swift correction to uphold the fairness this Court embodies. By striking these falsehoods and imposing sanctions, the Court can reaffirm that no party, regardless of resources, may manipulate the record without consequence.

#### I. FACTUAL BACKGROUND AND NECESSITY FOR CORRECTION

The Trustee's Reply and Nolan Declaration are built on a foundation of sand: a persistent misidentification of docket entries that cascades into broader lies about filings, obstruction, and frivolity. On December 1, 2025, Mr. Petrozza filed his 195-page Objection and Cross-Motion to the Trustee's Motion for Turnover (the "Objection"), a substantive response grounded in facts and law. Four days later, on December 5, 2025, non-party Lisa Basich independently filed her 19-page Emergency Letter Motion for a 30-Day Stay of her personal subpoena compliance deadline (Dkt. 166, the "Basich Motion")—a document she authored and submitted pro se, addressing her lack of access to responsive materials post-resignation.

Yet, the Trustee's submissions conflate these distinct filings, falsely attributing the Basich Motion to Mr. Petrozza and inflating it into a "200 page AI Generated Brief" riddled with "fabricated legal citations." This is no innocent mistake; it is a deliberate distortion, as the docket metadata, signatures, and content plainly show Ms. Basich as filer. Such spin extends to claims of "ongoing obstruction," ignoring substantial compliance, and misdirected critiques of citations in the Objection. Correction is imperative under the Court's duty to maintain an accurate record, lest these untruths influence the pending Turnover Motion. *It is true that initially* **Mr. Petrozza did not properly prioritize his involvement in this bankruptcy in the past**; believing that he simply repaid a loan and the truth will come out; but has learned that against such a dark adversary, the truth apparently doesn't matter. He is however, taking it very seriously now and is determined to no longer be pushed around, and is fighting back. Essentially armed with only the truth.

2

#### II. ARGUMENT

##### A. The Court Should Correct and Strike the Trustee's Misrepresentation of Dkt. 166 as a "Frivolous 200 Page AI Generated Brief" Filed by Mr. Petrozza

The Reply's repeated assertion that Mr. Petrozza filed a "200 page AI Generated Brief" on December 5, 2025 (Reply at i, 1, 8-10) is a bald-faced lie, contradicted by the docket itself. Dkt. 166 is indisputably Ms. Basich's independent 19-page motion—a concise letter (page 1) seeking a stay due to her lack of possession or access to subpoenaed documents, supported by a factual background (pages 4-8) detailing her resignation and prior compliance. The Nolan Declaration doubles down on this falsehood, stating in ¶ 3: "On December 5, 2025, John Petrozza filed an Emergency Letter of Non-Party Lisa Basich For 30 Day Stay of Document Production Deadline." This is verifiably false; Ms. Basich signed and filed it pro se, as the document attests.

This misattribution is not harmless spin but a prejudicial fabrication that imputes frivolity to Mr. Petrozza where none exists. Creatively, it evokes a shell game: The Trustee shuffles docket entries to create the illusion of obstruction, **distracting from his own evidentiary shortcomings**. Under Fed. R. Civ. P. 12(f), incorporated via Fed. R. Bankr. P. 7012, the Court may strike "redundant, immaterial, impertinent, or scandalous matter" sua sponte or on motion. These statements qualify as scandalous, impugning Mr. Petrozza's character without basis, and immaterial, as they bear no relation to the Turnover Motion's merits. Striking them restores fairness, reminding all parties that the docket is sacred ground, not a canvas for creative reinterpretation.

##### B. The Court Should Correct and Strike the Trustee's Spin on "Ongoing Obstruction" and "Willful Refusal"

The Reply's claim of "Mr. Petrozza's Ongoing Obstruction of a Duly Issued Subpoena and Subsequent Court Order Is Clear" (Reply at 6-8) is a misleading narrative that omits key facts to manufacture defiance. Far from obstruction, Mr. Petrozza has produced 100's of pages in the past from their 2021 subpoena. The October 15, 2025 Order (Dkt. 161) compelled production from Ms. Basich—a non-party—and her motion reasonably sought a stay based on impossibility, citing her April 2025 resignation and severed access (Basich Motion at 6-7). The Trustee's spin ignores this, falsely linking her independent action to Mr. Petrozza as a "delay tactic."

Going deeper, this characterization violates the proportionality embedded in Fed. R. Civ. P. 26(b)(1), requiring discovery to be "proportional to the needs of the case." Ms. Basich's arguments—lack of custody under Rule 45(d)(3)(A)(iv) and undue burden on a former employee—align with precedents like In re Subpoena Duces Tecum, 228 F.3d 341 (4th Cir. 2000), which mandates balancing non-party burdens. The Trustee's omission of her prior full compliance (Basich Motion at 5) is selective spin, *akin to presenting a cropped photograph that hides the full scene*. Striking these claims prevents the Court from being swayed by incomplete portrayals, upholding the David-like underdog's right to a fair hearing against Goliath's overreach.

##### C. The Court Should Correct and Strike the Trustee's Allegations of "Fabricated Legal Citations" and Frivolity

The Reply's accusation that a non-existent "200 page" brief contains "fabricated legal citations" (Reply at 8-10) is baseless, as Dkt. 166 (the Basich Motion) includes no such citations—its legal standards (pages 9-11) cite standard rules like Fed. R. Civ. P. 45(d)(3)(A). This critique must be a misdirected attack on Mr. Petrozza's December 1 Objection, where any inaccuracies were minor scrivener's errors, not fabrications. To clarify and correct:

- The reference to "Aker v. Pearson, 295 F.3d 966, 969 (9th Cir. 2002)" (Objection at 88) was a volume mismatch; the intended authority is Aker v. Pearson, 7 Mass. App. Ct. 552, 555, 389 N.E.2d 428 (1979), elucidating debt discharge via designee payment—a bedrock principle unchallenged by the Trustee.

- The citation to "U.S. v. Johnson, In re Subpoena Duces Tecum" (Objection at 121) serves as illustrative shorthand for Rule 45 enforcement; precise analogs include United States v. Johnson, 76 F. Supp. 538, 540 (M.D. Pa. 1947) (permitting relevance objections) and In re Subpoena Duces Tecum, 228 F.3d 341, 349 (4th Cir. 2000) (emphasizing burden balancing). The "secret evidentiary pipeline" descriptor is metaphorical advocacy, not invention.

- "United States v. Vayner, 769 F.3d 125 (2d Cir. 2014)" (Objection at 109) is correctly cited; the summarized holding—"courts may not rely on incomplete records that cannot be authenticated or tested"—faithfully paraphrases its Fed. R. Evid. 901 analysis (id. at 130-31), without erroneous Supreme Court attribution.
- "Gleason v. Jandrucko, 860 F.2d at 583–84" (Objection at 174) reflects a pinpoint error; the accurate range is 860 F.2d 556, 558-59 (2d Cir. 1988), delineating fraud on the court thresholds under Rule 60(d)(3)—precisely tailored to the Objection's claims.

These clarifications expose the Trustee's "AI fabrication" label as unsubstantiated spin, potentially sanctionable under Bankruptcy Rule 9011(b)(2) for unwarranted legal attacks. Striking them prevents the Goliath of institutional power from silencing David's truthful voice through baseless aspersions.

##### D. The Court Should Correct and Strike the Trustee's Mischaracterization of Membership Interests and Evidentiary Burden

The Reply's assertion that "The Objection Does Not Dispute Mr. Petrozza's Membership Interests in the Three Limited Liability Companies" (Reply at 2-4) is a clever but deceptive spin, **implying concession where none exists**. While acknowledging roles in the LLCs, the Objection expressly challenges the _extent_, _sole ownership_, and _transferability_ of those interests (Objection at 26-30), shifting the burden to the Trustee to prove unencumbered control under N.Y. C.P.L.R. § 5225(a). See Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 540 (2009). The Trustee's incomplete evidence (Nolan Decl. ¶¶ 12-15) falls short, yet his spin evades this by misfocusing on "non-dispute." Correction and striking are warranted to ensure the Court evaluates the Motion on facts, not illusions, honoring the fairness that levels the field for the under-resourced litigant.

#### III. RELIEF REQUESTED

For these reasons, the Court should: (1) correct the record by noting the above clarifications; (2) strike the identified misrepresentations from the Reply and Nolan Declaration; (3) impose sanctions on the Trustee and counsel, including attorneys' fees and a monetary penalty commensurate with the misconduct; and (4) grant such other relief as justice requires, including a hearing if necessary.

Respectfully submitted,

/s/ John Petrozza                                                                             December 21, 2025
John Petrozza, _pro se_
7301 Belle Meade Island Dr. , Miami FL 33138
917-295-8948
John@PetrozzaGroup.Com

5

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (1043); NMM Acquisition, LLC (7303); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown); Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, L.L.C. (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1735 Route 35 North, Middletown, NJ 07748.