**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG IN HIS CAPACITY<br>AS LIQUIDATING TRUSTEE OF ORION<br>HEALTHCORP, INC., et al.,<br><br>                Plaintiff,<br><br>      - against -<br><br>ABRUZZI INVESTMENTS, L.L.C.; JOHN<br>PETROZZA,<br><br>                Defendant. | Adversary Proc. No. 20-08052 (AST) |

## MOTION TO STRIKE OBJECTIONS AND CROSS-MOTION AND SUR-REPLIES
### [Dkt. Nos 166, 171, 172, 174, 175 and 176]

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................. 1

I. STATEMENT OF FACTS ....................................................................................................... 2

II. CHRONOLOGY OF PLEADINGS ....................................................................................... 4

III. ARGUMENT ........................................................................................................................ 5

    A. [Dkt. No. 166]:  Objection To Trustee's Motion For Turnover And Cross-Motion For Relief Under Rule 60(b)(1)(3)(4)(6)and 60(d)(3), Appointment of An Examiner, Referral Of Trustee and Frank Lazzara to the Dept. of Justice; Imposition of Sanctions, Return of Seized Funds From the Robnson Brog Account And Declaratory That the Robinson Brog Account Was Not Estate Property ....................................................................................... 5

    B. The 200 Page AI Generated Brief Is A Frivolous Pleading And Properly Stricken ........... 9

    C. [Dkt. No. 171 & 172]  Defendant John Petrozza's Response to Trustee's Reply in Support of Motion for Turnover and in Further Support of Opposition and Cross-Motions; Defendant's Corrected Response ........................................................................................ 11

    D. [Dkt. No. 174 & 175] Supplement To Objection/Cross-Motion & Motion For Sanctions & Supplemental Declaration of John Petrozza ................................................................... 12

    E. [Dkt. No. 176]:  Defendant's Motion To Correct the Record, Strike Misrepresentations from the Trustee's Reply and Nolan Declaration, And For Sanctions Under Bankrutpcy Rule 9011 .............................................................................................................................. 12

IV. CONCLUSION ................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

*Ackermann v. United States*,
340 U.S. 193, 198 (1050)........................................................................................................ 15

*Barrett v. Loc. 804 Union (IBT)*,
2023 U.S. Dist. LEXIS 121574 (E.D.N.Y. July 14, 2023)....................................................... 5

*Benjamin v. Costco Wholesale Corp.*,
779 F. Supp. 3d 341, 347-348 (Dist. E.D,N.Y. April 24, 2025)............................................. 11

*BLOM Bank SAL v. Honickman*,
 605 U.S. 204, 212 (2025).......................................................................................................... 6

*Braica v. Frankowski,*
2025 U.S. Dist. LEXIS 263098, *11 (D. Conn. 2025) .......................................................... 11

*Dietz v. Bouldin*,
579 U.S. 40, 45, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016)......................................... 9

*Gonzalez v. Crosby*,
545 U. S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)............................................... 6

*Guity v. Uniondale Union Free Sch.*,
2017 U.S. Dist. LEXIS 51964, *7 (E.D.N.Y. 2017)..................................................... 13, 14, 15

*Gurpreet Kaur v. Desso,* 2
025 U.S. Dist. LEXIS 129902, ft. nt. 4 (N.D.N.Y. July 9, 2025) ........................................... 11

*In re Bailey*,
380 B. R. 486, 496 (6th Cir. BAP 2008 ...................................................................................... 12

*In re Charter Co.*,
913 F. 2d 1575, 1579(11th Cir. 1990) ...................................................................................... 12

*In re Leslie Fay Cos.*,
168 B.R. 294 (Bankr. S.D.N.Y. 1994)..................................................................................... 12

*In re Princeton, New York Inv'rs,, Inc*.
219 B.R. 55, 59 (D.N.J. 1998) ................................................................................................ 11

*In re Richardson Food*,
667 B.R. 500, 512 (Bankr. S.D.N.Y, 2025)............................................................................... 8

*In re: Ven-Mar Int'l, Inc*.
166  B.R. 191, 193 (Bankr. S.D. Fla. 1994) ........................................................................... 12

*Liu v. Silverman (In re Liu)*,
 2001 Bankr. LEXIS 547, *29 (Bankr. S.D.N.Y. 2001) ........................................................... 5

*Nemaizer v. Baker*,
793 F. 2d 58, 63(2nd Cir. 1986)................................................................................................ 9

*UMB Bank N.A. v. Gauthier*,
2025 U.S. Dist. LEXIS 4879, *3; 2025 WL 71676 (D. Me., Jan. 10, 2025)........................... 10

**Statutes**

11 U.S.C. §542 .............................................................................................................. 10

Dist. Local Civil Rule 6. ............................................................................................... 13

Fed. R. Civ. P. 11(b) ........................................................................................................ 9

Fed R. Civ. P. 60(b) ......................................................................................................... 5

Fed. R. Civ. P. 60(b)(1) ........................................................................................... 1, 5, 13

Fed. R. Civ. P.  60(2) .................................................................................................... 1, 5

Fed. R. Civ. P.  60(3) .................................................................................................... 1, 5

Fed. R. Civ. P. 60(b)(4) ................................................................................................. 1, 5

Fed. R. Civ. P. 60(b)(5) ................................................................................................. 1, 5

Fed. R. Civ. P. 60(b)(6) ............................................................................................. 1, 5, 6

Local Bankrupty Rule 9013-1(a) ...................................................................................... 9

Local Civil Rule 6.1(b) .................................................................................................... 11

**Other Authorities**

Individual Rules of Practice § 4(F) ................................................................................. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>PRELIMINARY STATEMENT</u>

1.      433 days after entry of judgment in favor of the Trustee and his various collection efforts, the Trustee filed his Motion For Entry Of An Order For Turnover Of Judgment Debtors Membership Interest And Limited Liability Companies. [Dkt. No. 162, 163] In response, Defendant filed an untimely Objection which included a Cross-Motion Seeking Relief from the Judgment, Appointment of An Independent Examiner, Referral of the Trustee and Joseph Lazzara to the Department of Justice, Imposition of Sanctions, Reimbursement of Attorney Fees from 2020-2025, Order Directing the Return of Funds Seized from Robinson Brog Acct, and Declaratory Relief ("Objection and Cross-Motion").  Thereafter, Defendant filed six (6) sur-replies under various titles: Sur-Reply, Objection, Corrected Response, Supplement or Motion to Address Factual Record.

2.      As set forth below, the Cross-Motion violates FRCP 60(1)-(6) ,   and is properly stricken as procedurally improper. Relief from a judgment or order does not include a right to re-argue theories and claims previously argued, rejected, or that Defendants had the opportunity to make during the underlying litigation. As noted by the Supreme Court, litigation must end and judgments are entitled to finality and deference. Frivolous arguments proffered to delay enforcement proceedings and 200 page AI generated pleadings filed with fabricated quotations designed to mislead the court on the law, are properly stricken.

3.      Similarly, the six pleadings filed after the Defendant's filing of his 200 page AI generated brief are sur-replies filed without permission of the court. Plaintiff and its creditors should not be required to incur costs to respond to pleadings filled with fictitious legal citations,

lacking evidentiary support simply because Defendant refuses to retain an attorney and feels the urge to file something.

4.      Plaintiff respectfully requests that the Trustee's Motion For Turnover, be set concurrently with the hearing of the present motion, and that such that matters be adjudicated in a single setting.

**I.**

**STATEMENT OF FACTS**

5.      On April 10, 2024, the Court held a Ruling Conference in the adversary in response to the motions for summary judgment filed by the parties. (Decl. Nolan ¶3, Exhibit A, Ruling Transcript).

6.      On July 25, 2024, Plaintiff and Defendant (the "Parties") attended trial, evidence was submitted, testimony given, and the Court took the case under submission. Trial witnesses Craig Jacobsen, Edith Wong, Elaine Sartison, and Frank Lazzara took the stand. (Decl. Nolan ¶3).  Shortly thereafter, the Court held a Ruling Conference and granted judgment in favor of Plaintiff in accordance with both Federal Bankruptcy and New York State law.

7.      On September 24, 2024, the Court entered the Judgment in Favor of Plaintiff as against John Petrozza and Abruzzi Investments LLC [Adv. Dkt. 116]. On April 3, 2025, the Court entered the First Amended Judgment in Favor of Plaintiff as against the Judgment Debtors for a total amount of $552,820.24 ("Judgment") [Adv. Dkt. 146].

8.      On March 6, 2025, Plaintiff served a Subpoena (Duces Tecum and Ad Testificandum) to Take Deposition of Judgment Witness with Restraining Notice upon Lisa Basich,(the "Basich Subpoena"), a witness. (Decl. Nolan ¶4) Ms. Basich is the Debtor's bookkeeper and serves various executive positions and functions for Mr. Petrozza, Abruzzi and their affiliated businesses. *Id*.

9.      Ms. Basich refused to comply with the Basich subpoena and on September 17, 2025, the Trustee filed a Motion For Order Pursuant To Rule 7030 and 7037 Of The Federal Rules of Bankruptcy Procedure To Compel Lisa Basich's Compliance With Subpoena. [Adv. Dkt. 155].

10.     On October 15, 2025, the Court issued an Order Compelling Lisa Basich to Comply with Subpoena, Produce Documents and Attend Deposition. [Adv. Dkt. 161]. In accordance with the Order, documents were to be produced not later than October 29, 2025, and Ms. Basich was to appear for deposition not later than November 5, 2025. *Id*. Ms. Basich did not produce documents before October 29, 2025, and did not appear for deposition by November 5, 2025. (Decl. Nolan, ¶5).

11.     On October 28, 2025, counsel for Ms. Basich issued an email wherein it was stated "Unfortunately, Abruzzi Investments, LLC and John Petrozza have removed all access of my client to documents and information responsive to the subpoena, so you will be receiving a subpoena response but no documents." (Decl. Nolan, ¶6, Exhibit B).

12.     On November 9, 2025, counsel for Ms. Basich, Christopher Travis, indicated Ms. Basich's access to the company's records and documents was being restored. "Ms. Basich will be able to retrieve the documents and information responsive to the Subpoena that were previously unavailable to her". (Decl. Nolan, ¶ 7, Exhibit C).

13.     On December 4, 2025, Defendant John Petrozza issued an email submitted "on behalf of Lisa Basich" seeking to negotiate a 30 day stay of a deadline that expired on October 29, 2025. (Decl. Nolan, ¶8, Exhibit D).

14.     On December 5, 2025, Ms. Basich's attorney advised the Trustee he was no longer representing Ms. Basich. (Decl. Nolan, ¶9, Exhibit E).

## II.

## CHRONOLOGY OF PLEADINGS

14.    On November 11, 2025, the Trustee filed the Plaintiff's Motion For Entry Of Order For Turnover Of Judgment Debtors Membership Interest And Limited Liability Companies ("Motion For Turnover").[Adv. Dkt. 162, 163]. The Opposition was due not later than November 28, 2025.

15.    On December 1, 2025, Defendant filed his Objection and Cross-Motion. [Adv. Dkt. No. 166].

16.    On December 10, 2025, the Trustee filed his Reply in Support of Motion For Entry of Order For Turnover Of Judgment Debtor's Membership Interests in Limited Liability Companies. [Adv. Dkt. No. 168].

17.    On December 10, 2025, Defendant filed John Petrozza's Response to Trustee's Reply in Support of Motion for Turnover and in Further Support of Opposition and Cross-Motions. [Adv. Dkt. No. 171].

18.    On December 13, 2025, Defendant filed his Corrected Response to Trustee's Reply in Support of Motion for Turnover and in Further Support of Opposition and Cross-Motions. [Adv. Dkt. No. 172].

19.    On December 19, 2025, Defendant filed his Supplement to Objection/Cross-Motion & Motion for Sanctions. [Adv. Dkt. No. 174].

20.    On December 19, 2025, Defendant filed his Supplemental Declaration of John Petrozza. [Adv. Dkt. No. 175].

21.    On December 22, 2025, Defendant filed his Defendant John Petrozza's Motion To Correct The Record, Strike Misrepresentations From The Trustee's Reply And Nolan Declaration, And For Sanctions Under Bankruptcy Rule 9011. [Adv. Dkt. No. 176].

4

## III.

## ARGUMENT

A.  **[Dkt. No. 166]:  Objection To Trustee's Motion For Turnover And Cross-Motion For Relief Under Rule 60(b)(1)(3)(4)(6)and 60(d)(3), Appointment of An Examiner, Referral Of Trustee and Frank Lazzara to the Dept. of Justice; Imposition of Sanctions, Return of Seized Funds From the Robinson Brog Account And Declaratory That the Robinson Brog Account Was Not Estate Property**

22.     Judgment was entered in favor of Plaintiff on September 24, 2024. [Dkt. No. 116]

23.     On December 1, 2025, 433 days following the entry of the Judgment, Defendant filed the 200 page "Objection & Cross-Motion", [Adv. Dkt. No. 166], claiming manifest injustice and general wrongdoing occurring between 2020-2025.

24.     Procedurally, the Objection & Cross-Motion, cites to Fed R. Civ. P. 60(b) as the mechanism for relief. However, the plain language of the statute indicates such motion must be filed within one year of entry of judgment. "The one-year limitation period for Rule 60(b)(1)-(3), motions is absolute." *Barrett v. Loc. 804 Union (IBT)*, 2023 U.S. Dist. LEXIS 121574 (E.D.N.Y. July 14, 2023). *Liu v. Silverman (In re Liu)*, 2001 Bankr. LEXIS 547, *29 (Bankr. S.D.N.Y. 2001) (FRCP Subsections (1), (2) and (3) cannot be invoked by the Debtors because more than one year has elapsed since the entry of the challenged order and the one-year period runs from original entry). The Cross Motion is untimely.

25.     Alternatively, while FRCP 60(b)(4)-(6) , allows for a "reasonable time" to file a motion for relief, it is clear that "Rule 60(b) is not a substitute for an appeal and may not be used to relitigate the merits of a case." *Id*. at *9. The U.S. Supreme Court made clear that recent cases "have consistently reaffirmed that Rule 60(b)(6)s "should only be applied in 'extraordinary circumstances.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025) "'This very strict interpretation of Rule 60(b) is essential if the finality of judgments are to be preserved.'" *Id*. citing to *Gonzalez v. Crosby*, 545 U. S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) The

Supreme Court emphasized that in examining Rule 60(b)(6) "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Id* at 212. Rule 60(b)(6) is reserved for situations involving the rare circumstances "movant is completely without fault for his or her predicament". *Id* at 212. Re-arguing one's case is NOT extraordinary circumstances under Rule 60(b)(6). The Cross-Motion is untimely and properly stricken.

26.     Similarly, it is clear that all of the topics raised in the Objection and Cross-Motion are issues Mr. Petrozza, or his various counsel, not only had the opportunity to argue, but did argue, to the Court and each argument was rejected. The Objection and Cross-Motion was filed without regard to or review of the law or the record in the adversary. The Objection and Cross-Motion was filed untimely and solely for the purpose of burdening the Court and the Trustee with excessive generalized arguments untethered to the facts in order to delay the Motion For Turnover. An examination of the record demonstrate such fact.

27.     The Objection & Cross-Motion argues that the Robinson Brog IOLA account, and the Transfer, were not property of the estate. (Objection & Cross-Motion, VIII). The Parties briefed the issue in 2023 and the Court ruled in favor of the Plaintiff:

> "With respect to the question of whether or not the $250,000 was property of the estate, the Court has determined that as a matter of law, the funds transferred were property of the bankruptcy estate - - would have been property of the bankruptcy estate had the bankruptcy estate had the bankruptcy case existed at the time that the transfer occurred. The record is undisputed that the Debtors utilized the IOLTA account at Robinson Brog to hold large amounts of funds and for multiple transactions." "The Debtors had control and custody over the funds while they sat in the Robinson Brog account and had the power to direct their disposition."

(Decl. of Nolan, Exhibit A, April 10, 2024, Notice of Ruling, pg. 17-19)

28.     The Objection & Cross-Motion claim that Frank Lazzarra's Testimony, bank records, and documents introduced were improperly considered. Such arguments were made at

summary judgment by Defendants and rejected by the Court. (Objection & Cross-Motion, IV-VII).

> "The evidentiary objections to the Wong affidavit and Lazzara affidavit for 901 purposes are overruled. There's an adequate basis for the Court to accept those documents as part of the summary judgment record, which means that they can then become part of the trial record."

(Decl. of Nolan, Exhibit A, April 10, 2024, Notice of Ruling, pg. 15-16)

29.     At trial, Mr. Petrozza was specifically asked if he wanted to cross-examine either Mr. Lazzara or Ms. Wong, who were present in the courtroom. He did not do so and waived such examination. (Decl. of Nolan, ¶10)

30.     The Objection & Cross-Motion claim that the Transfer, which is the subject of the dispute, has been paid back to the Debtor and Turnover is foreclosed as a matter of law, equity and fiduciary duty. (Objection & Cross-Motion, IV-VII). Such arguments were made at summary judgment and rejected by the Court.

> "On June 28th of 2017, $250,000 was liquidated from an investment account of Abruzzi and forwarded to Mr. Petrozza's checking account. The next day, Abruzzi wired $250,000 to an entity called Sunshine Star LLC. Sunshine Star was a newly-created entity, not a debtor entity, but was created by or for the benefit of Mr. Parmar and his at that time girlfriend, Elena Sartison." "Defendants admit that the transfer to Sunshine did not benefit any of the Debtors and that the Defendants had provided no services for the debtors."

 (Decl. of Nolan, Exhibit A, April 10, 2024, Notice of Ruling, pg. 12-13)

31.     Nonetheless, the Objection & Cross-Motion claim such funds were paid back despite the record, a patently frivolous argument. (Objection & Cross Motion, III(12)) *In re Richardson Food*, 667 B.R. 500, 512 (Bankr. S.D.N.Y, 2025) (a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.").

32.     The Objection & Cross-Motion claim that the Trustee committed inequitable

conduct and procedurally it was improper for the Trustee to allow trial to commence on July 25,

2024. The argument is baseless.

33.     At the April 10, 2024, Ruling Conference, the Court made clear its intention to

hold the Parties to the scheduled trial date of July 25, 2024. (Dec. of Nolan, Exhibit A, April 10,

2024, Notice of Ruling, pg. 45)

34.     On April 19, 2024, the Adversary Pretrial Scheduling Order was entered setting

deadlines for trial including, submission of pretrial documents, by July 10, 2024, and a final

pretrial conference set for July 17, 2024. [Dkt. No. 85]

35.     On May 30, 2024, the Trustee requested a continuance of the trial based on non-

availability of his expert, Craig Jacobsen, who was engaged in trial in the Southern District of

Florida. [Dkt. No. 86] The Court rejected the Trustee's request, held firm to the scheduled trial

date, and required the expert to appear at trial via zoom.

36.     On July 10, 2024, the date of the deadline for pretrial submissions, Mr. Petrozza

terminated his attorney. [Dkt. No. 96].  He had two weeks to locate and retain new counsel. He

did not retain counsel similar to his choice presently.

37.     It is well settled, a court has inherent authority to manage its docket to resolve

cases efficiently and expediently. *Dietz v. Bouldin*, 579 U.S. 40, 45, 136 S. Ct. 1885, 1892, 195

L. Ed. 2d 161 (2016). While a client can retain or terminate counsel on his choosing, ultimately,

he is responsible for his case. *Nemaizer v. Baker*, 793 F. 2d 58, 63(2nd Cir. 1986) (the client, has

a duty to take such legal steps as are necessary to protect his own interests ). The argument to

fault the Trustee or others for Mr. Petrozza's choice to terminate counsel, to represent himself, or

to ignore the Court's stated intention to hold trial on the designated trial date, was a decision residing only with Mr. Petrozza.

38.     It should also be clear; the Objection and Cross-Motion was filed solely to resist legitimate collection efforts by the Trustee. The contentions were made only after the Trustee's Motion For Turnover was filed on November 11, 2025. [Dkt. No. 162 & 163]  The argument in the pleading is stale and represents "the continued advocacy of a meritless position" in violation of Fed. R. Civ. P. 11(b), refiled simply to increase the cost of litigation. The Trustee, and its creditors, should not be forced to unnecessarily incur the costs and respond to a 200 page AI generated brief that did not bother to research basic law, the docket, or cite factual evidence as required under LBR 9013-1(a).

**B.     The 200 Page AI Generated Brief Is A Frivolous Pleading And Properly Stricken**

39.     Misleading citations and fictitious quotations in submissions to a court is a purposeful attempt to mislead a court on the state of the law and the pleading properly stricken. *UMB Bank N.A. v. Gauthier,* 2025 U.S. Dist. LEXIS 4879, *3; 2025 WL 71676 (D. Me., Jan. 10, 2025) ("Ms. Gauthier has no right to misquote anything she files with the Court and these fabricated quotations on their own are enough to warrant an order to strike her motion in limine."). In Connecticut, the federal courts have 3 categories of errors/hallucinations in the context of AI generated legal research:(1) fabricated cases (whether a nonexistent case name and citation, an existing case name with an invented citation, or a real citation that leads to a wholly unrelated decision); (2) fabricated quotations from actual cases; and (3) misstatements of law (representations of legal rules, standards, or holdings that are inaccurate, incomplete, or unsupported by any real authority, including AI-generated summaries that distort or materially alter what a case actually decided). *Braica v. Frankowski,* 2025 U.S. Dist. LEXIS 263098, *11 (D. Conn. 2025) In New York, courts make no distinction between the submission of fabricated

cases and the submission of fabricated quotations from real cases. In both postures, the party

seeks to persuade the Court using legal authority that does not exist. *Gurpreet Kaur v. Desso,*

2025 U.S. Dist. LEXIS 129902, ft. nt. 4 (N.D.N.Y. July 9, 2025). The Court will not accept AI as

an excuse for inaccuracies and will hold the party (and all counsel) responsible for whatever

filings appear with their signatures.) *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341,

347-348 (Dist. E.D,N.Y. April 24, 2025)

40.    The Objection & Cross-Motion checks off two of the 3 enumerated categories.

The pleading fabricates citations for all of its legal propositions and misstates the law. Based on

Plaintiff's review, the quoted passages of the cases cited do not exist. (See Decl. Nolan, ¶11) For

example, the Objection cites to *In re Princeton, New York Inv'rs,, Inc*. 219 B.R. 55, 59 (D.N.J.

1998), for the proposition that turnover is not available when a property interest is contingent,

unliquidated or dependent on a liability determination. (Objection, 4(II)). However, 11 U.S.C.

§542 is not even in the fact pattern of the case cited. Rather, the case discusses federal

preemption of New Jersey state fraudulent conveyance law. The quotation does not exist.

41.    Similarly, the Objection cites to *In re Leslie Fay Cos*., 168 B.R. 294 (Bankr.

S.D.N.Y. 1994) for the proposition that turnover is not a "duplicative recovery mechanism", or

where a debtor paid a debt "to the party instructed to pay", the debt is extinguished. Again, the

quotation does not exist. The case discusses collective bargaining agreements and their

modification post-petition under of the Code. Again, 11 U.S.C. §542 is not even in the fact

pattern.

42.    The Objection and Cross-Motion references quotes from various cases for legal

propositions. *In re: Ven-Mar Int'l, Inc*. 166  B.R. 191, 193 (Bankr. S.D. Fla. 1994) (the statute

"is not intended as a remedy to determine disputed rights of parties to property"). The cite does

not exist and the case actually deals with a dispute over contract rights. Defendant cites to; *In re Bailey* 380 B. R. 486, 496 (6th Cir. BAP 2008) (nor does not permit a trustee "to liquidate causes of action or to collect on extinguished debts". Neither "liquidate", "extinguished" or "debts" is referenced in the cited  case. Defendant cites to *In re: Charter Co.*, 913 F. 2d 1575, 1579(11th Cir. 1990) ("turnover applies only to property that presently constitutes estate property".) (Objection, II). The quotation does not exist. The case deals with disputed contract claims. (Decl. Nolan, ¶11) Mr. Petrozza never bothered to check the AI generated cites and the pleading is misleading and properly stricken.

C.      **[Dkt. No. 171 & 172]  Defendant John Petrozza's Response to Trustee's Reply in Support of Motion for Turnover and in Further Support of Opposition and Cross-Motions; Defendant's Corrected Response**

43.      Local Rules of the U.S. District Courts For Southern and Eastern Districts of New York do not contemplate the submission of a sur-reply in further opposition to a motion. *Guity v. Uniondale Union Free Sch.*, 2017 U.S. Dist. LEXIS 51964, *7 (E.D.N.Y. 2017) (See Local Civil Rule 6.1(b) (allowing for the submission of a memorandum of law, answering memorandum of law, and a reply memorandum of law); Individual Rules of Practice § 4(F) ("No rebuttal, sur-reply, etc., shall be accepted."). Status as a pro se litigant does not relieve her/him of the obligation to adhere to all applicable procedural rules. *Id*.

44.      Mr. Petrozza claims the Trustee's Reply in Support of the Motion For Turnover "raises new arguments and improperly seeks to bypass adjudication of Defendant's pending Cross-Motion."  The assertion is erroneous and self-serving. Adversary Docket No. 171, and the corrected version filed one day thereafter Adversary Docket No. 172, are nothing more than untimely Sur-Replies made in addition to the 200 page AI brief submitted on December 1, 2025. Both pleadings are properly stricken.

45.    Similarly, the plea or claim that Mr. Petrozza will "satisfy the judgment in full…within seven (7) business days of the hearing" should the Court grant the Turnover Motion is simply evidence of the gamesmanship and length Mr. Petrozza will employ to delay the hearing of the Trustee's Motion For Turnover. [Adv. Dkt. No. 172, ¶F).

**D.    [Dkt. No. 174 & 175] Supplement To Objection/Cross-Motion & Motion For Sanctions & Supplemental Declaration of John Petrozza**

46.    As set forth above, sur-replies filed without permission of the court are properly stricken. *Guity v. Uniondale Union Free Sch.*, 2017 U.S. Dist. LEXIS 51964, *7 (E.D.N.Y. 2017).

47.    The stated basis for filings on December 19, 2025, Docket No. 174 & 175, is to bar the Turnover Motion, explain Ms. Basich's failure to comply with the October 15, 2025, Court Order Compelling Lisa Basich to Comply with Subpoena, Produce Documents and Attend Deposition, and to sanction the Trustee for bad-faith harassment. The pleadings are additional untimely Sur-Replies made in addition to the 200 page AI brief submitted on December 1, 2025. Both pleading are properly stricken.

**E.    [Dkt. No. 176]:  Defendant's Motion To Correct the Record, Strike Misrepresentations from the Trustee's Reply and Nolan Declaration, And For Sanctions Under Bankrutpcy Rule 9011**

48.    The stated intention in the Motion filed on December 22, 2025 by Defendant:  to correct the factual record and the misrepresentations in the Motion For Turnover, strike offending statements as scandalous, impose appropriate sanctions, and explain inaccurate cites within the 200 page AI brief. However, the filing exposes Mr. Petrozza's true intent, to litigate issues he choose to ignore over the past 5 years:

> "Mr. Petrozza did not properly prioritize his involvement in this bankruptcy in the past… He is however, taking it very seriously

now and is determined to no longer be pushed around, and is
fighting back".  [Dkt. No. 172, pg. 2]

49.     Mr. Petrozza's decision to not prioritize the bankruptcy case between 2020-2025,

is not grounds to set aside a judgment or to file a motion for sanctions. *Ackermann v. United*

*States*, 340 U.S. 193, 198 (1050) (petitioner's choice not to appeal was a risk, but calculated and

deliberate, and such as follows a free choice and not grounds for relief under FRCP 60(6)). Mr.

Petrozza's argument is characterized more accurately as a claim to be relived from his inattention

due to "inadvertence, or excusable neglect" which is governed by Fed. R. Civ. P. Rule 60(b)(1),

and must be raised within one-year of judgment. However, either way, the decision to not

prioritize his case even if true, was his own calculated choice.

50.     The pleading is simply yet another sur-reply arguing in support of the Objection

and Cross-Motion, untimely and properly stricken. *Guity v. Uniondale Union Free Sch.*, 2017

U.S. Dist. LEXIS 51964, *7 (E.D.N.Y. 2017) (Dist. Local Civil Rule 6.1 does not contemplate

the submission of a sur-reply in further opposition to a motion). The attempt to explain AI

generated arguments and non-existent cites in the Objection and Cross-Motion as "volume

mismatch" or "minor scrivener's errors" is simply yet another pleading filed to support the

Defendant's Objection to the Motion For Turnover.

**IV.**

**CONCLUSION**

The Objection and Cross-Motion is untimely.  The Objection and Cross-Motion are based

on misleading cites to the law, designed to delay and obstruct a judgment issued after 4 years of

litigation. The rash of pleadings filed by Mr. Petrozza, however styled, are without any legal or

factual basis to the record and properly stricken. Plaintiff respectfully requests the Plaintiff's

Motion For Turnover be set for hearing concurrently with hearing of the present Motion such

that the matters adjudicated at a single hearing.  Plaintiff requests entry of an Order, substantially

in the form, as attached to the Declaration of J. Nolan.

Dated: January 9, 2026                                  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey P. Nolan*

Ilan Scharf, Esq.
Jeffrey P. Nolan, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone:     (212) 561-7700
Facsimile:     (212) 561-7777

*Counsel to Howard M. Ehrenberg, Plaintiff*

1