**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

In re: ORION HEALTHCORP, INC., et al.,

Debtors.

Chapter 7

Case No. 18-71748 (AST)

Adversary Proceeding No. 20-08052 (AST)

# AFFIRMATION OF JOHN PETROZZA'S LIMITED RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION FOR SANCTIONS AND REGARDING ENFORCEMENT SEQUENCING

**1**. I, John Petrozza, am a Defendant in the above-captioned adversary proceeding. I submit this Affirmation pro se, based on my personal knowledge, in opposition to the Trustee's request for sanctions and to assist the Court in determining how enforcement, if any, should proceed without causing irreversible harm while my pending Rule 60 motion is under consideration.

**2**. I submit this Affirmation respectfully and in good faith. I am not seeking to relitigate the case in full, nor to excuse prior outcomes. I submit it to provide context that bears directly on the Court's exercise of discretion at this stage, particularly with respect to enforcement remedies that would transfer control over operating companies.

**BACKGROUND AND CONTEXT**

**3.** For a substantial portion of this case, I was poorly represented by counsel. Due to significant strategic disagreements and a resulting loss of confidence in my defense, that representation had to end. I do not dispute that deadlines were missed during earlier stages of this case. Securing replacement counsel for this complex matter on the short timeline before trial proved to be untenable, particularly considering the financial constraints I was facing at that time, and continue to face.

**4.** Outside of these proceedings, the transaction at issue has always been understood in my professional and personal circles as a straightforward loan that was promptly repaid. Because of that simplicity, and based on assurances I received from those involved, I believed the matter would ultimately be resolved without ugly and disproportionate litigation. That belief proved mistaken.

**5.** This proceeding has a lengthy record. The years of litigation have taken a significant toll. I have expended substantial resources defending this matter, including considerable legal fees and lost business opportunities. The ongoing uncertainty has affected not only my companies but also my personal well-being. The prospect of turning over businesses I helped build adds a level of stress and anxiety that is difficult to overstate. I offer this not to seek sympathy, but to convey that the consequences of continued escalation are real and cumulative.

**6.** I do not raise this context to seek indulgence or to revisit past rulings. I state it only to explain that, until recently, I was not personally managing filings in this matter and was unfortunately relying on counsel and others to protect my interests. **The posture of this matter changed materially when the Trustee sought turnover relief affecting ownership and control of operating companies**. Once turnover of companies and control interests was sought, I understood that the stakes had become existential and irreversible. At that point, I acted immediately and substantively to present my position to the Court and to request judicial supervision and intervention. Since that time, every filing I have made has been directed toward narrowing issues, requesting guidance, and preventing irreversible consequences—not toward delay, harassment, or procedural gamesmanship.

**SANCTIONS AND STRIKE REQUESTS**

**7.** My recent filings were made in good faith in response to escalating enforcement. They were intended to narrow issues and seek guidance, not to harass or burden the Court. Disagreement with my positions does not transform a good-faith filing into sanctionable conduct.

**8.** I am proceeding without counsel against a Trustee represented by a large and costly team of attorneys. I do not raise this to complain or seek leniency, but to explain why I have focused on narrowing issues and deferring to the Court's discretion regarding the scope of the record and the relief considered at this stage.

**9.** To the extent any citation, formatting, or procedural reference was imperfect, that was unintentional. Following the withdrawal of prior counsel, **I had to educate myself regarding procedural rules and learn to use new legal research and drafting tools to prepare filings pro se**. Any such errors were the product of that learning curve, not an effort to mislead the Court or misstate governing authority. As my direct involvement progresses, I am learning and improving.

**10**. I understand the Trustee has asked that certain of my recent filings be disregarded or struck. I do not oppose the Court exercising its discretion to limit the record as it sees fit. I submit this Affirmation so that, even if other filings are not considered, the Court has a clear and focused statement of my position regarding enforcement, irreversibility, and the limited relief I am asking the Court to consider at this stage.

To assist the Court, I am not seeking adjudication at this stage of every issue referenced in my pending Rule 60 filing. Those issues are preserved and will be addressed in due course. At present, I ask only that enforcement be sequenced in a manner that avoids irreversible harm while that motion remains under consideration.

## IRREVERSIBILITY AND ENFORCEMENT

11. I understand that courts often view monetary enforcement as something that can later be adjusted if necessary. I recognize that funds restrained or turned over may, at least in theory, be adjusted later.

12. Transfer of control over operating companies is fundamentally different. Businesses are not static assets. Control affects management decisions, operations, employees, customers, vendor relationships, and reputation. Once control is transferred, decisions affecting operations and relationships are made that cannot be undone, and enterprise value can be lost quickly and permanently.

13. Even if the Court ultimately determines that enforcement should proceed, the sequence and form of that enforcement matters. Monetary enforcement may be capable of later adjustment. Transfer of control over operating businesses is not. Once control is transferred, the Court cannot later restore lost enterprise value, relationships, or operational continuity.

14. In my experience, businesses can be disrupted, carelessly liquidated, or "milked" over time in ways that destroy value permanently. If that occurs, no later ruling can restore what was lost. I also respectfully note that the Trustee "spent" $194,801.21 in attorneys' fees and expenses chasing a $250,000 loan that was repaid, and that was only up to the court date. That level of expenditure relative to the underlying transaction raises serious concerns about cost discipline and the safeguarding of enterprise value if control of operating businesses were transferred.

15. For these reasons, I respectfully ask the Court to avoid transferring control over any operating company while my Rule 60 motion is under consideration, or at minimum to sequence enforcement so that no membership, governance, voting, or operational control is transferred, at least until this issue is satisfied.

## AGENCY AND ROLE

16. I am concerned that, in a complex case involving multiple actors, there is a risk of guilt-by-association. I do not accuse anyone, and I do not ask the Court to rule on the conduct of others in this Affirmation.

17. I respectfully clarify my own role. My involvement was limited, arm's length, documented, and is as I have stated. Funds were advanced. Repayment instructions were requested. Repayment instructions were provided by the debtor's CEO. I repaid the funds accordingly.

18. I did not control escrow structures, did not direct third-party conduct, and did not benefit from any alleged misconduct. My exposure arises solely from being the counterparty who complied with instructions.

19. I respectfully ask that any enforcement remedy be tailored to my actual role and not based on narratives broader than my agency or conduct.

## LIMITED ALTERNATIVE IF ENFORCEMENT PROCEEDS

20. If the Court is inclined to permit enforcement to proceed, I respectfully ask that it avoid control-transfer remedies over operating companies. Nevertheless, Movant has failed to establish the debtor's specific interest in the subject entities and has offered no competent evidence defining the percentage or nature of that interest, or whether non-debtor third parties hold competing interests, and this is a problem. Absent such proof, the Court cannot determine what, if anything, is subject to execution under Rule 7069 and applicable state law without risking impairment of third-party rights.

21. Execution may reach only the debtor's legally cognizable interest, and not the entity itself, absent a properly established and supported basis for veil piercing or alter ego relief. Regardless, without waiving any rights, defenses, or pending motions, I state that if the Court indicates it intends to grant turnover relief affecting control interests, I am prepared to satisfy the judgment within a short, Court-directed period in lieu of transferring control. I offer this solely as a means of avoiding irreversible harm, not as a concession of liability or a waiver of pending relief.

22. If payment is directed, I respectfully ask the Court to require a clear, itemized payoff statement identifying each component of the amount sought, including principal, interest, fees, expenses, and costs, with sufficient detail to permit verification.

23. The asserted payoff amount has increased substantially over time. Even where certain fees or expenses have been awarded, I respectfully believe the Court retains authority to ensure that enforcement reflects only sums actually awarded, properly calculated, and lawfully recoverable. Such oversight would avoid further disputes, ensure accuracy, and promote finality.

## CONCLUSION

24. I respectfully submit that denying sanctions, sequencing enforcement to avoid irreversible harm, and tailoring any relief to preserve value would be consistent with fairness, judicial economy, and the Court's supervisory role. If payment is directed, I respectfully ask the Court ensure the enforced amount is properly calculated or discounted.

**I am not asking the Court to undo the past.**
**I am asking the Court not to destroy the future**

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: 2/11/2026

Miami, Florida

/s/ John Petrozza

John Petrozza / Pro Se